IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT JACKSON

| | |
|---|---|
| JON HALL, ) | |
| ) | No. 1-05-1199 -T An |
| Petitioner-Applicant ) | |
| ) | |
| vs. ) | Death Penalty Case |
| ) | |
| RICKY BELL, Warden, Riverbend ) | |
| Maximum Security Institution ) | |
| ) | |
| Respondent ) | |

FILED BY
JUL 14 2005
Thomas M. Gould, Clerk
U. S. District Court
W. D. OF TN, Jackson

## INITIAL *PRO SE* UNAMENDED PETITION FOR WRIT OF HABEAS CORPUS

Pursuant to all rights available under Article I § 9 and Article III of the United States Constitution; the Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Fourteenth Amendments to the United States Constitution, 28 U.S.C. § 2201, and 28 U.S.C. § 2241 et seq., including 28 U.S.C. §§ 2241 & 2254, Petitioner Jon Hall respectfully files an initial *pro se* unamended petition for writ of habeas corpus including issues as raised in state court proceedings, and requests the appointment of counsel to amend this petition and to prepare a complete petition for writ of habeas corpus including these and all other available claims for relief. This Court should issue a writ of habeas corpus declaring unconstitutional his first-degree murder conviction and resulting death sentence.

I.
PROCEDURAL BACKGROUND

1. Jon Hall was convicted of first-degree felony murder and was sentenced to death in the Circuit Court of Madison County, Tennessee. State v. Hall, No. 96-589 (Madison Co. Indictment No.); 94-342 (Henderson Co. Indictment No.).

2. On direct appeal, the Tennessee Court of Criminal Appeals affirmed his conviction and death sentence. The Tennessee Supreme Court also upheld his conviction and sentence. State

v. Hall, 8 S.W.3d 593 (Tenn. 1999). The United States Supreme Court denied a petition for writ of certiorari. Hall v. Tennessee, 531 U.S. 837, 121 S.Ct. 98 (2000).

3. Jon Hall filed a petition for post-conviction relief on December 7, 2000. The trial court denied post-conviction relief. The Court of Criminal Appeals affirmed the trial court's denial of relief. Hall v. State, 2005 Tenn.Crim.App. LEXIS 3 (Jan. 5, 2005). On June 20, 2005, the Tennessee Supreme Court denied Mr. Hall's application for permission to appeal. Jon Hall has also filed a petition for writ of habeas corpus in the state courts, which remains pending.

4. Contemporaneous with this petition, Jon Hall has filed an application for appointment of counsel to investigate and prepare a complete petition for writ of habeas corpus.

5. Jon Hall also files this initial *pro se* unamended petition for writ of habeas corpus in conjunction with his request for the appointment of counsel, so that counsel can fully investigate and prepare a complete petition for writ of habeas corpus including any and all claims for relief, including but not limited to the following claims presented here.

## II.
## CLAIMS FOR RELIEF[1]

6. In violation of the Sixth, Eighth, and Fourteenth Amendments, there was insufficient evidence to support Petitioner's conviction for first-degree premeditated murder, especially where the defendant was intoxicated and where defendant was driven by passion and did not form the *mens rea*, including premeditation and deliberation, necessary for first-degree murder. Defendant is guilty, at most, of second-degree murder. State v. Hall, 8 S.W.3d at 599-600 (incorporated by reference);

---

[1] The claims contained in this *pro se* petition include those referenced in the state court opinions on direct appeal and from post-conviction proceedings, cited in ¶¶2-3 of this petition. Petitioner respectfully incorporates the entire state court record in support of such claims, including motions, transcripts, briefs, and all arguments presented to the state court, etc.

State v. Hall, 1998 Tenn.Crim.App.Lexis 493, p.*18-33, 43 (incorporated by reference).

7.     In violation of the Sixth, Eighth, and Fourteenth Amendments, the "heinous, atrocious, or cruel" aggravating circumstance was unconstitutionally vague, and there was insufficient evidence to support the jury's finding of the "heinous, atrocious, or cruel" (i)(5) aggravating circumstance. State v. Hall, 8 S.W.3d at 600-601 (incorporated by reference); 1998 Tenn.Crim.App.Lexis 493, p.*39, 39-43 (incorporated by reference); Poole, 945 S.W.2d at 98, hn #9.

