EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**RECEIVED**

NOV 2 1 2001

Federal Public Defender's Office
Nashville, Tennessee

EDMUND ZAGORSKI,                           )
                                           )
            Petitioner,                    )
                                           )
v.                                         )   Civil No. 3:99-1193
                                           )   Judge Trauger
RICKY BELL, Warden,                        )   Magistrate Judge Brown
                                           )
            Respondent.                    )

**O R D E R**

Pending before the court is petitioner's Motion for Discovery (Docket No. 73),

respondent's Response In Opposition (Docket No. 77), and petitioner's Reply (Docket No. 80).

Petitioner seeks the following evidence:

(1)    **Tennessee Bureau of Investigation (T.B.I.):** All records relating to any
investigation of any illegal activities (including narcotics trafficking) by: Jimmy
Porter; Dale Dotson; Eastside Tavern in Dickson, Tennessee; James Burton
Blackwell; any drug investigations involving interstate drug dealings or
transactions in Hickman County, Tennessee between 1980-1985; any information
concerning James Blackwell's involvement in investigation for any such agency,
including any documentation of any benefit provided to Blackwell, including
monetary payment or other consideration for his work or for providing
information to such agency; deposition to ensure production of all requested
materials.

(2)    **Federal Bureau of Investigation (F.B.I.), Drug Enforcement
Administration (D.E.A.), Bureau Of Alcohol Tobacco & Firearms (A.T.F.):**
Production of any and all records concerning James Burton Blackwell, Sallie
Salmon, Eastside Tavern, Don Peery, Buddy Corbitt (Corbin), Jimmy Porter,
and/or Dale Dotson; any investigation of illegal purchase, transportation, sale, or
distribution of narcotics or other illegal drugs by James Burton Blackwell, Sallie
Salmon, Eastside Tavern, Don Peery, Jimmy Porter, and/or Dale Dotson; and/or
any investigations of intrastate or interstate drug activity involving persons or
organizations in Hickman County, Tennessee during the period 1980-1985; any
information concerning James Blackwell's involvement in investigation for any

1

This document was entered on
the docket in compliance with
Rule 58, and/or Rule 79(a),
FRCP, on 11-21-01 By: ___



such agency, including any documentation of any benefit provided to Blackwell, including monetary payment or other consideration for his work or for providing information to any such agency; deposition to confirm production of all requested materials.

(3)    **Robertson County District Attorney's Office:** Investigative File of Detective Ronnie Perry.

(4)    **Office of the District Attorney General, Dickson County, Tennessee; Dickson County Sheriff; Dickson Police Department; Hickman County Sheriff's Department:** Production of records concerning any investigation of illegal purchase, transportation, sale, or distribution of narcotics or other illegal drugs by James Burton Blackwell, Sallie Salmon, Eastside Tavern, Buddy Corbitt (or Corbin), Jimmy Porter, and/or Dale Dotson.

(5)    **Tennessee Alcoholic Beverage Commission (ABC):** Production of all records relating to investigations of James Burton Blackwell, Sallie Salmon, Eastside Tavern, Jimmy Porter, Dale Dotson; any information concerning James Blackwell's involvement in investigation for any such agency, including any documentation of any benefit provided to Blackwell, including monetary payment or other consideration for his work or for providing information to such agency; deposition to confirm production of all requested materials.

(6)    **Tennessee Board of Paroles:** Production of all records concerning James Burton Blackwell, including tapes of parole hearings and recommendations, and all materials considered by Board members in making a decision about parole not yet provided to counsel for Petitioner; deposition to confirm production of all requested materials.

(7)    **Tennessee Department of Corrections, Federal Bureau Of Prisons and United States Probation Office:** Production of all records relating to the placement and incarceration of James Burton Blackwell in state or federal custody, including pre-sentence investigation report(s); and any records relating to his release from custody through probation or otherwise; deposition to confirm production of all requested materials.

(8)    **Office of the Medical Examiner, Shelby County, Tennessee:** Production of any and all records or documentation and any and all physical or forensic samples from the autopsies of Jimmy Porter and Dale Dotson, including but not limited to photographs, paraffin blocks, histological slides, and x-rays of the decedents; deposition to confirm production of all requested materials

(9)    **Tennessee Bureau of Investigation Laboratory:** Any and all information including all documentation and records (including but not limited to raw notes and final test results) concerning any and all forensic evaluations

2

conducted related to the investigation of the deaths of Jimmy Porter and Dale
Dotson; production of any physical evidence in the custody of the Laboratory;
and/or production of records identifying evidence once within the possession of
the Lab but no longer in its possession; and accompanying deposition to ensure
production of all records and evidence.

(10)    **Robertson County, Tennessee & Robertson County Sheriff's
Department; Hickman County, Tennessee & Hickman County Sheriff's
Department:** Production of all physical evidence recovered in connection with
the investigation of the deaths of Jimmy Porter and Dale Dotson; production of all
financial and other records concerning any dealings with James Burton Blackwell,
including but not limited to receipts, checks, ledgers, deposits or any other
material documenting any transfer of money or anything else of value to James
Burton Blackwell; deposition to confirm production of all requested materials

(11)    **Frank Atkinson, Former Sheriff, Hickman County:** Deposition.

