EXHIBIT 9

TENNESSEE BUREAU OF INVESTIGATION

REPORTED: 08/09/94  RECEIVED: 08/09/94   TRANSCRIBED: 08/09/94

         TO:    5A-662-JA
       FROM:    SA Brian Byrd
    SUBJECT:    Preliminary Investigative Report
    REFERENCE:  Homicide, Henderson County Tennessee
                (S) Jon D. Hall
                (V) Billie Jo Hall

This preliminary investigative report was predicated by a
complaint of homicide by the Henderson County Sheriff's
Department on 07/30/94. According to Sheriff's Office
investigators, JON D. HALL, of 525 Pleasant Hill Road,
Lexington Tennessee, murdered his wife (V) BILLIE JO HALL,
at the above mentioned address at approximately 11:30 pm on
the night of 07/29/94. JON HALL then stole his wife's red
mini-van and left the area presumably to avoid arrest.

I received notification of the complaint from SAC John Mehr
by telephone at my residence at approximately 01:15 am on the
morning of 07/30/94. After brief explanation from SAC Mehr, I
proceded to the Lexington area and after radio contact with
their communications, I met with Sheriff Charles Woods and
Investigator Brent Booth at the Methodist Hospital in
Lexington.

Upon reaching the hospital, Investigator Booth provided a
brief summary of the crime scene and detailed the events
described by witnesses at the scene. Booth explained that JON
HALL was an estranged husband who had been living with a
woman by the name of Darlene Brown. He added that there had
been several calls of disturbances at the Hall residence in
the past and that BILLIE HALL, the victim, had been forced to
file an order of protection against the subject previously in
the summer. Booth went on to explain that JON HALL had went
back to the house despite the orders of the court and talked
his way into the house. After sometime, he and the victim got
into an arguement and during this arguement the subject
proceded to beat the victim. He relentlessly beat her until
she ran out of the house. He gave chase and again beat her

---

The investigative records of the Tennessee Bureau of Investi-
gation are confidential by statute  (TCA 10-7-504). Unlawful
disclosure of this information is a misdemeanor (TCA 40-32-
101 and TCA 39-11-114).

Page 01       File: 5A-662-JA       Vol: 01   Serial: 02

until he finally threw her into the children's swimming pool. Booth added that it was here that the responding officers found the partially clothed body of the victim, BILLIE JO HALL. Booth stated that she was floating face down in the pool which was approximately two foot deep. He added that she was wearing dark jogging pants and no shirt or bra. He further stated that there was a small area of blood consolidated in an area just under the face but near the bottom of the pool. Booth added that there was a blood trial and drag marks from the driveway down to the pool where the victim was found.

It was decided that it would be better to examine the body and conduct preliminary interviews first therefore allowing time for the sun to come up and provide better lighting at the scene.

The body was examined by the Henderson County Medical Examiner and pronounced dead. He also requested an autopsy. He stated that he had noted the body temperature at the time she was found in the water at 20 degrees centigrade and the water temperature at 25 degrees centigrade.

BILLIE HALL was apparently beaten on the face and head several times. There was no apparent sign of bludgeoning to the head however, hair and blood made external examination difficult. I noted that hands of the victim were cool to the touch but had not set with rigor at the time of the examination, ( approximately 02:30 hrs.) The victim's face was swollen and bruised from apparent blows. Her hands show little sign of trauma and no nails were noted missing. She also showed some signs of scrapes and blows to her arms and legs. However, the majority of the injury seemed to be directed at her head. Further examination would be conducted by the medical examiner's office in Memphis.

Following the victim's examination Sheriff Woods, Investigator Booth and I interviewed the daughters of the victim who were present at the time of the murder. The two stated that they had witnessed that beating and that their father JON HALL had killed their mother. They bascially echoed the the same story which Booth had summarized prior to me.

Following this Booth and I supplemented BOLOs which had been sent out in reference to this case by contacting various

---

The investigative records of the Tennessee Bureau of Investigation are confidential by statute (TCA 10-7-504). Unlawful disclosure of this information is a misdemeanor (TCA 40-32-101 and TCA 39-11-114).

police departments across the United States where HALL might run to. We contacted the following, Ligonier PA, MI, and Belton TX to name a few. Sometime later in the afternoon, HALL was picked up by the Belton Police Department at his brothers residence. His brother, aware of the incident had contacted police. HALL surrendered without a fight and stated to the officers that the car he was in was stolen.

HALL was later waived his extradition and Depurty Rick Lundsford, Investigator Booth and I went to Texas to bring him back. Upon our arrival at the Bell County Sheriff's office and introduction to HALL, he without provocation broke down and cried saying that he had "done it" and that he was "very sorry" or some words to that effect. He further added that he had found out the day before that she, BILLIE HALL, was dead. These statements were made voluntarily by the subject and were a suprise to Booth and I as we had not asked him for any statement. He stated that he would tell us anything we wanted to know but as we proceded to conduct the procedure of signing the rights waiver, he stated that he would not give a statement without an attorney present, therefore we halted any further contact with him.

HALL was transported back to the Henderson County Jail where he now awaits a preliminary hearing.

Crime Scene report to be included later in this file.

For further information, contact the Henderson County Sheriff's department.

---

The investigative records of the Tennessee Bureau of Investigation are confidential by statute (TCA 10-7-504). Unlawful disclosure of this information is a misdemeanor (TCA 40-32-101. and TCA 39-11-114).

Page 03        File: 5A-662-JA        Vol: 01    Serial: 02