8.     In violation of the Sixth, Eighth, and Fourteenth Amendments, the trial court improperly admitted prejudicial photographs of the victim at the sentencing hearing. State v. Hall, 8 S.W.3d at 601-602 (incorporated by reference); 1998 Tenn.Crim.App.Lexis 493, p.*36-39 (incorporated by reference). Collins, 986 S.W.2d 13, 21 (Tenn.Cr.App. 1998).

9.     In violation of the Sixth, Eighth, and Fourteenth Amendments, the trial court erred in instructing the jury that it must agree unanimously to impose a life sentence. State v. Hall, 8 S.W.3d at 602-603 (incorporated by reference).

10.    In violation of the Sixth, Eighth, and Fourteenth Amendments, the trial court erred in excluding the testimony of Sheryl Arbogast at the guilt and sentencing phases of trial. See Transcript Of Evidence Vol. 3, p. 314 vs. Vol. 4 p. 431. State v. Hall, 8 S.W.3d at 603 (incorporated by reference); 1998 Tenn.Crim.App.Lexis 493, p.*33-36 (incorporated by reference). State v. Odom, 928 S.W.2d 18, 27-28 (Tenn. 1996)(plain error in sentencing phase).

11.    In violation of the Sixth, Eighth, and Fourteenth Amendments, the trial court's refusal to remove the flag from the courtroom violated defendant's right to testify. State v. Hall, 8 S.W.3d at 603-604 (incorporated by reference). Huddleston, 848 S.W.2d 52, 53 (Tenn. 1992)(immunity).

12. In violation of the Sixth, Eighth, and Fourteenth Amendments, and Tennessee law, the death sentence is disproportionate to the penalty in similar cases. State v. Hall, 8 S.W.3d at 604-607 (incorporated by reference); 1998 Tenn.Crim.App.Lexis 493, p.*43-45 (incorporated by reference).

13. In violation of the Sixth, Eighth, and Fourteenth Amendments, the trial court erred in permitting the state to use a mannequin to show the extent and nature of the victim's injuries. State v. Hall, 8 S.W.3d at 596 (incorporated by reference). Keen, 31 S.W.3d at 204 (heart dilated, died while submerged in water not strangled).

14. In violation of the Sixth, Eighth, and Fourteenth Amendments, the trial court improperly instructed the jury that intoxication was irrelevant to the jury's determination of the essential elements of the defendant's mental state. State v. Hall, 8 S.W.3d at 596 – inadequate consideration (incorporated by reference). Not subject to harmless error analysis. Momon, 18 S.W.3d 152, 165-166 (Tenn. 1999)(structural error not subject to harmless error).

15. In violation of the Sixth, Eighth, and Fourteenth Amendments, Petitioner was denied the effective assistance of counsel where counsel failed to properly present an intoxication defense and counsel failed to show fraudulent concealment of evidence for an intoxication defense. Hall v. State, 2005 Tenn.Crim.App.Lexis 3, pp. *11-69, 77, 78-80 (incorporated by reference). Campbell v. State, 904 S.W.2d 594, 596-597 (Tenn. 1995)(prejudice on appeal).

16. In violation of the Sixth, Eighth, and Fourteenth Amendments, Petitioner was denied the effective assistance of counsel where counsel failed to establish the victim as the verbal aggressor using fighting words. Hall v. State, 2005 Tenn.Crim.App.Lexis 3, pp. *11-69, 77, 80-83 (incorporated by reference).

17.     In violation of the Sixth, Eighth, and Fourteenth Amendments, Petitioner was denied the effective assistance of counsel where counsel failed to interview indictment witness and preserve the testimony of Jeff Hall and failed to interview crime incident witnesses Herman McKinney and Clinton Smith for the best evidence of insanity. Hall v. State, 2005 Tenn.Crim.App.Lexis 3, pp. *11-69, 77, 83-86 (incorporated by reference). Groseclose v. Bell, 895 F.Supp. 935, 942 (M.D.Tenn. 1995)(crime scene witnesses).

18.     In violation of the Sixth, Eighth, and Fourteenth Amendments, Petitioner was denied the effective assistance of counsel where counsel failed to present evidence of petitioner's habit of disconnecting telephone wires. Hall v. State, 2005 Tenn.Crim.App.Lexis 3, pp. *11-69, 77, 86-88 (incorporated by reference).