Discovery in federal *habeas corpus* proceedings is governed by Rule 6 of the Rules

Governing § 2254 Cases, which provides in part:

> A party shall be entitled to invoke the processes of discovery available under the
> Federal Rules of Civil Procedure if, and to the extent that, the judge in the
> exercise of his discretion and for good cause shown grants leave to do so, but not
> otherwise.

Rule 6(a), Rules Governing § 2254 Cases. The Supreme Court has held this rule to mean:

> . . . where specific allegations before the court show reason to believe that the
> petitioner may, if the facts are fully developed, be able to demonstrate that he is . .
> . entitled to relief, it is the duty of the court to provide the necessary facilities and
> procedures for an adequate inquiry.

*Bracy v. Gramley*, 520 U.S. 899, 908-9 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300

(1960)).

Petitioner has filed a 44-page Amended Petition (Docket No. 18), the allegations of

which justify the majority of discovery sought. Discovery requests one through eleven directly

relate to plaintiff's claims that the prosecution withheld exculpatory material and that petitioner's

attorneys were ineffective in failing to investigate other suspects and key prosecution witnesses.

3

In support of his requests, plaintiff has alleged specific facts to suggest that additional discovery may reveal new facts which support his claims of constitutional error and that he was diligent in developing the factual predicate of his claims during state court proceedings.

To be entitled to discovery, plaintiff need not show that the newly discovered information will entitle him to relief. *See Payne v. Bell*, 89 F.Supp.2d 967, 970 (W.D.Tenn. 2000). "Rather, he need only show good cause that the evidence sought would lead to relevant evidence supporting his position." *Id.* This he has done.

Good cause having been shown, petitioner's motion for discovery (Docket No. 73) is hereby **GRANTED** in part and **DENIED** in part. Petitioner's request for documentary and physical evidence and his request to depose Frank Atkinson are **GRANTED**. Because the court is not persuaded that depositions to confirm production are warranted, however, petitioner's requests for such depositions are **DENIED** without prejudice to renewal. The court will reconsider petitioner's requests upon good cause shown.

Petitioner is authorized to issue subpoenas to the Tennessee Bureau of Investigation; Tennessee Bureau of Investigation Laboratory; the Tennessee Alcoholic Beverage Commission; the Tennessee Board of Paroles; the Tennessee Department of Corrections; the Federal Bureau of Prisons; the United States Probation Office; the Federal Bureau of Investigation; the Drug Enforcement Administration; the Bureau of Alcohol, Tobacco and Firearms; the Office of the Medical Examiner Shelby County, Tennessee; the Robertson County District Attorney's Office; the Office of the District Attorney General, Dickson County, Tennessee; the Dickson County Sheriff's Department; the Dickson County Police Department; the Hickman County Sheriff's Department; the Robertson County Sheriff's Department; and Frank Atkinson in order to secure the requested materials and information.

4

With regard to physical evidence, the parties are hereby **ORDERED** to confer and agree upon a process by which the petitioner may have access to the evidence requested and to file an Agreed Order setting forth that procedure by December 14, 2001.  Failing agreement, by the same deadline the parties shall submit their own proposed procedure.  No destructive testing shall be performed without prior notice and approval by the court.

It is so **ORDERED.**

ENTER this 20ᵗʰ dat of November, 2001

ALETA A. TRAUGER
U.S. District Judge

5

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BYRON LEWIS BLACK                    )
                                     )
v.                                   )        NO. 3:00-0764
                                     )        JUDGE CAMPBELL
                                     )        DEATH PENALTY CASE
RICKY BELL                           )

ORDER

Pending before the Court is Petitioner's Motion For Discovery (Docket No. 19). Through

the Motion, Petitioner seeks to conduct discovery in the form of physical and forensic evidence,

documents and records, and depositions. Respondent has filed a response to the Motion (Docket

No. 21). As set forth below, Petitioner's Motion is GRANTED in part, and DENIED in part.

Rule 6(a) of the Rules Governing § 2254 Cases in the United States District Courts

provides that a district judge may permit discovery "in the exercise of his discretion and for good

cause shown." The Supreme Court has stated that "good cause" is shown, for purposes of Rule

6(a), "where specific allegations before the court show reason to believe that the petitioner may,

if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy v.

Gramley, 117 S.Ct. 1793 (1997)(quoting Harris v. Nelson, 394 U.S. 286, 89 S.Ct. 1082, 1091, 22

L.Ed.2d 281 (1969)).

The forensic and physical evidence Petitioner seeks in this case relate to his claims of

actual innocence, withholding of exculpatory evidence, and ineffective assistance of counsel.

The Court concludes that Petitioner has shown good cause for discovery of certain evidence.

Accordingly, Petitioner may have access to the following ballistics evidence and other physical

evidence recovered from the crime scene:

(1) Bullet and shell fragments taken from the victims or their residence;

This document was entered on
the docket in compliance with
Rule 58 and / or Rule 79 (a).