19.     In violation of the Sixth, Eighth, and Fourteenth Amendments, Petitioner was denied the effective assistance of counsel where counsel failed to properly present all available evidence of petitioner's mental health, including a complete social history, attention deficit disorder, inability to control emotions, low self-esteem, internal anger, inability to perceive and understand people in accurate ways, low serotonin level (PC Transcript Vol. 3 or 11, 5/15/02 at page 416-Ford), intermittent explosive disorder, alcohol abuse and drug abuse (Wheeler, 513 S.W.2d at 183), major depression, intoxication and inadequate consideration of I.E.D. and depression. Hall v. State, 2005 Tenn.Crim.App.Lexis 3, pp. *11-69, 77, 88-93 (incorporated by reference). Compare Trial Judge Findings @ Trial Tech. Record p. 223; Judge Morgan's findings See 2/20/03 PC Slip op. at p. 31 (no need for expert). Note: Failed to show graph on amount of alcohol/intoxication e.g., Nutrition Concept & Controversies, 9th ed. Frances Sizer and Eleanor Whitney. Book at Page 93 Blood Levels (www.wadsworth.com).

20.    In violation of the Sixth, Eighth, and Fourteenth Amendments, Petitioner was denied the effective assistance of counsel where counsel failed to investigate and provide a complete mitigation history of the defendant. Hall v. State, 2005 Tenn.Crim.App.Lexis 3, pp. *11-69, 77, 92-95 (incorporated by reference). Wheeler, 513 S.W.2d at 183 (alcoholic's irresistible impulse).

21.    In violation of the Sixth, Eighth, and Fourteenth Amendments, Petitioner was denied the effective assistance of counsel where counsel failed to secure the services of a psychiatrist for the trial and sentencing. Hall v. State, 2005 Tenn.Crim.App.Lexis 3, pp. *11-69, 77, 95-98 (incorporated by reference). Trial Tech.Record p. 223 (See Issue 19 *supra*).

22.    In violation of the Sixth, Eighth, and Fourteenth Amendments, Petitioner was denied the effective assistance of counsel where counsel failed to present evidence that petitioner was a good father and undertook many other good acts and failed to call all appropriate witnesses. Hall v. State, 2005 Tenn.Crim.App.Lexis 3, pp. *11-69, 77, 98-105 (incorporated by reference).

23.    In violation of the Sixth, Eighth, and Fourteenth Amendments, Petitioner was denied the effective assistance of counsel where counsel failed to present a theory of defense. Hall v. State, 2005 Tenn.Crim.App.Lexis 3, pp. *11-69, 77, 105-107 (incorporated by reference).

24.    In violation of the Sixth, Eighth, and Fourteenth Amendments, the death sentence cannot be fairly imposed or administered and violated the fundamental right to life guaranteed by the Constitution. 2005 Tenn.Crim.App.Lexis 3, pp. *107-109 (incorporated by reference).

25.    In violation of Article IV§2(1), the First, Fifth, Sixth, Eighth, Tenth and Fourteenth Amendments, Article I §§ 8, 9, 14 & 17 and Article XI §2 of the Tennessee Constitution and Federal law and Tennessee law, Petitioner was tried in Madison County which lacked venue and jurisdiction and assumed jurisdiction via fraud misrepresentation and concealment by trial and post-conviction

counsel, because the offense allegedly occurred in Henderson County, and Petitioner did not knowingly, voluntarily, and intelligently waive his personal right to venue in Henderson County. Habeas Corpus Case in Davidson Co. No. 03C-2887 & Nash. Crim.App. #M2005-00572-CCA-R3-HC. Thus due to fraud, Hall should be held R & R or admitted bail or transferred to a federal institution as "constructive trust" for medical attention, etc. Al-Haddad, 852 S.W.2d 245, 249 (Tenn. 1992).

26. That the retroactively applied parental termination under TCA §36-1-113(g)(7)(2000) was applied like a Bill of Attainder and in spite of the lack of notice that a conviction would become a triggering ground for termination; the Court denied Hall the right to participate in the best interests analysis, in violation of §36-1-113(f)(3) or (f)(4), thus constituting multiple punishments. Further by appellate order, Hall was denied the right to appeal under 41-21-812 (CCA Order 4/24/03)(S.Ct. Order 6/5/03_ in violation of MLB v. SLJ, 117 S.Ct. 555 (1996)(termination appeal = money).