FRCP. on 8/14/01 By DRT

(2) Bullet fragments taken from a Mazda vehicle purportedly owned by Bennie Clay;

(3) Bullet fragments reportedly removed from Bennie Clay;

(4) Three samples of .44 caliber bullets introduced at trial as Exhibit 49;

(5) A .22 Caliber Ruger automatic, holster and shells introduced at trial as Exhibit 24;

(6) All fingerprints and palm prints recovered during the investigation of the offense and materials relating to the analysis of such prints;

(7) Any trace evidence recovered at the scene;

(8) Marijuana and marijuana cigarettes recovered from the victims' residence;

(9) Set of four keys on a red plastic key chain recovered from the victims' residence;

(10) Set of five keys on a silver key chain recovered from the victims' residence;

(11) Four shirts recovered by Officers Mike Smith and Ed Moran;

(12) One pair of panties recovered by Officers Mike Smith and Ed Moran;

(13) One bed rail recovered by Officers Mike Smith and Ed Moran;

(14) One pillow case recovered by Officers Mike Smith and Ed Moran;

(15) One pillow recovered by Officers Mike Smith and Ed Moran;

(16) Two bed sheets recovered by Officers Mike Smith and Ed Moran;

(17) One container of bullet fragments recovered by Officers Mike Smith and Ed Moran;

(18) Two brown envelopes of bullet and shell fragments recovered by Officers Mike Smith and Ed Moran;

(19) One pair of boots recovered by Officers Mike Smith and Ed Moran;

(20) Two towels recovered by Officers Mike Smith and Ed Moran;

(21) Hair samples recovered by Officers Mike Smith and Ed Moran;

(22) One carpet sample recovered by Officers Mike Smith and Ed Moran;

(23) One Kool cigarette butt recovered by Officers Mike Smith and Ed Moran; and

(24) All items of evidence of the bodies of the three deceased, such as tissue samples, hair samples, and items of clothing worn on the bodies of the three deceased.

The documents and records Petitioner seeks in this case also relate to his claims of actual innocence, withholding of exculpatory evidence, and ineffective assistance of counsel. The Court concludes that Petitioner has shown good cause for discovery of the following items of evidence requested:

(1) Records and files of the Tennessee Bureau of Investigation and the Tennessee Bureau of Investigation laboratory concerning the investigation of this case;

(2) Manuals and materials from the Tennessee Bureau of Investigation concerning forensic ballistics and firearm evaluation, and fingerprint evaluation;

(3) Records and physical evidence derived from the forensic examination of the victims;

(4) Records from the Metropolitan Davidson County Police Department, the Tennessee Bureau of Investigation and the Federal Bureau of Investigation regarding Bennie Clay;

(5) Insurance records concerning any life insurance policies on the victims and the
expected receipt and receipt of any insurance proceeds by Bennie Clay;
(6) Relevant bank records of Bennie Clay at and around the time of the offense
and at and around the time he received any insurance proceeds from the victims'
deaths; and
(7) Handwritten investigative notes of the Metropolitan Davidson County Police
Department with regard to the investigation of the victims' deaths.

Petitioner has failed to demonstrate good cause with regard to the Tennessee Supreme

Court materials regarding its proportionality review. Petitioner has failed to demonstrate that

these documents relate to a credible allegation of a federal constitutional violation. See, e.g.,

Pulley v. Harris, 465 U.S. 37, 104 S.Ct. 871, 879, 79 L.Ed.2d 29 (1984); McQueen v. Scroggy,

99 F.3d 1302, 1333 (6th Cir. 1996). In addition, Petitioner has cited no authority in which a

federal court has ordered production of internal, non-public documents used in chambers by state

appellate judges in reaching a decision in a case. Petitioner also fails to address how any such

order would conform to important principles of federalism and comity. See, e.g., Perkins v.

LeCureaux, 58 F.3d 214 (6th Cir. 1995).

Finally, Petitioner requests the depositions of Assistant District Attorney Eddie Bernard,

former Assistant District Attorney Cheryl Blackburn, Tennessee Bureau of Investigation Agent

Tommy Heflin, Tennessee Bureau of Investigation Agent Steve Scott, and Bennie Clay.

Petitioner requests the depositions of Bernard, Heflin and Scott to further investigate ballistics

analyses, which relate to his claims of actual innocence, withholding of exculpatory evidence,

and ineffective assistance of counsel. The Court concludes that Petitioner has shown good cause

for the depositions of these individuals. The deposition of Assistant District Attorney Eddie

Bernard shall be limited to the subject of the ballistics issues. The Court is not persuaded,

however, that Petitioner has made a sufficient showing, at this stage of the proceedings, for the

depositions of Blackburn and Clay.

3

The parties shall confer and attempt to agree upon a process for discovery of the materials and information set forth above, and file a proposed agreed order setting forth that agreement on or before August 24, 2001. Any agreement shall be consistent with the October 1, 2001 discovery cutoff. If the parties are unable to agree, each party shall file a proposal for an appropriate discovery procedure on or before August 24, 2001.

No destructive testing shall be performed without prior notice and approval by the Court, and the parties shall establish safeguards for the integrity of the evidence. Petitioner is authorized to issue subpoenas in order to secure the materials and information identified in this Order.