27. That the judicial branch of the State of Tennessee committed official oppression under TCA 39-16-403 and knowingly published a false and malicious 'libelous per se' defamatory statement in excess of their statutory authority as published in State v. Odom, 137 S.W.3d at 613 (Tenn. 2004)(citing Hall, 8 S.W.3d 593 (Tenn. 1999)(convicted of robbery). That the judicial conspiracy to exceed their authority was committed without legal consideration and was a reckless disregard for the truth. Had the Court exercised adequate consideration and reasonable care and cautious checking into the cited Hall, 8 S.W.3d 593 reference, the Court will find that Hall was never tried or convicted of the felony of robbery in the perpetration of murder. The judicial authorities had more than adequate public records and resources to determine the truth of the matter constituting libel per se. The unauthorized punishment was imposed in violation of due process and constitutes

multiple punishments stemming from the void ab initio judgment form rendered by Madison Co. Tennessee (Trial Tech. Record p. 179) Compare Trial Tech. Record, p. 1-5 (Henderson Co. Indictment); Lewis, 958 S.W.2d at 738 (Tenn. 1997)(we address multiple punishments anytime) and Archer, 851 S.W.2d 157, 160 (Tenn. 1993)(no authority to impose punishment beyond that imposed for a particular crime).

28. Failed to give adequate consideration to pro se motion for new trial - motion for post-conviction relief. In short, many violations listed but not presented e.g., fraudulent trial transcripts – post-conviction transcripts and preliminary hearing transcripts. Note: False preliminary hearing and trial transcripts addressed in Davidson Co. Habeas No. 03C-2887. Antoine v. Byers and Anderson Inc., 113 S.Ct. 2167, 2172 (1993)(transcript fraud).

29. Tennessee was not lawfully created by the Supreme Laws of the Land. See 10 Op. Atty.Gen. 426, Dec. 27, 1862. A writ is available to contest convictions imposed under unconstitutional statutes, because an unconstitutional law is void and can, therefore, create no offense. Archer, 851 S.W.2d 157, 160 (Tenn. 1993).

30. That in violation of TCA 40-25-130(5) and 40-25-131(a), the State imposed multiple punishments by imposing costs in a selective manner to gain an unlawful tactical advantage of Defendant's Filing Pro Se Pleading, despite the fact the petitioner was found indigent and costs were taxed to the state. See Trial Tech.Record 177 & 234 (indigency orders). Compare Davidson Co. No. 03C-2887, 12/14/04 Notice of Exemption of Costs, Attached Grievance #97-2-034 (62716) and State v. Farris Morris, 24 S.W.3d 788 (Tenn. 2000)(capital defendant receiving fed funds for not having GED and tried in Madison County – not charged with litigation costs).

31. Poole, 945 S.W.2d 93, 98 (Tenn. 1997); Brown, 836 S.W.2d 530, 541 (Tenn.

1992)(repeated shots or blows do not constitute premeditation in an instant) See Postconviction Exhibit 14: closing argument premeditation in an instant and repeated blows constituting HAC aggravator – even though death was not strangulation rather drowning Keen, 31 S.W.3d 196, 204 (Tenn. 2000)(left side of heart dilated – alive and submerged) See Trial Transcript p. 296; Autopsy Report p. 5 Ex 7 & 8 (Heart dilated). Same evidence to enhance sentence and punishment.

32. TDOC Stay out of my attorney-client legal mail/work-product. Davidson Co. #03C-2887.

### III.
### CONCLUSION

WHEREFORE, this Court should appoint counsel to Jon Hall to investigate and to prepare a complete petition for writ of habeas corpus including all available claims for relief and grant discovery on his claims of constitutional error and an evidentiary hearing at which he can establish his entitlement to relief and any other relief as is just and proper under the circumstances. This Court should grant Jon Hall habeas corpus relief.

Respectfully Submitted,

_____
Jon Hall #238941
Riverbend Maximum Security Institution
7475 Cockrill Bend Industrial Blvd.
Nashville, Tennessee 37209

## CERTIFICATE OF SERVICE

I certify that I have sent a copy of the foregoing via first-class mail to the Office of the Attorney General, 425 5th Avenue North, Nashville, Tennessee 37243.

Date: 7-13-05

*Paul R Britt* (signature)