It is so ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

OSCAR SMITH,                              )
                                          )
        Petitioner-Applicant,             )
                                          )
v.                                        )       No. 3:99-0731
                                          )       Judge Trauger
RICKY BELL, Warden, Riverbend             )
Maximum Security Institution,             )
                                          )
        Respondent.                       )

RECEIVED

JUL 1 2 2000

Federal Public Defender's Office
Nashville, Tennessee

### O R D E R

The petitioner has filed two Motions for Discovery (Docket Nos. 24, 26), to which the

respondent has filed an opposition (Docket No. 28).

Motion for Discovery #1 (Docket No. 24) seeks the following items of physical evidence

that were introduced at the state court trial or in post-conviction proceedings, which are presently

in the custody of the Criminal Court for Davidson County, Tennessee:

| | |
|---|---|
| State Trial, Prosecution's Exhibit 8: | Awl |
| State Trial, Prosecution's Exhibit 9: | Glove |
| State Trial, Prosecution's Exhibit 10: | .22 caliber live round |
| State Trial, Prosecution's Exhibit 12: | Blood samples |
| State Trial, Prosecution's Exhibit 13: | Hair samples |
| State Trial, Prosecution's Exhibit 14: | Hair samples |
| State Trial, Prosecution's Exhibit 15: | Sheet |
| State Trial, Prosecution's Exhibit 16: | Palm print |
| State Trial, Prosecution's Exhibit 24: | .22 live round |
| State Trial, Prosecution's Exhibit 39: | Bullet fragments |
| Post-conviction proceedings: | Knife found under residence |

Discovery Motion #2 (Docket No. 26) requests the following discovery:

1.  ***Tennessee Bureau of Investigation:*** (a) Production of all
    investigative records concerning the investigation of the deaths of
    Judy Smith, Chad Burnett, and Jason Burnett, including but not
    limited to case 89-12329; (b) records deposition (or other

This document was entered on
the docket in compliance with
Rule 58 and/or Rule 79(a)
FRCP on 7-10-00 y VCH



equivalent process) from any necessary party to authenticate such records and confirm production of all requested records.

2.  *Tennessee Bureau of Investigation Laboratory*, 3021 Lebanon Pike, Nashville, Tennessee 37214: (a) Production of any physical evidence and records – including log-books, handwritten notes and written reports – identifying any and all materials submitted to the Laboratory in connection with the forensic investigation of Oscar Smith and/or deaths of Judy Smith, Chad Burnett, and Jason Burnett, the nature of any testing conducted on such materials, and the results of any such testing; (b) deposition (or other equivalent process) from any necessary party at the laboratory to authenticate such records and confirm production of all requested records and evidence.

Discovery in federal *habeas corpus* proceedings is governed by Rule 6 of the Rules

Governing § 2254 Cases, which provides in part:

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

Rule 6(a), Rules Governing § 2254 Cases. The Supreme Court has held this rule to mean:

> . . . where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry.

*Bracy v. Gramley*, 520 U.S. 899, 908-9 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300

(1960)).

Petitioner has filed a 33-page Amended Petition (Docket No. 18), the allegations of

which fully justify the discovery sought. Good cause having been shown, both motions for

discovery are hereby **GRANTED**.

With regard to Motion #2, petitioner is authorized to issue subpoenas to the Tennessee Bureau of Investigation and the Tennessee Bureau of Investigation Laboratory in order to secure the requested materials and information.

With regard to Motion #1, given the demonstrated loss of materials in another case when the procedure of transferring the actual evidence to the United States District Court Clerk was followed, the court is hesitant to repeat that process. Therefore, it is hereby **ORDERED** that the parties shall confer and agree upon a process by which the petitioner may have access to the evidence requested and file an Agreed Order setting forth that procedure by July 14, 2000. Failing agreement, by the same deadline the parties shall submit their own proposed procedure.

It is so **ORDERED**.

Enter this 7th day of July 2000.

ALETA A. TRAUGER
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RECEIVED

STEVE HENLEY,                    )
      Petitioner,              )
                         )
.v..                             )
                         )
RICKY BELL, Warden,              )
      Respondent.             )

JUN 16 1999

Federal Public Defender's Office
Nashville, Tennessee

No. 3:98-0672
JUDGE ECHOLS

## ORDER

Presently pending before the Court is Petitioner's Motion for Discovery (Docket Entry No. 17), to which Respondent responds in opposition.  For the reasons explained in the Memorandum entered contemporaneously herewith, the Court hereby GRANTS IN PART and DENIES IN PART Petitioner's Motion.  In particular, the Court GRANTS Petitioner's Motion with respect to the following items: (1) all records, notes, files, etc., relating to tests performed or samples taken by the Tennessee Bureau of Investigation and/or the Office of the State Fire Marshal; (2) the policies and procedures of the Office of the State Fire Marshal, for the relevant time period, concerning how cases like the present one should have been handled; (3) documents and records held by the Office of the Medical Examiner relating to the cause of death of Edna Stafford; and (4) evidence held by the Tennessee Board of Paroles and Terry Flatt's attorney concerning the nature of the agreement between Mr. Flatt and the Government.  All remaining aspects of Petitioner's Motion are hereby DENIED.

It is so ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

This document was entered on
the docket in compliance with
Rule 58, and/or Rule 79(a),
FRCP, on 6-14-99 by BH

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

FILED

2001 JUN 19 P 2: 35

US DISTRICT COURT
EASTERN DIST. TENN.
BY _____

**DEATH
PENALTY
CASE**

TIMOTHY E. MORRIS,                          )
                                            )
            *Petitioner,*                   )
v.                                          )        No. 2:99-cv-424
                                            )        *Edgar*
RICKY BELL, WARDEN, Riverbend               )
Maximum Security Institution,               )
                                            )
            *Respondent.*                   )

**RECEIVED**

JUN 2 0 2001

Federal Public Defender's Office
Nashville, Tennessee

## MEMORANDUM AND ORDER

Timothy E. Morris ("Morris") has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Morris, through counsel, filed a second motion for discovery [Court File No. 55], which was opposed by the respondent [Court File No. 58]. On June 1, 2001, United States Magistrate Judge John Y. Powers denied the petitioner's second discovery motion [Court File No.60].

Presently before the District Judge is an appeal by Morris of the Magistrate Judge's June 1, 2001 ruling [Court File No. 63]. The Magistrate Judge denied a request by Morris for the testing of certain physical evidence, subpoenas for the production of certain records/evidence, and depositions.

## I.    *Standard of Review*

Under 28 U.S.C. § 636(b)(1)(A), a district court may "designate a magistrate to hear and determine any pretrial matter pending before the court," with certain exceptions which involve dispositive matters. 28 U.S.C. § 636(b)(1)(A); *Massey v. City of Ferndale*, 7 F.3d 506, 508 (6th Cir.

1

1993).  When a magistrate judge issues an order concerning a nondispositive pretrial motion, such as discovery requests and objections, the district court has the authority to "reconsider" the determination under a limited standard of review. 28 U.S.C. § 636(b)(1)(A); *Massey*, 7 F.3d at 509 (6th Cir. 1993).  Under this standard of review, the district court may overturn the magistrate's determination only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).  This "clearly erroneous" standard dictates that a reviewing court defer to the magistrate's discretion in resolving discovery disputes, and the district court must affirm the magistrate's decision unless the district court "is left with the definite and firm conviction that a mistake has been committed." *Farley v. Farley*, 952 F. Supp. 1232, 1235 (M.D. Tenn. 1997) (citations omitted).  A party seeking to overturn a magistrate judge's discovery ruling bears a "heavy burden." *Seewald v. IIS Intelligent Information Systems, Ltd.*, 1998 WL 305597, at *1 (E.D.N.Y. April 23, 1998) (citation omitted). Reversal of a magistrate's order curtailing discovery is "unusual." *Id.*  Rule 72(a) of the FEDERAL RULES OF CIVIL PROCEDURE implements 28 U.S.C. § 636(b)(1)(A) and requires that a party objecting to a magistrate's order file his objection with a district court judge within ten days after service of the order.

## II.    *Analysis*

Morris has objected to the United States Magistrate Judge's denial of certain discovery. Morris has supplemented his discovery requests with additional specific allegations which were not presented to the United States Magistrate Judge in the original second motion for discovery.  Morris has  specified that the requested discovery is necessary to prove certain specific ineffective assistance of counsel allegations, prosecutorial misconduct claims, and other specific constitutional violation claims.

2

The respondent continues to maintain that Morris has failed to provide adequate legal justification to invoke the processes of discovery and submits the Magistrate Judge's order should be affirmed. A habeas petitioner is not entitled to discovery as a matter of ordinary course. *Brady v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6 of the RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS provides that a person requesting discovery must show good cause before the Court can grant discovery. Good cause exists where specific allegations show reason to believe the petitioner may, if the facts are fully developed, be able to demonstrate he is entitled to relief. *See Harris v. Nelson*, 394 U.S. 286, 300 (1969); *Lynott v. Story*, 929 F.2d 228, 232 (6th Cir. 1991). Petitioner is not required to show the additional discovery will definitely lead to relief. Rather, he is required to show good cause that the evidence sought would lead to relevant evidence to support his habeas claims. Moreover, "more liberal discovery is appropriate in capital cases where the stakes for petitioner are so high." *Payne v. Bell*, 89 F.Supp.2d 967, 971 (W.D. Tenn., 2000), *citing Lockett v. Ohio*, 438 U.S. 586, 604 (1978).

The Court has reviewed the record including the additional specific allegations in Morris' objections of constitutional error, *i.e.*, that counsel was ineffective for failing to investigate the time of death, the pathology evidence, the prosecution's theory about the identity of the decedent; and failing to object to the prosecutor's use of a horned rock and victim's skull and cross examination of petitioner, and failing to object to prosecutor's improper closing arguments; prosecutorial conduct based on knowingly misinforming the jury the victim was last seen alive on June 29, 1980; and claims the state destroyed and withheld exculpatory evidence. The Court finds that Morris has now made specific allegations of constitutional error, which, if fully developed, may demonstrate his

3

possible entitlement to relief. Thus, the Court finds good cause and will **GRANT** the requested discovery. Accordingly, it is ORDERED that:

(1)     Morris is **AUTHORIZED** to issue a subpoena duces tecum to Dr. Cleland Blake, M.D., for the production of physical evidence for the purpose of testing. The parties **SHALL** resolve all issues, including but not limited to any logistical issues that arise, or **IMMEDIATELY NOTIFY** the Court of their inability to resolve such issues;

(2)     Morris is **AUTHORIZED** to issue subpoenas to T.B.I. Agent Bob Baird, Madison County, North Carolina, Sheriff's Department, and North Carolina Bureau of Investigation for the production of records/evidence;

(3)     Morris is **AUTHORIZED** to depose T.B.I. Agent Bob Baird regarding his investigation of this case, the Court Clerk for Greene County, Tennessee regarding the preservation and/or destruction of physical evidence in this case, and Dr. Cleland Blake, M.D. concerning his knowledge of this case.

ENTER:


R. ALLAN EDGAR
CHIEF UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

FILED

2001 MAR -1 P 2: 13

US DISTRICT COURT
EASTERN DIST. TENN
BY_____DEP CLERK

TIMOTHY E. MORRIS,                    )
                                      )
        *Petitioner*,                 )
                                      )
v.                                    )        No.  2:99-cv-424
                                      )        *Edgar*
RICKY BELL, WARDEN, Riverbend         )
Maximum Security Institution          )
                                      )
        *Respondent*.                 )

RECEIVED

MAR 0 5 2001

DEATH
PENALTY
CASE

## ORDER

This matter is before the Court on Petitioner's motion for discovery (#1) filed by petitioner's counsel (Court File No. 38). This motion will be **DENIED IN PART** and **GRANTED IN PART**.

In his motion to for discovery (Court File No. 38) Petitioner requests the process of this Court to secure certain records and physical evidence. Petitioner also requests that he be allowed to depose certain individuals involved in his case at the state level.

Respondent contends Petitioner has failed to demonstrate good cause for such discovery (Court File No. 42). Respondent contends that Petitioner failed to properly exhaust all of the claims on which he bases his various requests for discovery. Therefore, Respondent argues, the motion should be denied. Respondent contends a showing that the claim on which a petitioner bases his request for discovery was first presented and exhausted in state court is an indispensable component of any showing of good cause for discovery under Rule 6. In support of this contention Respondent cites *Williams v. Taylor*, 529 U.S. 420 (2000) and apparently claims that it held federal habeas

1

43

petitioners must first present all possible claims of constitutional error to state courts. However, in the *Williams* case Williams did not develop or raise his claims at issue in his federal habeas until he filed his federal habeas petition. Williams was seeking an evidentiary hearing on claims which had not been heard in state court. The United States Supreme Court concluded that although Williams had not raised his claims in state court, he had met his burden of showing he was diligent in efforts to develop the facts supporting certain claims in collateral proceedings before the state court and found that an evidentiary hearing was required. *Williams v. Taylor,* 529 U.S. at 440-45.

A habeas petitioner is not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley,* 520 U.S. 899, 904 (1997). However, "'[w]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry.'" *Bracy v. Gramley,* 520 U.S. at 908-909 *quoting Harris v. Nelson,* 394 U.S. 286, 299 (1969). The United State Supreme Court has said that "Habeas Corpus Rule 6 is meant to be 'consistent' with Harris." *Bracy v. Gramley,* 520 U.S. at 909; Advisory Committee's Note on Habeas Corpus Rule 6. "Discovery may, in appropriate cases, aid in developing facts necessary to decide whether to order an evidentiary hearing or to grant the writ . . . ." Advisory Committee's Note on Habeas Corpus Rule 6.

Discovery is proper in capital proceedings in which petitioner is pursuing exhausted claims with some factual basis. *See McDaniel v. United States,* 127 F.3d 886, 888 (9th Cir. 1997). Petitioner contends the requested discovery is relevant to his claims of constitutional error, and the requested discovery is necessary to enable him to fully investigate and present his claims of constitutional error. Petitioner claims he was denied a full and fair opportunity to investigate and

2

present his claims in state court, and according to the record Petitioner properly exhausted his claim that he was denied a full and fair opportunity to investigate and present all of his claims in state court.

### 1.      Pathology/Autopsy Records

Petitioner claims he was prevented from fully investigating the circumstances of the death of the victim in state court and as a result he was denied a full and fair post-conviction hearing. Petitioner claims he diligently sought to fully investigate the circumstances of the death of the victim and requested full access to all relevant pathology materials, but never received them.  Petitioner attached several letters indicating he previously sought to obtain these records (Court File No. 39, Exhibits C-F).  As a result, Petitioner claims he was prevented from fully investigating his ineffective assistance of counsel and/or the withholding of exculpatory of evidence claims.   The Court finds Petitioner has shown good cause and is entitled to any written document concerning the autopsy investigation or relating to the forensic pathology evidence which he did not receive.  The respondent **SHALL** furnish to Petitioner any such report which has not been provided to Petitioner.

Petitioner also requests all photographs, x-rays, tissue samples etc. of the victim. The Court finds the Petitioner has shown good cause and Respondent **SHALL** provide access but not physical possession of the requested items to the Petitioner so that Petitioner may inspect all physical evidence.

### 2.      Tennessee Bureau of Investigations ("T.B.I.")/T.B.I. Laboratory Records

Petitioner requests the records from the T.B.I and T.B.I. Laboratory regarding the investigation of this case.   Petitioner claims that due to his denial of a full and fair state post-conviction hearing, he was unable to fully investigate his claim that trial counsel failed to investigate

3

the circumstances of the offense and that the State withheld exculpatory evidence. Petitioner claims

all he received during his state court proceedings was an index of the T.B.I.'s investigative file

(Court File No. 39, Exhibit 5).    Petitioner has shown good cause and he is entitled to any report

which he has not previously received from the T.B.I. The respondent **SHALL** furnish to Petitioner

any such report which has not been provided to Petitioner.

### 3.      Federal Bureau of Investigations ("F.B.I.") Records

Petitioner requests the records form the F.B.I. regarding the investigation of this case.

Petitioner claims the F.B.I. has evidence regarding the identification of the victim and evidence

demonstrating Petitioner is innocent and another person is guilty of committing this crime.

Petitioner claims that due to his denial of a full and fair state post-conviction hearing, he was unable

to fully investigate his claim that trial counsel failed to investigate the circumstances of the offense

and that the State withheld exculpatory evidence. Petitioner has shown good cause and is entitled

to any report which he has not previously received from the F.B.I. regarding this crime.    The

respondent **SHALL** furnish to Petitioner any such report which has not previously been provided

to Petitioner.

### 4.      Hunter Tait Dental Records

Petitioner seeks the dental records of the deceased and claims they are relevant to the

investigation of the identity of the decedent. The victim's identity was made by the F.B.I. identifying

that prints of Hunter Tait, who apparently had applied to be an F.B.I. agent years before.

Accordingly, the Court does not find good cause at this time to grant this request. The request for

dental records is **DENIED.**

5.    **Records Concerning the Alleged Disappearance of Tait & Disappearance of a North Carolina Soldier**

Petitioner claims the fact that authorities initially thought the victim may have been a soldier who disappeared is highly relevant to Petitioner's claims that counsel failed to investigate the identity of the decedent as being someone other than Tait. Petitioner also requests the records regarding the disappearance of Tait. Petitioner has failed to good show cause at this time to grant the request for records concerning the alleged disappearance of a North Carolina Soldier and therefore, that request is **DENIED**. The Court **GRANTS** Petitioner's request for records regarding the disappearance of Tait.

6.    **Pikeville Juvenile Facility Records**

Petitioner claims trial counsel failed to investigate and present mitigating mental state evidence which should have been introduced during the sentencing phase of the trial. This appears to be a case where no mitigating evidence was presented to the jury during the sentencing phase of the trial. Furthermore, it appears that Petitioner has exhausted this claim. Therefore, the Court finds Petitioner has shown good cause and will **GRANT** this request. All records pertaining to Petitioner's incarceration at Pikeville Juvenile Facility **SHALL** be furnished to him.

7.    **Physical Evidence**

Petitioner claims he must investigate the physical and forensic circumstances of the offense to make a determination of whether counsel was ineffective for failing to investigate the physical evidence and/or whether the prosecution had in its possession evidence inconsistent with its claims that Petitioner was guilty. Petitioner claims he was unable to investigate this claim at the state court level because he was denied a full and fair post-conviction hearing. The Court finds Petitioner has

5

shown good cause and the Respondent **SHALL** provide access but not physical possession of the requested items to the Petitioner so that Petitioner may inspect all physical and forensic evidence.

8. **Depositions**

Petitioner requests the depositions of the District Attorneys involved in the prosecution of the case, the Greenville County Criminal Court Clerk, and of Officer Henry Hines. Petitioner seeks to depose these parties to obtain evidence which may be revealed by the discovery which the Court has granted above. At this time, the reasons given by Petitioner to justify the taking of these depositions are not, in the Court's opinion, good cause and therefore, the Court **DENIES** Petitioner's request to depose the District Attorneys, Greenville County Criminal Court Clerk, and Officer Henry Hines.

**SO ORDERED.**

**ENTER.**

United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RECEIVED
IN CLERK'S OFFICE

DEC 13 1995

U.S. DISTRICT COURT
M.D. DIST. TENN.

ROBERT GLEN COE,                    )
                                    )
        Petitioner,                 )
                                    )
v.                                  )     NO. 3:92-0180
                                    )     JUDGE NIXON
RICKY BELL Warden,                  )
                                    )
        Respondent.                 )

RECEIVED

DEC 20 1995

Federal Public Defender's Off
Nashville, Tennessee

ORDER TO TRANSMIT PHYSICAL EVIDENCE
AND ANALYSES OF PHYSICAL EVIDENCE

TO:   TENNESSEE BUREAU OF INVESTIGATION; AND
      TENNESSEE BUREAU OF INVESTIGATION CRIME LABORATORY
      WILLIAM J. DARBY, III, DIRECTOR
      3021 LEBANON ROAD
      P. O. BOX 2305
      DONELSON, TENNESSEE 37214

        You are hereby directed, pursuant to 28 U.S.C. § 2254(e)
to transmit to the Clerk of the United States District Court for
the Middle District of Tennessee (Mr. Roger A. Milam, 800 U.S.
Courthouse, 801 Broadway, Nashville, TN 37203) any and all items of
physical evidence in your possession; any and all reports,
analyses, evaluation, or notes concerning the testing of any
physical evidence ever in your possession or custody; any and all
photographs, negatives, diagrams, pictures; and all other
information in the custody of your office or any agents, relating
in any manner to the investigation of the death of Carey Medlin,
and the prosecution of State of Tennessee v. Robert Glen Coe,
Shelby Co. Case Nos. B-73812, 73813, 73814, including any and all
information contained in files relating to that investigation. Such
information and evidence includes, but is not limited to documents

1

This document was entered on
the docket in compliance with
Rule 58 and/or Rule 79(a),
FRCP, on 12/20/95 by KSnow    193

and/or information relating to the investigation and analysis of the following evidence:

(1) Blue jeans of Robert Coe

(2) Blue tank top of Robert Coe

(3) Black leather belt of Robert Coe

(4) Shoe strings of Robert Coe

(5) Lock blade knife of Robert Coe

(6) Clothing of Cary Medlin, including, but not limited to shirt, shorts, underwear

(7) Pair of wooden shoes with white strap of Carey Medlin

(8) Taped confession of Robert Coe (cassette tape)

(9) All photographs and photographic negatives related to the crime

(10) Head hair sample from victim Carey Medlin

(11) Finger nail scrapings from left & right hands of Robert Coe

(12) Pubic hair combings from Robert Coe

(13) Pubic hair sample from Robert Coe

(14) Head hair sample from Robert Coe

(15) Chest Hair Sample from Robert Coe

(16) Saliva sample from Robert Coe

(17) Penile Swab from Robert Coe

(18) Hair samples from seat of Robert Coe's car

(19) Sample recovered from right hand of Cary Medlin

(20) Hair sample recovered from abdomen of victim

(21) Insect case recovered from Cary Medlin

(22) Finger print cards of Carey Medlin

(23) Material recovered from Robert Coe's car

(24) Nasal swabs including but not limited to samples and
     slides from Carey Medlin

(25) Oral swabs including but not limited to samples and
     slides from Carey Medlin

(26) Vaginal swabs including but not limited to samples
     and slides from Carey Medlin

(27) Anal Swabs including but not limited to samples and
     slides from Carey Medlin

(28) Perineal swabs including but not limited to samples
     and slides from Carey Medlin

(29) All samples or slides containing semen or sperm
     found on victim Carey Medlin

(30) All blood samples taken from Carey Medlin

(31) All Blood samples taken from Robert Coe

If any physical evidence once in your possession is no longer in your possession, upon forwarding the physical evidence to the Clerk of the Court, you shall, by letter, identify any such evidence and inform the Clerk of the Court of the location of any and all such physical evidence no longer in your possession and/or the location, agency, or person to whom such evidence was forwarded.

SO ORDERED AND ENTERED this _____ day of December, 1995.

3

JOHN T. NIXON, CHIEF JUDGE
UNITED STATES DISTRICT COURT

APPROVED FOR ENTRY:

Paul R. Bottei
Assistant Federal Public Defender
810 Broadway, Suite 200
Nashville, Tennessee 37203
(615) 736-5047

Attorney for Petitioner

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**RECEIVED**

JUL 1 3 2001

Federal Public Defender's Office
Nashville, Tennessee

STEPHEN M. BELL,           )
                           )
          Petitioner,      )
                           )
v.                         )          No. 3:95-0600
                           )          JUDGE HAYNES
HOWARD CARLTON, Warden,    )
                           )
          Respondent.      )

## O R D E R

Before the Court is petitioner's motion for discovery, (Docket Entry No. 54), to which

respondent replied.  For the reasons explained in the Memorandum entered contemporaneously

herewith, the Court hereby **GRANTS** petitioner's motion.  Specifically, the Court **GRANTS**

discovery of (1) Records of Tennessee Department of Corrections, pertaining to William

Davenport (2) Records of the Tennessee Department of Probation and Paroles, pertaining to

William Davenport (3) Records of the Metropolitan-Davidson County Jail, pertaining to William

Davenport and (4) Tennessee Bureau of Investigation Records, pertaining to Stephen M. Bell and

(5) Tennessee Bureau of Investigation Laboratory Reports, pertaining to Stephen M. Bell.

Respondent shall have twenty (20) days from the date of entry of this order to produce

these documents.  Petitioner shall have forty five (45) days from the date of entry of this order to

file a further response to respondent's motion to dismiss or in the alternative for summary

judgment.

It is so **ORDERED.**

**ENTERED** this the _12th_ day of July 2001.

WILLIAM J. HAYNES, JR.
United States District Judge

This document was entered on
the docket in compliance with
Rule 58 and/or Rule 79(a).
FRCP, on 7/13/01 By _____