

02301, 9805-CL-00048

# CIRCUIT COURT OF MADISON COUNTY
## – TO –
# COURT OF CRIMINAL APPEALS

JUDGE ___WHIT LAFON_____ DIVISION ___I___

CIRCUIT COURT CLERK ___JOE GAFFNEY_____

VOLUME ___II____ OF _____VII VOLUMES

STATE OF TENNESSEE

VS.

CASE NO. 96-589

JON DOUGLAS HALL _____

| | | | | | |
|---|---|---|---|---|---|
| FELONY | ☒ | MISDEMEANOR ☐ | ROR | ☐ | TDOC ☒ |
| BOND | ☐ | $_____ | INDIGENT | ☐ | |
| POST CONVICTION | ☐ | | HABEAS CORPUS | | ☐ |

MR. JERRY WOODALL
MR. AL EARLS
DISTRICT ATTORNEY GENERAL'S OFFICE
LOWELL THOMAS STATE OFFICE BUILDING
JACKSON, TN  38301

Attorney For: APPELLEE/APPELLANT

MR. JESSE HILL FORD III
MR. CLAYTON F. MAYO
FORD & MAYO
618 N HIGHLAND
JACKSON, TN  38301

Attorney For: APPELLEE/APPELLANT

CASE WAS APPEALED BY BOTH STATE AND DEFENDANT

Attorney For:

Attorney For:

OFFENSE: FIRST DEGREE MURDER

SENTENCE: TDOC/DEATH

```
FILED
AUG 07 1997
Clerk of the Courts
Rec'd By: M. 7.7
```

Filed the ___7th___ day of _____AUGUST_____ ___1997___

COURT OF CRIMINAL APPEALS

BY: _____

LAYCOOK, JACKSON

IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE
DIVISION I

STATE OF TENNESSEE            )
                              )
v.                            )            No.94-342
                              )
JON HALL.                     )

MOTION TO DETERMINE PRIOR TO TRIAL
THE COMPETENCY OF WITNESSES

Comes now the State of Tennessee by and through the Office
of the District Attorney General and moves this Honorable Court
to determine pre-trial whether certain witnesses will be allowed
to testify and in support of that motion the State would show
that said witnesses are minor children ten years old and under
and that should the Court rule that said witnesses are not able
to testify the State will need time to file necessary appeals.

FILED

SEP 18 1996

JO.. ... .... ......... ......... CLERK
            DEPUTY CLERK
____ A.M. _____

Respectfully Submitted:

AL EARLS
ASSISTANT DISTRICT ATTORNEY
26TH JUDICIAL DISTRICT

Certificate of Service

I hereby certify that I have mailed or delivered a true copy
of the foregoing to Mr. Jay Ford, Attorney at Law, 618 N.
Highland Ave., Jackson, TN 38301, this ___6___ day of September,
1996.

AL EARLS
ASSISTANT DISTRICT ATTORNEY
26th JUDICIAL DISTRICT

FILED
KENNY CONARD, CIRCUIT CT. CLRK

IN THE CIRCUIT COURT OF HENDERSON COUNTY, TENNESSEE    SEP 2 3 1996

STATE OF TENNESSEE,               )
                                  )                          BY_____
VS.                               )       No. 94-342; 94-452        DEPUTY CLERK
                                  )         and 94-454
JON HALL,                         )

---

ORDER

---

This matter came on for hearing on this the _____ day of
September, 1996, before the Honorable Whit S. LaFon.  After
considering the Motion for Change of Venue and Defendant's renewal
of the motion for change of venue, the Court finds that the motion
is well taken and should be granted.  The Court further finds that
the venue of the trial should be changed from Lexington, Henderson
County, Tennessee to Jackson, Madison County, Tennessee.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the
Defendant's Motion for Change of Venue is well taken and is hereby
granted and that the venue of the matter is moved from Lexington,
Henderson County, Tennessee to Jackson, Madison County, Tennessee.

Enter, this the ___16___ day of September, 1996.

WHIT S. LAFON, Judge

APPROVED FOR ENTRY:


AL EARLS
Assistant District Attorney
P. O. Box 2825
Jackson, TN  38302


JESSE H. FORD, III    009775
Attorney for Defendant
P. O. Box 1625
Jackson, TN  38302

IN THE CIRCUIT COURT FOR THE TWENTY-SIXTH JUDICIAL DISTRICT

HENDERSON COUNTY, AT LEXINGTON TENNESSEE

DIVISION I

JON HALL                                )
                                        )
                                        )
V.                                      ) DOCKET NO. 94-342, 94-452, 94-454
                                        )
STATE OF TENNESSEE                      )

-------------------------------------------------------------------

MOTION TO DISMISS / BASED ON NEWLY DISCOVERED EVIDENCE

-------------------------------------------------------------------

FILED
KELLY CANDLESS CIRCUIT CT. CLERK
DEC 3 1996
BY _____
DEPUTY CLERK

        Comes now the Movant / Defendant, Jon Hall, pursuant to rule 12 (a)
of the Tennessee Rules of Criminal Procedure, with a motion to dismiss
all supra indictments pursuant to the above listed case numbers; In
support of this motion and to apprise the court of newly discovered
evidence, and will show this court the following:

        1. On Febuary 9, 1996, Movant / Defendant, Jon Hall, (referred to
hereinafter as movant) went before this court pursuant to a pro-se
motion to act as co-counsel under State V. Burkhart, 541 S.W.2d 361;
in reference to 10/19/96 notorized motion to dismiss all indictments
pursuant to Waugh v. State 564 S.W.2d 654; As well as for a 1/11/96
notorized (motion to suppress) alleged confessions / statements / observances
and the seizure of property, etc..

        2. On the date in question (2/9/96), movant discovered that this
court was exercising its Judicial Authority under Maritime law. (after
2/9/96 hearing, after being advised through legal consultation) Unknowingly,
and unwillingly of consent to such jurisdiction, movant was coerced in-
side the sanctuary of the Bar, which fraudulently deprived movant of
his protected constitutional rights.

        3. Movant is a citizen of the United States of America. His flag
is the American Flag of Peace which hangs outside the courthouse under
the United States of America. Movant is a human being under the King-
dom of God of the United States of America. Movant reserves all United
States constitutional rights of his country and under the jurisdiction
of his flag.

        4. The Courts flag is a maritime flag of war. It has a gold eagle
on top and a gold braid around it.
        There is no United States constitutional rights in the sanctuary of
the Bar under the wars power act of 1933 by President Rosevelt. At
this point in time this Court lacks jurisdiction over the movant Rule
12 (b) (1) - (b) (7) under the Federal Rules of Civil Procedure; (1) The
Court lacks jurisdiction over the subject matter of movant, and (2) The
Court lacks jurisdiction over movants citizenship under the American flag
of Peace.

THE POLICY AND / OR CUSTOM OF THIS COURT AND THE INTENT
TO CAUSE MOVANT A CONSTITUTIONAL INJURY :

The Judge is responsible for the set up of the courtroom. He brought the flag and / or allowed the Maritime Flag to be brought into the Courtroom before he had subject matter jurisdiction over movant. The Maritime Flag inside the sanctuary of this Courts Bar represents the suspension of movants United States constitutional rights also;

(1) The right to be deemed innocent until proven guilty;
(2) The right to a fair and speedy trial embodied by the Fifth, Sixth, and Fourteenth U.S. constitutional rights to equal protection and due process.

The Judges of this Court has a sworn oath (if not expired, which is unconstitutional) to administer justice under the constitution and the laws of the United States. 28 U.S.C. section 453, which states:

Each Justice or Judge of the United States shall take the following oath or affirmation before performing the duties of his office:

"I _____ _____, do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faith- fully and impartially discharge and perform all the duties incumbent upon me as _____ under the constitutions and laws of the United States. So help me God."

The phrase "Justice or Judge of the United States" was substituted for "Justices of the Supreme Court, Circuit Judges, and District Judges appearing in sections 372 and 451.

Since the Judge was acting under two (2) jurisdictions, under two different flags, this Court has lost competent Jurisdiction over movant (See e.g., actors acting in disguise, The Monroe Doctrine of 1871).

Now that this Court has used its policy and / or custom to trial movant under Maritime Law, Movant declares his sovereign immunity from prosecution under his American Flag of Peace of the United States, and under his sovereign belief under the Kingdom of his God. Movant is an ambassador under his flag of peace of the United States.

The intent to cause the movant a deprivation of his United States constitutional rights to his Fifth, Sixth, and Fourteenth Amendment rights can be mirrored under 42 U.S.C. title 1986, for the knowledge of the law when the judge brought the Maritime Flag into the Courtroom before having subject matter jurisdiction over movant, which shows and establishes intent under 42 U.S.C. 1946: (2) Policy and Custom of exercising Maritime Law under a judicial setting (See e.g., title 42 U.S.C. 1983, Chapter

21 notes 333, 349, 350, 351, 352, and 355). This also constitutes
perjury of oath under title 18 U.S.C. section 1621.

<u>CONCLUSION</u>

Wherefore, Movant moves this court to dismiss all supra indictments
for the lack of subject matter jurisdiction over movant, or in the
alternative, sign the attached Judicial contract pursuant to title 3
U.C.C. section 501, to preserve movants United States constitutional
rights.

Respectfully Submitted,

JON HALL

SWORN AND SUBSCRIBED BEFORE ME THIS THE 17 DAY OF Sept 1996.
NOTARY PUBLIC _Howard Wyatt Brewer_
MY COMMISSION EXPIRES _My commission Expires JULY 24, 1999_

<u>CERTIFICATE OF SERVICE</u>

I _Jon Hall_, HEREBY CERTIFY THAT I HAVE MAILED A TRUE
AND EXACT COPY OF THE FOREGOING MOTION, JUDICIAL CONTRACT, AND THE
SUPPORTING AFFIDAVIT [ AMERICAN FLAG OF PEACE ] ON THIS THE 18 DAY
OF Sept 1996 TO: THE HONORABLE JUDGE WHIT S. LAFON, P.O. BOX 7411,
JACKSON TENNESSEE 38302; THE DISTRICT ATTORNEY, JERRY WOODAL, P.O. BOX
2825 JACKSON TENNESSEE 38302; THE CLERK OF COURTS, KENNY CAVNESS, LEX.
TENNESSEE 38351; AND ATTORNEYS FORD / MAYO, P.O. BOX 1625 JACKSON TENN.
38302.

4.

IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE
DIVISION I

**FILED**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| Plaintiff, | ) | OCT 0 1 1996 |
| | ) | JOE GAFFNEY, CIRCUIT COURT CLERK |
| VS. | ) | NO. 96-589 ____ DEPUTY CLERK |
| | ) | ____ A.M. |
| JON HALL, | ) | |
| Defendant. | ) | |

---

### MOTION FOR CONTINUANCE

---

Comes your Defendant, JON HALL, by and through his attorney of record, Clayton F. Mayo, and hereby requests that this Honorable Court grant a continuance in the above matter and in support of this Motion, Defendant and Attorney would state and show unto the Court as follows:

1. That this matter is scheduled to go to trial on October 15, 1996;

2. That Attorney has difficulty communicating with Defendant as evidenced by the most recent documents filed with this Court by Defendant;

3. That this is a first degree murder case with the possibility of the death penalty, which requires a tremendous amount of research and preparation;

4. That Attorney has been advised by Defendant's private and mitigation investigators, Tammy Askew and Glori Shettles, respectively, that they are in need of additional time in which to complete their investigations and prepare Defendant for trial. Please see the attached affidavits that are incorporated herein as if specifically set out;

5. That Attorney is relying heavily on the reports and investigation of the private and mitigation investigators in his preparation for trial;

6. That Attorney has been advised by the jury consultant, Julie Fenyess, that she will not be able to be present at Defendant's trial due to a conflict on her schedule. Please see that attached affidavit this is incorporated herein as if specifically set out;

7.   That it is imperative that Ms. Fenyèss be present for the jury selection;

. 8.   That Attorney Clayton F. Mayo is required to be at the Sixth Circuit Court of Appeals in Cincinnati, Ohio, on October 15, 1996, for oral argument of a double homicide case that is on appeal from Federal Court Case No. 93-10052. Attorney Clayton F. Mayo filed a Motion for Continuance in that case and Attorney's office was notified on October 1, 1996, at 9:50 a.m. that his Motion had been denied.   Please see the attached Affidavit regarding this notification;

9.   That Attorney submitted a Motion and Order to have Defendant Transferred to Madison County Penal Farm or Madison County Jail to Assistant District Attorney on August 27, 1996, requesting that Defendant be brought back to Madison County at least thirty (30) days prior to trial;

10.  That as of the date of filing this Motion, the State has not signed this Order;

11.  That Defendant is . being held at Riverbend Maximum Security Institute in Nashville, Tennessee, and it is and has been extremely difficult for Attorney to visit with his client in order to properly prepare for his defense;

12.  That Attorney's office was advised by the District Attorney's Office, on September 25, 1996, that a "Go-Get" Order was filed with the Court to have Defendant brought back to Madison County on October 7, 1996, just one week and one day prior to the start of his trial;

13.  That Attorney has not been informed of the jury pool;

14.  That a jury questionnaire has not been submitted to the jury pool;

15.  That Attorney Clayton F. Mayo is scheduled to attend a seminar entitled Meeting the Need ... Qualified Death Penalty Defense Lawyers in Nashville, Tennessee on October 4-5, 1996, an appearance oral argument in the Court of Criminal Appeals on October 2, 1996, and a Circuit Court trial, case no. 95-617: Attempt to Commit First Degree Murder, Aggravated Assault, Reckless Endangerment, Especially Aggravated Kidnapping, DUI, and Reckless

Driving. Therefore, these will detract from my time to prepare for this most demanding trial and a special setting of this case, not in the middle or end of criminal trial term, will be much more helpful;

16. That Attorneys feel they are in need of more time to adequately and competently prepare for this trial.

BASED UPON THE FOREGOING, Attorney respectfully requests that this Honorable Court grant a continuance in this matter.

DATED this the _____ day of _____, 1996.

Respectfully submitted,

CLAYTON F. MAYO, #014138
Appointed Attorney for Defendant
618 N. Highland Avenue
P.O. Box 1625
Jackson, TN  38302-1625
(901) 422-1375

AFFIDAVIT

I, Clayton F. Mayo, do hereby affirm and state that this Motion for Continuance was not filed with this Court to prolong this case, but only to assure that my client, JON HALL, receives adequate and competent representation for this most difficult and complex case.

CLAYTON F. MAYO

Sworn to and subscribed before me this the _____ day of _____, 1996.

NOTARY PUBLIC

My Commission Expires: _____

CERTIFICATE OF SERVICE

I hereby certify that I have either mailed or personally delivered a true copy of the foregoing to Mr. Al Earls, Assistant District Attorney, P.O. Box 2825, Jackson, TN 38302, this the _____ day of _____, 1996.

CLAYTON F. MAYO



C A N D I D
I N V E S T I G A T I O N S

102 E. Baltimore • Suite 200
Jackson, Tennessee 38301
(901) 422-5338

September 19, 1996

TO:
Honorable Whit LaFon
Madison County Circuit Court
Courthouse
100 E. Main Street
Jackson, TN  38301

        Re:  State vs. Jon Hall
             Henderson County Circuit Court No. 94-342

                            AFFIDAVIT

        I, Tammy Askew, will state and show unto His Honor as follows:

1.    That I am the private investigator appointed to assist the
defense in the above matter;

2.    That the trial date in this case is set for October 15, 1996;

3.    That there are still several additional witnesses that need to
be interviewed prior to this trial;

4.    That I just recently finished an investigation for a murder
case, State vs. Wickers, that went to trial in Madison County
Circuit Court on September 16, 1996;

5.    That this is an extremely complex case and a very emotional
case in the eyes of the public;

6.    That this private investigator is in need of more time in
which to competently and adequately complete my investigation and
prepare my report to present to His Honor.

        DATED this the 20 day of September, 1996.

                                    Tammy Askew
                              TAMMY ASKEW

    Sworn to and subscribed before me this the 20th day of
September, 1996.

                              _____
                              NOTARY PUBLIC
                              My Commission Expires: 10/18/99

AFFIDAVIT

State of Tennessee )

County of Shelby   )


I, Glori J. Shettles, after being duly sworn according to law, state as follows:

1)    I am a licensed private investigator, employed by Inquisitor, Inc. since January, 1993

2)    Clay Mayo, an attorney representing Jon Hall on a capital murder charge, requested my services on behalf of his client.

3)    On June 27, 1996, the Honorable Whit LaFon signed an order in State v. Jon Hall, No: 94-364, authorizing my services to conduct the mitigation investigation on Mr. Hall's behalf.

4)    Since the time of the authorization, an extensive interview with Jon Hall has been conducted.

5)    Jon Hall's family members have been interviewed, with the exception of a brother.

6)    The interview of this sibling is critical as it is felt he has relevant information with regard to Jon Hall's background.

7)    Although numerous documents and records have been obtained, jail and prison records, along with other needed records have not yet been received.

8)    Upon completion of the remaining interviews, including collateral persons and former employers all documents and information must be incorporated into a mitigation time line, which has been an on going process.

9)    Additionally, once the investigation is completed, follow-up conferences must be scheduled with Jon Hall and his attorneys to discuss trial strategy.

10)    For Jon Hall to receive minimally effective investigative services, a continuance should be requested.

Affidavit of Glori J. Shettles
Page 2 of 2

11)   To complete the above listed tasks, I estimate an additional ninety (90)
days will be required.

FURTHER THE AFFIANT SAITH NOT.

_Shettles_ signature                           _September 23, 1996_
GLORI J. SHETTLES                              DATE

Signed and sworn to before me this _23rd_ day of _SEPTEMBER_, 1996.

_Notary signature_
NOTARY PUBLIC

My Commission Expires: _07-12-98_

Affidavit

I, Julie Fenyes, Trial Consultant, makes this affidavit, and
on my oath states the following to be true:

1. I was appointed by the Honorable Judge ~~Jerry Woodall~~ Whit LaFon JF apr to
   assist Court appointed counsel Mike Mosier and Carthel
   Smith in Jury Selection for the Capital trial of
   Defendant Jon Hall.

2. The original trial date was November 7, 1995. I was
   prepared to go to trial on that date, and again on
   February 19, 1996.

3. Since the resetting, counsel Mosier and Smith were
   replaced by attorneys Jesse Ford and Clay Mayo. The date
   was again continued, this time reset for October 15,
   1996.

4. I have a conflict on October 15, 1996, and will not be
   available to assist in jury selection on this date. I
   will be in Federal Court in Memphis for a trial beginning
   October 15, and will be occupied with that case for
   approximately two weeks.

5. Based on the Court's ruling, granting the motion to
   appoint a Jury Consultant for Jon Hall's defense, I
   surmise that the Court recognizes the necessity of a Jury
   Consultant in this highly publicized Capital case.

6. Due to the time and effort I have dedicated to Jon Hall's
   case, I would like to have the opportunity to follow
   through with the jury selection. While unable to assist
   on October 15, I will gladly coordinate a new date with
   the attorneys and the Court.


_____
Julie Fenyes

Sworn to me and subscribed before me this _1st_ day of _October_ 1996.

Notary Public in and for the County of _Madison_, State of Tennessee.

My commission expires the _18th_ day of _October_, 1999.


_____
Notary Public

IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE
DIVISION I

STATE OF TENNESSEE,        )
                           )
          Plaintiff,       )
                           )
VS.                        )        NO. 96-539
                           )
JON HALL,                  )
                           )
          Defendant.       )

---

## AFFIDAVIT

---

I, Jean A. Munson, do depose and state that:

1.    That I am Clayton F. Mayo's secretary;

2.    That the Court of Appeals in Cincinnati, Ohio, telephoned Mr. Mayo's office on October 1, 1996, at approximately 9:50 a.m.;

3.    That I did speak with Marjorie, a clerk of the Court of Appeals, and she advised me that Mr. Mayo's Motion for Continuance regarding the oral argument that is scheduled for October 15, 1996, had been denied by the Court.

DATED this the 1st day of October, 1996.

_____
JEAN A. MUNSON

Sworn to and subscribed before me this the 1st day of October, 1996.

_____
NOTARY PUBLIC

My Commission Expires: 8-17-99

IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE
DIVISION I

STATE OF TENNESSEE,      )
                         )
        Plaintiff,       )
                         )
VS.                      )      NO. 96-589
                         )
JON HALL,                )
                         )
        Defendant.       )

*FILED*

OCT 0 8 1996

JOE GAFFNEY, CIRCUIT COURT CLERK
A.M. _____ DEPUTY CLERK

---

## MOTION FOR HEARING ON TRANSFER OF DEFENDANT

---

Comes your Defendant, JON HALL, by and through his attorneys of record, Clayton F. Mayo and Jesse H. Ford,III, and hereby requests that this Honorable Court have a hearing on Defendant's Motion to have Defendant Transferred to the Madison County Penal Farm or Madison County Jail in the above matter and in support of this Motion, Defendant and Attorneys would state and show unto the Court as follows:

1.    That this matter is scheduled for trial on October 15, 1996;

2.    That Attorneys filed a Motion to have Defendant transferred to Madison County at least thirty days prior to trial;

3.    That this Motion and an Order for same were sent to Assistant District Attorney on August 27, 1996, with no reply as of the date of filing this Motion;

4.    That when Attorneys' office contacted the District Attorney's office regarding the signing of this Order, we were advised that the Assistant District Attorney prepared a "Go-Get" Order to have Defendant brought to Madison County on October 7, 1996;

5.    That Attorneys feel Defendant should be brought back to Madison County as soon as possible in order to adequately and competently prepare to represent Defendant at his trial;

6.    That according to an Order entered with this Court on April 27, 1996, regarding a hearing held on April 9, 1996, it was ordered, "that in the event a local isolation cell becomes available at the Madison County Jail or the Madison County Penal Farm or within this district, such as Chester County Jail or

McNairy County Jail, JON HALL shall be put on a list so as to put

him in line for one of these isolation cells so his attorneys and

he can communicate with each other more effectively" and "that this

matter may be reviewed again as the trial date approaches";

    BASED UPON THE FOREGOING, Defendant's attorneys, Clayton F.

Mayo and Jesse H. Ford, III, respectfully requests that this

Honorable Court have a hearing on Defendant's Motion to have

Defendant Transferred to the Madison County Penal Farm or Madison

County Jail.

    DATED this the _27th_ day of ___September___, 1996.

                        Respectfully submitted,

                        _____
                        CLAYTON F. MAYO, #014138
                        Appointed Attorney for Defendant
                        618 N. Highland Avenue
                        P.O. Box 1625
                        Jackson, TN  38302-1625
                        (901) 422-1375

                        _____
                        JESSE H. FORD, III, #00119775
                        Appointed Attorney for Defendant
                        618 N. Highland Avenue
                        P.O. Box 1625
                        Jackson, TN  38302-1625
                        (901) 422-1375

CERTIFICATE OF SERVICE

    I hereby certify that I have either mailed or personally
delivered a/true copy of the foregoing to Mr. Al Earls, Assistant
District Attorney, P.O. Box 2825, Jackson, TN  38302, this the _____
day of ___October___, 1996.

                        _____
                        CLAYTON F. MAYO

92-14069

IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE
FOR THE TWENTY-SIXTH JUDICIAL DISTRICT AT JACKSON

STATE OF TENNESSEE,        **FILED**

     Plaintiff,        )

                   OCT 0 9 1996

vs.        )        No. 96-589B

          JOE GAFFNEY, CIRCUIT COURT CLERK

JON HALL,        )        DEPUTY CLERK

             A.M.

     Defendant.        )

---

## MOTION AND MEMORANDUM TO QUASH SUBPOENA OF TOM CLOUSE

---

NOW COMES the undersigned counsel on behalf of his clients, Mr. Tom Clouse, a reporter for *The Jackson Sun*, and *The Jackson Sun*, and seeks to quash the subpoena of Mr. Clouse. The State of Tennessee had subpoenaed Mr. Clouse to testify in the trial of the above-captioned cause for October 15, 1996. The State has represented to the undersigned that it will subpoena Mr. Clouse to testify at the trial which is now scheduled for February 3, 1997. *The Jackson Sun* and Mr. Tom Clouse seek to dismiss this subpoena on grounds of T.C.A. § 24-1-208 which provides as follows:

    (a) A person engaged in gathering information for publication or broadcast connected with or employed by the news media or press, or who is independently engaged in gathering information for publication or broadcast, shall not be required by a court, a grand jury, the general assembly, or any administrative body, to disclose before the general assembly or any Tennessee court, grand jury, agency, department, or commission any information or the source of any information procured for publication or broadcast.

In light of *The Jackson Sun* and Mr. Tom Clouse invoking the shield statute, the State can not require Mr. Clouse to testify at

this cause since the State, upon information and belief, seeks to question Mr. Clouse concerning an article that he wrote for *The Jackson Sun* relative to an interview he conducted of Mr. Jon Hall, the Defendant in the above-captioned cause.

As Mr. Clouse conducted this interview in his capacity as a news reporter and was therefore in the process of gathering information for publication, the State can not, pursuant to T.C.A. § 24-1-208(a), subpoena him to testify before this Court.

RESPECTFULLY SUBMITTED THIS THE _____ DAY OF _____, 1996.

                                    Waldrop & Hall, P.A.


                    By: _____
                                    Charles M. Purcell, #012461

                                    P.O. Box 726
                                    106 South Liberty Street
                                    Jackson, TN  38302-0726
                                    (901) 424-6211


                         CERTIFICATE OF SERVICE

This is to certify that I served a copy of this pleading or papers in person or by mail upon each attorney or firm of attorneys appearing of record for each adverse party on or before the filing date thereof.

DATE:    This the _____ day of _____, 1996.

                                    WALDROP & HALL, P.A.
                              By: _____

                                    2

FILED

*Madison*

IN THE CIRCUIT COURT OF ~~HENDERSON~~ COUNTY, TENNESSEE

OCT 1 6 1996

JOE CAFFMEY CIRCUIT COURT CLERK

| STATE OF TENNESSEE, | ) | |
|---|---|---|
| | ) | |
| VS. | ) | No. 94-342; 94-452 |
| | ) | and 94-454 |
| JON HALL, | ) | |

DEPUTY CLERK
_____ A.M.

*96-589*

---

ORDER ON MOTION FOR CONTINUANCE

---

This matter came on for hearing on this the 3rd day of October, 1996, before the Honorable Whit S. LaFon, Judge on Defendant's Motion for Continuance. After hearing argument of counsel the Court was of the opinion that the motion should be granted and the trial of this matter is reset for February 3, 1997. The Court further finds that counsel shall submit every fifteen days status reports to the Court on progress begin made toward preparation of mitigation reports that is being prepared on behalf of the Defendant. The Court further finds that the matter shall go to trial as scheduled on February 3, 1997.

ALL THE ABOVE IS ORDERED, ADJUDGED AND DECREED this the 14 day of Oct , 1996.

_____
WHIT S. LAFON, Judge

APPROVED FOR ENTRY:

_____
AL EARLS
Assistant District Attorney
P. O. Box 2825
Jackson, TN 38302

_____
CLAYTON F. MAYO
Attorney for Defendant
P. O. Box 1625
Jackson, TN 38302

_____
JESSE H. FORD, III   009775
Attorney for Defendant
P. O. Box 1625
Jackson, TN 38302

IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE
DIVISION I

**FILED**

STATE OF TENNESSEE

NOV 05 1996

v.

JOE GAFFNEY, CIRCUIT COURT CLERK

No. 96- 589

DEPUTY CLERK

JON HALL

A.M.

## STATE'S RESPONSE

Comes now the State of Tennessee by and through the office
of the District Attorney General and states:

1.   The defendant's motion is so much nonsense.

2.   The State will only respond to motions filed by
     counsel.

Respectfully submitted:

ASSISTANT DISTRICT ATTORNEY
26TH JUDICIAL DISTRICT

## Certificate of Service

I hereby certify that I have mailed or delivered a true copy
of the foregoing to Mr. Jon Hall, 7475 Cockrill Bend Ind Rd.,
Nashville, TN 37209-1010, this the __4__ day of November, 1996.

ASSISTANT DISTRICT ATTORNEY
26th JUDICIAL DISTRICT

IN THE CIVIL COURT FOR THE TWENTY-SIXTH JUDICIAL DISTRICT

HENDERSON COUNTY **FILED** AT LEXINGTON TENNESSEE

JON HALL / PETITIONER

                NOV 12 1996  )
                        )

V.          JOE GAFFNEY, CIRCUIT COURT CLERK
                      ) DOCKET NO. 96-589
              DEPUTY CLERK
           A.M.        )

STATE OF TENNESSE et. al.,    )

---

WRIT OF MANDAMUS / COMPELLING JUDGE TO ORDER DEFAULT

---

    Comes now the Plaintiff, Jon Hall, to compel the Trial Judge to
order a default judgement against the Respondent's, for failure to
answer the Petitioner's complaint within the time prescribed by law.
See: F.R.C.P. Rule # 12 (20 days). In support of this motion, the
Petitioner will show forth this Court the following and just reasons:

1. Petitioner has filed a habeas corpus / civil rights complaint for
   civil rights violations within this jurisdiction on August 1, 1996.

2. Respondent's have failed to answer said complaint and a default
   motion was served Nov. 1, 1996, and the Respondent's have failed
   to bring a motion raising a 12 (b) defense within that time or
   requested for an extension of time to file an answer.

3. Respondent's response stating that they are not required to answer
   should be of no avail, because, this is a civil complaint, and
   the state has not provided an attorney to present an amended
   complaint, therefore, Jon Hall, is counsel in this matter.

4. State's response was provided by Assistant District Attorney, Al
   Earl's, to which was not present during the 8/22/94 proceedings,
   nor is a proper Respondent, therefore, Al Earl's comment that the
   Petitioner's complaint is nonsense, is unfounded, improper, and
   irrelevant, to which Al Earl's has no "sense" to support a response.

5. Middle Tennessee Mental Health (M.T.M.H.I.) has certified that the
   Petitioner is not insane, and capable of presenting a defense for
   the matter at hand in a court of law, via Larry Southard, the
   Director of Forensic Services, (615) 366-7973, certification of this
   statement, was made pursuant to letter sent to the Honorable, Whit
   S. Lafon March 28, 1995.

    Wherefore, Petitioner, moves this Honorable Court to grant the
petitioner the appropriate relief as required by law. This Writ has
been mailed to Jerry Woodal, P.O. Box 2825 Jackson Tennessee 38302,
on this the sixth day of November 1996.

                         Respectfully, submitted,

IN THE CIRCUIT COURT FOR THE TWENTY-SIXTH JUDICIAL DISTRICT

HENDERSON COUNTY AT LEXINGTON TENNESSEE

DIVISION I

STATE OF TENNESSEE / Respondents      )
                                       ) CRIM. NO. 94-342, 94-452, & 94-454
                        **FILED**      ) Habeas Corpus Petition No.———————
v.                                     )
                                       ) Federal Docket No. 3:96-0940
JON HALL / Petitioner   DEC 0 4 1996   )

                JOE GATTNEY, CIRCUIT COURT CLERK
                        DEPUTY CLERK
                            A.M.
    MOTION FOR DEFAULT JUDGEMENT PURSUANT TO THE ABOVE ACTION

──────────────────────────────────────────────────────────────

    Petitioner, Jon Hall, moves this Court to enter a default
Judgement against the Respondents, and release the Petitioner from the
unlawful confinement the State has imposed upon him unconstitutionally
as stated in the original complaint, and state that;

1. That a default has been entered against the Respondent's for
   failure to answer in the above entitled action;

2. That Respondents are not in the military service as shown by the
   attached affadavit.

                                Respectfully submitted,

                                *Jon Hall*

                                JON HALL / PETITIONER
                                7475 Cockrill Bend Ind. Rd.
                                Nashville Tennessee 37209-1010


                    CERTIFICATE OF SERVICE

    I  *Jon Hall*          , hereby certify that I have mailed a
true and exact copy of the foregoing motion, affidavit in support of
entry of default, affidavit in support of Respondents are not in the
military service, and order, for this matter, this the 1st day of
November 1996.; To District Attorney, Jerry Woodal, P.O. Box 2825,
Jackson Tennessee 38302; Ricky Bell, 7475 Cockrill Bend Ind. Rd.
Nashville Tennessee 37243; and the Clek of Courts, Kenny Cavness, for
Henderson County, Lexington Tennessee 38351.

IN THE CIRCUIT COURT FOR THE TWENTY-SIXTH JUDICIAL DISTRICT

HENDERSON COUNTY AT LEXINGTON, TENNESSEE

DIVISION I

STATE OF TENNESSEE / Respondents          )
                                           ) CRIM. NO. 94-342, 94-452, 94-454
v.                              FILED      ) Habeas Corpus Petition No._____
                                           ) Federal Docket No. 3:96-0940
JON HALL / Petitioner     DEC 0 4 1996     )
_____
                          AFFIDAVIT FOR ENTRY OF DEFAULT
_____


STATE OF TENNESSEE  )
                    ) -ss-
COUNTY OF DAVIDSON  )

Petitioner, Jon Hall, being duly sworn, deposes and says:

1. That he is the _pro-se_ counsel in the above entitled action;

2. That Respondents, Jerry Woodal, P.O. Box 2825 Jackson, Tennessee
   38302; Ricky Bell, 7475 Cockrill Bend, Ind. Rd. Nashville Tennessee
   37243; or The Clerk of Courts, Kenny Cavness, Henderson County,
   at Lexington Tennessee 38351; and The Honorable, Judge, Whit s. Lafon,
   was served with a copy of the summons and complaint, as it appears
   from the proof of service August 1, 1996, R.M.S.I. / T.D.O.C. With-
   Drawl No. # 78754 (Circuit Court Motion / Federal Complaint simultane
   ously FILED).

3. That Respondents have not filed or served an answer or taken any
   actions as may be permitted by. law to my knowledge, although (65)
   working days have elapsed, since the date of service.

4. Attorney's of record, Jesse Ford, & Clay Mayo, have not given me
   any indication that they pursued my Habeas Corpus Petition, or
   preserved the issues. Note: How am I to preserve my meritorious
   issues if my Attorney's are ineffective, and the Court ignores my
   Petition ?

                                   Respectfully submitted,

                                   Jon Hall
                                   _____
                                   JON HALL / PETITIONER


    I _____Jon Hall_____, hereby swear under the penalty for
perjury that the foregoing affadvit is true to the best of my know-
ledge and belief. Signed this the 1st day of November, 1996.

IN THE CIRCUIT COURT FOR THE TWENTY-SIXTH JUDICIAL DISTRICT

HENDERSON COUNTY AT LEXINGTON TENNESSEE

DIVISION I

STATE OF TENNESSEE / Respondents    )
                                    ) CRIM. NO. 94-342, 94-452, & 94-454
V.                                  ) Habeas Corpus Petition No._____
                                    ) Federal Docket No. 3:96-0940
JON HALL / Petitioner               )

AFFIDAVIT THAT RESPONDENT'S ARE NOT IN THE MILITARY SERVICE

**FILED**

DEC 0 1 1996

___ DEPUTY CIRCUIT COURT CLERK

___ A.M    DEPUTY CLERK

STATE OF TENNESSEE )
                   ) -ss-
COUNTY OF DAVIDSON )

Petitioner, being duly sworn, deposes and says:

1. That he is the pro-se counsel in the above entitled action;

2. That Respondent's are believed to be working in the Lexington, and
   Madison County area in their same position in which this matter
   came to be heard as described in the complaint.

3. That from the above mentioned facts, Petitioner is convinced that
   the Respondent's are not in the military service of the United
   States of America.

                                    Respectfully submitted,

SWORN THIS THE 1st DAY OF Nov. 1996.    *Jon Hall*
                                        JON HALL / PETITIONER
                                        7475 Cockrill Bend Ind. Rd.
                                        Nashville Tenn. 37209-1010

IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE
DIVISION I

**FILED**

STATE OF TENNESSEE

JAN 2 4 1997

v.                              JOE GAFFNEY, CIRCUIT COURT CLERK              No. 96-589

JON HALL                        DEPUTY CLERK

                                A.M.

## MOTION TO RESTRICT DEFENDANT MAIL AND
## PHONE CALLS FROM VICTIM'S FAMILY

Comes now the State of Tennessee by and through the Office
of the District Attorney General and moves this Honorable Court
to Order the Sheriff of Madison county to censor the defendant's
mail so that no mail is sent from the defendant to any member of
the victim's family.  In support of said motion the State would
show that the defendant has contacted the victim's family by mail
and such contact is offensive to the victim's family and said
letters contain veiled threats toward the victim's family.

Wherefore premises considered the State moves this Honorable
Court to Order the Sheriff of Madison county to censor the
defendants mail and phone privileges so that no mail or phone
calls are made to any member of the victim's family.

Respectfully Submitted:

AL EARLS
ASSISTANT DISTRICT ATTORNEY
26TH JUDICIAL DISTRICT

## Certificate of Service

I hereby certify that I have mailed or delivered a true copy
of the foregoing to Mr. Jay Ford, Attorney at Law, 618 N.
Highland Ave., Jackson, TN 38301, this 2 4 day of January
1997.

AL EARLS
ASSISTANT DISTRICT ATTORNEY
26th JUDICIAL DISTRICT

IN THE CIRCUIT COURT OF MADSION COUNTY, TENNESSEE
DIVISION I

**FILED**

| | | | |
|---|---|---|---|
| STATE OF TENNESSEE | ) | | |
| | ) | | JAN 24 1997 |
| VS. | ) | NO. 96-5890 | |
| | ) | | JOE GAFFNEY, CIRCUIT COURT CLERK |
| JON HALL | ) | | By __ |
| | | | A.M. _ DEPUTY CLERK |

NOTICE OF STATE'S INTENT TO USE PRIOR ASSAULT

Please be advised that the State will rely upon the following conviction to impeach or enhance any sentence in this case:

1. Assault on March 7th, 1991 out of Carroll county sentence to 11 months and 29 days.

Respectfully submitted,

*Al Earls*

Al Earls

CERTIFICATE OF SERVICE

I Hereby certify that a true and exact copy of the foregoing has been delivered via U.S. Mail to Jesse Ford on or before the filing date as affixed by the Clerk of this Court this the 24th day of January, 1997.

IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE
DIVISION I

STATE OF TENNESSEE              )
                                )
VS.                             )    NO. 96-589
                                )
JON HALL                        )

FILED

FEB 0 4 1997

JOE GARNER, CIRCUIT COURT CLERK
BY _____
A.M.    DEPUTY CLERK

STATE'S SPECIAL REQUEST NO. 1

Comes now the State of Tennessee by and through the Office of the District Attorney General and requests this Honorable Court give the Jury instruction on flight as given in the Tennessee Pattern Jury Instructions:

Respectfully submitted

_____
Assistant District Attorney

CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing was delivered to Jesse Ford on or before the filing of the above document on or before the filing date as affixed by the Clerk of this Court this the 4th day of January, 1997.

_____

IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE

FILED
FEB 18 1997

STATE OF TENNESSEE,      )
                         )
VS.                      )      No. 96-589
                         )
JON HALL,                )

JOE GAITHER, CIRCUIT COURT CLERK
DEPUTY CLERK

ORDER

Upon application of Plaintiff by and through his attorney of record, Jesse H. Ford, III,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.    Defendant in this cause, JON HALL, is an indigent person and Jesse H. Ford, III and Clayton F. Mayo, Attorneys at Law, is appointed as counsel for the purpose of prosecuting an appeal in this cause;

2.    Plaintiff, JON HALL, as an indigent person, is entitled to have a transcript furnished at the State's expenses under Rule 37 of the Tennessee Rules of Criminal Procedure and Rule 24 of the Tennessee Rules of Criminal Procedure. The official Court Reporter is hereby directed to furnish a transcript and bill of exceptions to Defendant and his counsel.

3.    Defendant is expressly granted leave to proceed as a poor person on appeal.

ENTER this the ___18___ day of ___Feb___, 1997.

_____
WHIT LAFON, Judge

CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was served Mr. Al Earls, Assistant District Attorney, P. O. Box 2825, Jackson, Tennessee, 38302 by mailing the same with sufficient postage to insure proper delivery this the 18th day of February, 1997.

_____
JESSE H. FORD, III

IN THE CIRCUIT COURT OF ~~HENDERSON~~ *Madison* COUNTY, TENNESSEE
DIVISION I

```
STATE OF TENNESSEE,          )
                             )
        Plaintiff,           )
                             )
VS.                          )    NO. 96-589
                             )
JON HALL,                    )
                             )
        Defendant.           )
```

**FILED**

FEB 2 5 1997

JOE CAFFNEY, CIRCUIT COURT CLERK

DEPUTY CLERK

A.M.

---

EX-PARTE ORDER FOR ADDITIONAL JURY CONSULTANT SERVICES

---

This cause came to be heard the ____ day of _____,
1997, before the Honorable Whit LaFon, Circuit Court Judge, and it
appearing to the Court that Defendant and his attorneys in the
above referenced case are in need of further funds for jury
consultant services, and it further appearing to the Court that the
above referenced case is a capital murder case in which the State
is seeking the death penalty, and it further appearing to the Court
that such services are necessary, and,

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that
Defendant's jury consultant, Julie Fenyes, be granted additional
hours, up until 8:30 a.m. February 4, 1997, at Fifty Dollars
($50.00) per hour from the State of Tennessee Indigent Defense Fund
for the purposes of jury consultation in the above-referenced
matter.

ENTER this the _10_ day of _____, 1997.

_____
HONORABLE WHIT LAFON
Circuit Judge

APPROVED FOR ENTRY:

_____
JESSE H. FORD, III
Attorney for Defendant

_____
CLAYTON F. MAYO
Attorney for Defendant

IN THE CRIMINAL/CIRCUIT COURT OF _MAD 1SON_ COUNTY, TENNESSEE

Case Number: _96-589_  Count #: _ONE_  Attorney for the State _Jerr Woodall / AL Earls_
Judicial District _26_  Judicial Division _I_  Counsel for Defendant _Jesse Ford / Clay Mayo_

[ ] Retained  [X] Appointed  [ ] Public Defender

State of Tennessee
vs.
Defendant _Jon Hall_  Alias _____
Date of Birth _8 / 05/ 64_ Sex _M_ Race _W_  SSN _187 . 52 . 0101_
From indictment # _96-589_  Warrant # _____  TDOC # _____
TBI Document Control # _____

FILED
FEB 25 1997
JOE GAFFNEY, CIRCUIT COURT CLERK
DEPUTY CLERK
A.M.

## JUDGMENT

Comes the District Attorney General for the State and the defendant with counsel of record for entry of judgment.
On the _5th_ day of _February_, 19 _97_, the defendant:

[ ] pled guilty  [ ] Dismissed/Nolle Prosequi
[ ] Remand/Transfer to Other Court
[ ] Retired/Unapprehended Defendant

Is found:
[X] guilty  [ ] not guilty
[X] jury verdict  [ ] not guilty by reason of insanity
[ ] bench trial  [ ] nolo contendere

Indictment: Class (circle one) [1st] A B C D E [X] Felony [ ] Misdemeanor
Offense _First Degree Murder_
Amended Charge _____
Offense date _7/29/94_ County _Henderson_
Conviction offense: _First Degree MURDER_
TCA# _39-13-202_ Sentence-imposed date _02/05/97_
Conviction class (circle one): [1st] A B C D [X] Felony [ ] Misdemeanor

After considering the evidence, the entire record, and all factors in T.C.A. Title 40, Chapter 35, all of which are incorporated by reference herein, the Court's findings and rulings are:

[ ] Sentence Reform Act of 1989
[ ] Mitigated 20%  [ ] Mitigated 30%
[ ] Standard 30% Range 1  [ ] Multiple 35% Range 2
[ ] Persistent 45% Range 3  [ ] Career 60%
[ ] Violent 100%  [ ] Multiple Rapist
[X] 1st Degree Murder  [ ] Child Rapist
[ ] Repeat Violent Offender  [ ] School Zone

[ ] Pre 1982  Sentence: _____
[ ] 1st Degree Murder
[ ] Sentence Reform Act of 1982
[ ] 30% Range 1
[ ] 35% Range 2
[ ] 40% Range 2
[ ] 1st Degree Murder

Concurrent with:

Consecutive to:

Sentenced to:
[X] TDOC
Sentence Length: _____ Years _____ Months _____ Days _____ Life _____ Life Without Parole _X_ Death
Mandatory Minimum Sentence (applicable to T.C.A. 39-17-417, 39-13-513 and 39-13-514 in school zone) _____

[ ] County Jail  [ ] Workhouse  _____ Years _____ Months _____ Days _____ Hours _____ Week-ends _____ Periodic: (_____)
Mandatory Minimum Sentence (applicable to T.C.A. 39-17-417, 39-13-513 and 39-13-514 in school zone) _____
_____% min. svc. prior to program or work release _____ % min. svc. prior to release (Misdemeanor only)

[ ] Probation  _____ Years _____ Months _____ Days  Effective: _____
[ ] Community Based Alternative  _____ Years _____ Months _____ Days _____ Hours _____ Week-ends
Specify: _____

Pretrial Jail Credit Period: from ___/___/___ to ___/___/___  from ___/___/___ to ___/___/___ or Number of Days: _____

Court Ordered Fees and Fines:
$_____ Criminal Injuries Compensation Fund
$_____ Supervision
$_____ Child Support
$_____ Court Costs
$_____ FINE ASSESSED

Restitution
Victim Name _____
Address _____
Total Amount $_____ $_____ per month
[ ] Unpaid Community Service: _____ Hours _____ Days _____ Weeks _____ Months
[X] The Defendant having been found guilty is rendered infamous.

Special Conditions:

_____  _Robert Lee_  _25 Feb (97)_
Judge's Name  Judge's Signature  Date of Entry of Judgment

White copy - Criminal Court Clerk
Yellow Copy - TN Dept. Of Correction - MIS-SMS
Pink Copy - Judicial Council
Goldenrod - Jail

_____  _____
Attorney for State/Signature (optional)  Defendant's Attorney/Signature (optional)

CR-3419 (REV. 09-95)  RDA-1169

IN THE CRIMINAL COURT OF APPEALS
AT JACKSON TENNESSEE

JON HALL                          )
    APPELLANT                     ) 26th JUDICIAL DIST., DIV. I
                                  ) HENDERSON CO. NO.# 94-342
V.                                )—MADISON CO. NO.# 96-589
                                  )  C.C.A.  NO.# _____
STATE OF TENNESSEE                )
    APPELLEE                      )

**FILED**

MAR 05 1997

JOE CHANEY, CIRCUIT COURT CLERK

_____ DEPUTY CLERK

A.M.

---

NOTICE OF APPEAL

---

Notice is hereby given that, Appellant, Jon Hall, hereby appeals to the Criminal Court of Appeals from the final judgement of DEATH BY ELECTROCUTION, pursuant to the THREE (3) day trial, (including the guilt / innocence & sentencing phase) starting on Febuary 3, 1997, and the final judgement entered in this action on the 5th day of Feb. 1997.

Respectfully submitted,

APPOINTED COUNSEL ?

Jesse Ford III. ?                 Jon Hall, # 238941
Clayton F. Mayo                   R.M.S.I. U-2 A-110
618 N. Highland    COUNSEL ?      7475 Cockrill Bend Ind. Rd.
P.O. BOX 1625                     Nashville Tenn. 37209-1010
Jackson, Tenn. 38302
(901)-422-1375

CERTIFICATE OF SERVICE

I _____, hereby certify that I have sent a true and exact copy of the foregoing notice to; 26th Dist. Atty. Jerry Woodal; P.O. Box 2825, Jackson Tenn. 38302; Office of the State Atty. General, 450 James Robertson Parkway, Nash. Tenn. 37219; Office of the Clerk, Criminal Court of Appeals, P.O. Box 909, Jackson Tenn. 38302; on this the 3 Rd day of March 1997, by U.S. 1st Class postage.

TO WHOM IT MAY CONCERN:

This is to certify that this document for NOTICE OF APPEAL, was completed prior to the (30) day time limit, for filing appeal. NOTE: this is the back of this notice, (no space for verification on the reverse side).

Respectfully submitted,

Tony Hall # 236941

SWORN AND SUBSCRIBED BEFORE ME ON THIS THE _24_ DAY OF _Feb_ 1997.

NOTARY PUBLIC _Howard Wayne Branson_

MY COMMISSION EXPIRES _My Commission Expires JULY 24, 1999_

IN THE CRIMINAL COURT OF APPEALS

AT JACKSON TENNESSEE

JON HALL

    APPELLANT

**FILED**

MAR 05 1997

JOE GAFFNEY, CIRCUIT COURT CLERK
DEPUTY CLERK
A.M.

)
) 26th JUDICIAL DIST., DIV. I
) HENDERSON CO. NO.# 94-342
) MADISON CO. NO.# 96-589
) C.C.A. NO. _____
)

STATE OF TENNESSEE

    APPELLEE

)
)

---

## MOTION FOR TRANSCRIPT OF PRIOR TRIAL

Comes now the Appellant, Jon Hall, pursuant to Rule 18 (c) of the T.R.A.P., to request the court reporter to prepare a complete verbatim transcript of the previous trial, including all jury out conferences in this matter, during both the guilt / innocence phase, and the sentencing phase. It is further requested that this court to direct the court to furnish the Appellant of the motion hearing transcript, held on November 8, 1995, and any and all other held motions hearings, that were held EX-PARTE, in this matter, specifically the one that addressed the change of venue issue.

Respectfully submitted,

Jon Hall / Appellant

**COUNSEL FOR APPELLANT ?**

_____

CERTIFICATE OF SERVICE

I ___Jon Hall___, hereby certify that I have sent a true and exact copy of the foregoing notice to: 26th Dist. Atty. Jerry Woodal, P.O. Box 2825, Jackson Tenn. 38302; Office of the State Atty. General, 450 James Robertson Parkway, Nash., Tenn. 37219; Office of the Clerk, Criminal Court of Appeals, P.O. Box 909, Jackson Tenn. 38302, and the Office of the Clerk, for the 26th Judicial District, Madison County, at 100 East Main Street, Jackson Tennessee 38301, sent by U.S. mail, on this the 3rd day of March 1997.

TO WHOM IT MAY CONCERN:

This is to certify that this document for MOTION FOR TRANSCRIPT OF PRIOR TRIAL, was completed prior to the (30) day time limit, for filing appeal. NOTE: This is the back of this motion, (no space for verification on reverse side).

Respectfully submitted,

Jon Hall # 238941

SWORN AND SUBSCRIBED BEFORE ME ON THIS THE __24__ DAY OF __Feb.__ 1997.
NOTARY PUBLIC _____
MY COMMISSION EXPIRES _____My Commission Expires JULY 24, 1999____

IN THE CRIMINAL COURT OF APPEALS
AT JACKSON , TENNESSEE

JON HALL )
   APPELLANT ) 26th JUDICIAL DIST., DIV. I
) HENDERSON CO.# 94-342
V. ) MADISON CO.# 96-569
) C.C.A. NO.# _____

STATE OF TENNESSEE
   APPELLEE

**FILED**
MAR 05 1997
JOE GAFFNEY, CIRCUIT COURT CLERK
DEPUTY CLERK

---

MOTION FOR PRESERVATION OF RECORDS / EVIDENCE

Comes now the Appellant pursuant to Tenn. Rules of the Court of Appeals, Rule 5, for the preservation of the audio tapes of the criminal proceedings in the above stated matter; See also: T.C.A. § 10-7-302 to § 10-7-307.

In support of this motion, the appellant has filed a collateral pleading for Habeas Corpus relief, pursuant to 28 U.S.C. § 2241, for this matter, because, the transcript of the preliminary hearing, did not convey the important litigation pertaining to the admittance of illegally obtained evidence. This evidence was used as the States proof in chief, for the bind over, denying the Appellant of discovery, the State was obligated to provide. Further, this evidence was printed in both Henderson, and Madison Counties, before the Grand Jury convened, thus the appellants fourth, fifth, sixth, and fourteenth U.S.C.A. Const. Amendment rights were violated. SEE; Habeas petition no. 3:96-0940, and Sixth circuit court brief no. 96-6624

Wherefore, the Appellant contends there is sufficient evidence to justify probable cause, requesting that all audio tapes of the criminal proceedings be preserved, and reviewed by this Honorable Court, to protect the rights of the Appellant, to insure the proceedings meet the standard of procedural fairness which the U.S.C.A. Const. Amend. 14, demands of the states. Peterson v. Henderson, D.C. Tenn. 1967, 271 F. Supp. 30.

Respectfully submitted,

_____

COUNSEL FOR APPELLANT ?

TO WHOM IT MAY CONCERN:

This is to certify that this document for NOTICE OF APPEAL, was completed prior to the (30) day time limit, for filing appeal. NOTE: This is the back of this notice, (no space for verification on the reverse side).

Respectfully submitted,

Jon Hall  # 236941

SWORN AND SUBSCRIBED BEFORE ME ON THIS THE 24 DAY OF Feb 1997.

NOTARY PUBLIC

MY COMMISSION EXPIRES    My Commission Expires JULY 24, 1999

IN THE CRIMINAL COURT OF APPEALS

AT JACKSON TENNESSEE

JON HALL                          )
    APPELLANT                     ) 26th JUDICIAL DIST., DIV. I
                                  ) HENDERSON CO. NO.# 94-342
v.                                ) MADISON CO. NO.# 96-589
                                  ) C.C.A. NO.# _____
STATE OF TENNESSEE                )
    APPELLEE                      )

FILED
MAR 05 1997
JOE GAFFNEY, CIRCUIT COURT CLERK
_____ DEPUTY CLERK
A.M.

_____

MOTION FOR JUDGEMENT OF ACQUITTAL

_____

        Comes now the Appellant, Jon Hall, pursuant to Rule 29 (c), of
the Tenn. R. Crim. P., and moves the court to enter a judgement of
acquittal upon the conviction for PREMEDITATED murder, because the State
failed to prove PREMEDITATION, based upon the credibility of States
informant Chris Dutton, See: State v. Dick, 872 S.W.2d 938 (Tn. Crim.
App. 1993) ¶ [2] Summarized in Melson v. State, 638 S.W.2d 342, and
the reliability of the testimony, of the States (3) minor witnesses,
whose memory was comprimized over the lapse of time, also the (10)
year old witness (Cynthia), admitted that she was coached personally
by Dist. Attorney Woodal.[see med. records from; center for child development].
        Wherefore, the appelant prays that this Honorable Court, seriously
consider the credibility of the States (PROOF IN CHIEF) to establish
PREMEDITATION which is the essential element of FIRST DEGREE MURDER.

                                    Respectfully submitted,

COUNSEL FOR APPELLANT ?

                                    _____
_____              Jon Hall / Appellant


                    CERTIFICATE OF SERVICE

        I _____, hereby certify that I have sent a true and
exact copy of the foregoing motion to; 26th Dist. Atty. Jerry Woodal,
P.O. Box 2825, Jackson Tenn. 38302; Office of the State Atty. General,
450 James Robertson Parkway, Nash. Tenn. 37219; Office of the Clerk,
Criminal Court of Appeals, P.O. Box 909, Jackson Tenn. 38302, on this
the 3rd day of March 1997, by U.S. 1st Class postage.

TO WHOM IT MAY CONCERN:

This is to certify that this document for MOTION FOR JUDGEMENT OF ACQUITTAL, was completed prior to the (30) day time limit, for filing appeal. NOTE: This is the back of this motion, (no space for verification on reverse side).

Respectfully submitted,

Jon Hall # 238941

SWORN AND SUBSCRIBED BEFORE ME ON THIS THE ___24___ DAY OF ___Feb___ 1997.

NOTORY PUBLIC ___Howard Wayne Brandon___

MY COMMISSION EXPIRES ___My Commission Expires JULY 24, 1939___

IN THE CRIMINAL COURT OF APPEALS
AT JACKSON TENNESSEE

JON HALL                          )
    APPELLANT                     ) 26th JUDICIAL DIST., DIV. I
                                  ) HENDERSON CO. NO.# 94-342
V.                                ) MADISON CO. NO.# 96-589
                                  ) C.C.A. NO.# _____
STATE OF TENNESSEE                )
    APPELLEE                      )

---

### MOTION IN ARREST OF JUDGEMENT

---

Comes now the appellant pursuant to Rule 34, Tenn. R. Crim. P., and moves the Court to arrest the Judgement in this case upon the following grounds:

1. The Court is without jurisdiction of the offense charged, because, the Appellant never consented to be tried in the County of Madison, from an offense alleged to have been committed in Henderson County.

2. The Court is without jurisdiction of the offense charged, because, this Court is without subject-matter jurisdiction. The Court was exercising its jurisdiction under maratime law. The Court had no authority to try, and / or sentence the Appellant, without his consent to contract with this court to be sentenced under the said maratime jurisdiction; Therefore, this Court had no power to hear the criminal proceeding before it. (See; e.g., Davis v. Davis, 9 Ill. App.3d 922, 293 N.E.2d 399, 405). [See also; appellate brief, 96-6624; Ex. No. [26-38].

It cannot be acquired or implied (through constructive knowledge and consent) that Appellant knowingly consented to said maratime and personal jurisdiction of this court at the time he was tried and sentenced, (See; e.g., Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091.

The intent to deprive Appellant of his constitutional rights that are relevent to this cause, can be shown by policy and / or custom of the officers of this Court. (See; e.g., 42 U.S.C. § 1983 notes: 319-337).

1.

MOTION FOR ARREST OF JUDGEMENT

CONCLUSION

In the United States, the Office of the Attorney General is one which is provided by the constitutional and statutory provisions of the various states, and where the powers and duties of the Attorney General are fixed by the constitution, a statute interfering therewith is invalid. Murphy v. Yates, 348 A.2d 837, Md. 475, 84 A.L.R. 3d 1.

Appellant did not have a contract with this Court to be tried and sentenced under maratima jurisdiction, which had to be declared, and made known to the petitioner if the Court was legally to retain subject-matter jurisdiction over the case. Otherwise, a maratime contract relates to buisness of navigation. Massman Const. Co. v. Bassett, D.C. Mo. 30 F. Supp. 813, 815.

Because Appellant did not consent to either Madison Co. Venue, or a maratime contract with the Court, it constituted a voidable contract, Derner v. Joseph Zukinhlousee, 13 Cal. App. 2d 124, 56 P.2d 574-75.

A contract which is void, which never had any legal effect, and such contract cannot in any manner have life breathed into it. See; National Union Indemnity Co. v. Bruce Bros., 44 Ariz. 454, 38 P.2d 648, 652.

Furthermore, T.C.A § 40-30-203; States: Ground for relief. Sec. (a). Relief under this chapter shall be granted when the conviction or the sentence is void, or voidable, because of the abridgement of any right guaranteed by the constitution of this State or the constitution of the United States.

Wherefore, Appellants sentence should be vacated and dismissed.

Respectfully submitted,

_Jon Hall_

JON HALL / APPELLANT

COUNSEL FOR APPELLANT ?

_____

CERTIFICATE OF SERVICE

I _Jon Hall_, hereby certify that I have mailed a true and exact copy of the foregoing motion to; 26th Dist. Atty., Jerry Woodal, P.O. Box 2825, Jackson Tenn. 38302; Office of the State Atty. General, 450 James Robertson Parkway, Nash. Tenn. 37219; Office of the Clerk, Criminal Court of appeals, P.O. Box 909, Jackson Tenn., 38302, on the 3rd day of March 1997, by U.S. First Class postage.

2.

IN THE CRIMINAL COURT OF APPEALS
AT JACKSON TENNESSEE

JON HALL                    )
    APPELLANT               ) 26th JUDICIAL DIST., DIV. I
                            ) HENDERSON CO. NO.# 94-342
V.                          ) MADISON CO.# 96-589
                            ) C.C.A. NO.# _____
STATE OF TENNESSEE          )
    APPELLEE                )

**FILED**
MAR 05 1997
JOE G. ___ CIRCUIT COURT CLERK
DEPUTY CLERK
A.M.

---

## MOTION FOR NEW TRIAL / AMENDMENT

---

Comes now the Appellant, with or without counsel, (to protect his rights), and moves the Court to grant him a new trial for the reasons as follows:

1. Whether the trial judge erred in refusing to sign a contract pursuant to Title 3, U.C.C. section 301, to retain subject-matter of this case.

2. Whether the trial judge erred in refusing to remove the "U.S. Flags of War" from the Court, with the intent to deprive a United States citizen of his U.S. Constitutional rights, in addition, denying the Appellant from testifying on his own behalf, prejudicing him the right to a fair and impartial trial. [See: T.C.A. § 23-1-109].

3. Whether the trial judge erred in holding EX-PARTE held motion hearings, depriving the Appellant from protecting / asserting his ideas in presenting a defense in this matter, prejudicing him of a fair, and impartial trial. [See: T.C.A. § 23-1-109].

4. Whether the trial judge erred in forcing the Appellant to wear leg restraints during the jury selection process.

5. Whether the trial judge erred in allowing persons other than the jury pool, sit amongst the potential jurrors, during the selection process, to wit; the parents of the deceased, Bill and Valaria Lambert, sat amongst the jury pool during the complete selection process, and was prmitted to breaks with the jury panel, before being impaneled to sit upon the jury for this cause. [See: T.C.A. § 22-2-310 ].

1.

<u>MOTION FOR NEW TRIAL / AMENDMENT PRO-SE</u>

6. Whether the trial judge erred in removing jurrors for cause, under the <u>Witherspoon v. Illinois</u>, 391 U.S. 510 (1968), but failed to remove one jurror because of bias, (co-worker of the deceased) and the only jurror to admit a domestic violence history during the voir dire process. [See: T.C.A. § 22-1-105 (affinity) ].

7. Whether the trial judge erred in permitting an (11) women, and (1) Black male, jury panel to sit upon the jury in this cause, to decide the fate of the Appellant, to which is a (32) year old, white male.

8. Whether the trial judge erred in denying the Appellant from dismissing Jesse Ford, after the jury selection, but before the state began to present testimony for this cause. (NOTE: conflict of interest). [See: T.C.A. § 23-2-101 (5) ].

9. Whether the Appellant lost presumption of innocence, during the jury selection / individual voir dire stage. <u>State v. Grace</u>, 493 S.W.2d 474 476 (Tenn. 1973).

10. Whether the trial judge erred in allowing the Appellant to obtain medical records from the center for child development center, in order to rebutt the childrens claim, that; Appellant did not baby-sit them, during the trial for this cause, or allow him to get the records to present his attorneys to submit into evidence.

11. Whether the trial judge erred in NOT holding a pretrial evident-iary hearing, for the Appellants Habeas corpus pleading, federal court docket # 3:96-0940, & Sixth circuit # 96-6624, Henderson Co. No.# ? .

12. Whether the trial judge erred in refusing to dismiss the indictment, for the alleged errors at the preliminary hearing, pursuant to Rule 5, of the Tenn. R. Crim. P., <u>Haugh v. State</u>, 564 S.W.2d 654.

13. Whether the denial of discovery of at least the prima facie, portion of the states case necessary to establish probable cause, will amount to reversible error, at a preliminary hearing. Note: Tenn. R. of Crim. P., Rule 5.9, <u>Nolan v. State</u>, 568 S.W.2d 837.

14. Whether trial judge erred in dismissing the indictment, because the state advanced its case upon illegally obtained evidence at the preliminary hearing, to which the Magistrate made PLAIN ERROR, when the judge bound over the appellant on the illegally obtained evidence, and the said evidence was printed in the local news, in violation of the Appellants Fourth, Fifth, Sixth, and Fourteenth U.S. Constitution Amendments.

2.

MOTION FOR NEW TRIAL / AMENDMENT PRO-SE

15. Whether the trial judge erred in providing a fair and speedy trial for the Appellant, to which the appellant was denied (2) two witnesses, Jeff Hall, & Herman Mckinney, in this matter, NOTE: Brother and next door neighbor, to which had first hand knowledge of the alleged incident, and the main caregiver to the children, while the descendant worked 7:00 P.M. to 7:00 A.M., 3 days one week, and four the alternating week, plus overtime routinely, while attending Jackson State Community College, Mon., Wed., and Fri., 8:00 A.M. to approx. 3:30 P.M. for (2) years.

16. Whether the trial judge erred in changing the county of venue without the Appellants consent, and over his objection.

17. Whether the trial judge properly permitted flight to be used as an aggravating circumstance. See: <u>State v. Williams</u>, 690 S.W.2d 517, 533 (Tenn. 1985).

18. Whether the trial judge erred in refusing to allow Appellant to make a statement before the sentence was read, to place on the record any and all claims of error, for appeal purposes.[See: T.C.A. § 23-1-10

Respectfully submitted,

Sworn before me the ___24___ day of ___Feb___ 1997.

Notary Public ___Howard Nelson Brandon___         ___Jon Hall___

My Comm. Exp. ___My Commission Expires JULY 24, 1999___    JON HALL / APPELLANT

<u>COUNSEL FOR APPELLANT ?</u>

---

CERTIFICATE OF SERVICE

I ___Jon Hall___, hereby certify that I have sent a true and exact copy of the foregoing motion to 26th Dist. Atty. Jerry Woodal; P.O. Box 2825, Jackson Tenn. 38302; Office of the State Atty. General 450 James Robertson Parkway, Nash. Tenn. 37219; Office of the Clerk for the Criminal Court of Appeals, P.O. Box 909, Jackson Tenn. 388302, and his Atty. of record Clayton Mayo, P.O. Box 1625, Jackson Tenn., 38302. On this the ___3Rd___ day of ___March___ 1997, by U.S. 1st class mail.

3.

IN THE CRIMINAL COURT OF APPEALS

AT JACKSON TENNESSEE

JON HALL                          )

    APPELLANT                 )  26th JUDICIAL DIST., DIV. I

           FILED    )  HENDERSON CO. NO. # 94-342

V.                                )  MADISON CO. # 96-589

       MAR 05 1997  )  C.C.A. NO. # _____

STATE OF TENNESSEE                )

    APPELLEE     JOE GAFFNEY, CIRCUIT COURT CLERK )

            DEPUTY CLERK )

      A.M.

MOTION FOR NEW TRIAL / PRO-SE / AMENDMENT

      The Appellant _Jon Hall_, hereby swears under the penalty
of perjury that the foregoing statement of facts are true to the best
of his knowledge belief, and ability to express such facts, as stated
in his MOTION FOR NEW TRIAL / AMENDMENT. This affidavit in support, has
prepared, and duly sworn to, on this the 28th day of feb 1997.

    The Appellant states;

    1. That He filed exhibits no. # [26-38], in appellate brief docket
96-6624, to protect His United States Constitutional rights, under his
sovereign "Flag of Peace" of America, before He was brought into the
said maratime courtroom setting. Further, the Appellant let it be known
that He would testify in his own behalf, if; The trial judge would,
either sign the judicial contract for the guarantee of constitutional
rights under U.C.C. title 3 section 501, exhibit no. # [36-38], or
remove the "Flags of War", in order for the court to retain subject-
matter jurisdiction.

    2. That He displayed and stood behind a true and exact version
of the American flag, pursuant to 4 U.S.C. title 36 section 176, and
expressed his desire to testify in his behalf, if the judge would
guard, and protect his rights, pursuant to article VI, §§ 3 and 4,
of the Tennessee Constitution, and / or provided by T.C.A. § 17-1-106, by
removing the American, and Tennessee flags with the gold braid around
it, as stated in court, and by motion. (See; exhibit no. # 31, for proof).

3. That there was a conflict of interest between the Appellant, and the lead counsel, (Jesse Ford), because, there was no meaningful sense of loyalty to the Appellants interests, pertaining to pre-trial issues, (Motions, Venue, Jury selection, discovery, & Witnesses),, instead there was a strong sense that Mr. Ford was sympathetic to the Courts and the Prosecutors position on these issues, and failed to assert the proper attention to the Appellants requests in this matter. Further, the Attorney, would not confide with Him with respect to defense strategy, or insist upon his presence during the pre-trial sessions.

4. That the parents of the descendant, (Bill & Valeria Lambert), sat amongst the jury pool during the entire jury selection process, to which, the Appellant made mention to it, but was told by Mr. Ford that; because they were not witnesses for this cause, they could sit anywhere they pleased. Note: Mr. Woodal had to have known that; this was highly prejudicial, exposing the jury pool to "extraneous prejucial information". See: T.C.A. § 22-2-310 (Irregularities - Investigation by Judge)

5. That Madison County Court Officers, forced the Appellant to wear locking leg restraints to which: The Jackson Sun stated that;
    "A shackled Hall, wearing gray slacks, and a light blue cotton shirt with an American flag pocket protector, seemed to grow weary of the repeated trips to the jury room during the selection process." (Note: Pg. 3A, Tuesday Febuary 4, 1997 edition).

6. That he tried to have jurors removed for cause, (1) for her association with Jackson Madison County Hospital, (last place of employment of the deceased, and (2) for her participation in a domestic violence incident, to which was overlooked / ignored during the voir dire process.

7. That He did not want to be tried by a jury of (11) women, and (1) black man, because it cannot be assumed that; a cross-section of the jurrors from Henderson, and / or Madison Co., would consist of the exclusion of white males, esspecially on the eve of the O.J. Simpson Civil Trial / Verdict. (See; Statement of Fact, No. # 3.)

8. That He attempted to dismiss Jesse Ford, prior to the states presentation of witness, but was overruled by the trial judge.

2.

9. That before the jury was seated, the Appellants presumption of innocence, was lost, by the way the individual voir dire questioning was handled in this matter, for the qualifacatins of the prospective jurors attitude toward capitol punishment, under the guidelines stated in Witherspoon v. Illinois, 391 U.S. 510 (1968). SEE ALSO: Tennessee constitution, in its Declaration of Rights, Article 1 Section 6, which declares that, the right of trial shall remain inviolate, and no religious or political test shall ever be required as a qualification for jurors.

10. That He tried to obtain the medical records from the center for child development, date 4/30/92 & 6/15/93, to present to either His Attorney, or the Court, during a jury out session, but was denied access to said records by both Madison County jailer, officer Reed, during court break, (lunch) and by trial judge Whit Lafon, upon a open court, (jury out) session, prior to the re-convening after lunch. Therefore, prejudicing the Appellant from presenting important evidence, that would enlighten the jury as to how much the testimony of the states (3) minor witnesses has been impaired, (competency issue), or instructed to inflame the passions, (used as a victim impact statement, rather than an admission of relevant evidence) to persuade the jury to convict the accused of FIRST DEGREE MURDER.

11. That He has submitted Habeas Corpus petition, (federal court docket no. 3:96-0940) (T.D.O.C. legal mail postage withdrawal form no. 78754) to the Henderson Co. Court, to preserve & prevent the court from overlooking the errors that occurred during the "critical stages" in order to protect and eliminate prejudicial errors, from inflicting an erroneous judgement against him. NOTE: SEE: Griffin v. Illinois, 351, U.S. 12, 76 S.Ct. 585, 100 L.ed. 891 (1956). "There can be no equal justice where the kind of trial a man gets depends on the amount of money he has." (Three-day Capitol case, including selection of jury, guilt innocence, & sentencing procsedings).

12. That He has filed all of the motions included in the Habeas Corpus petition, and appeal, because, the public defenders assigned to His case were assumptively pre-occupied with other matters, and allowed the Magistrate to make "PLAIN ERROR" pertaining to His Fourt, Fifth, Sixth, & Fourteenth U.S. Const. Due Process, & Equal Protection rights.

3.

13. - 14. That States witness was impeached during the preliminary hearing, in this matter, (See: exhibit "A" pg. 6:, for miranda issue, & See; cross-exam of same issue on pg. 10.) because, he knew that he failed to secure waiver, and that appellant had requested the assistance of an attorney, and tried to make a "co-erced, custodial interrogation" into a "voluntary spontaneous statement" in order to prevent the defense from having an accurate version of the states (3) minor eyewitness, to prejudice the defendant from having discovery, and prepare the children to support the states argument for FIRST DEGREE MURDER.

Further, as pointed out in Habeas corpus petition exhibit "C" the state was allowed to advance their case based upon the illegally obtained confession, in violation of the Tenn. R. Crim. P. Rule 5; Waugh v. State, supra, and said evidence was printed in the local and surrounding counties newspaper, on Aug. 23, 1994, before the Grand Jury convened in this matter on Oct. 6, 1994, in violation of the the Appellants Fourth, Fifth, Sixth, and Fourteenth U.S. Const. Due Process, and Equal Protection rights.

15. The Appellant was prejudiced by several things that should have, and could have been eliminated had he had the services of a competent attorney at a critical stage. Two witnesses in this matter Jeff Hall 1/29/56 - 7/4/95, and Herman mckinney, D.O.B. and passing are unknown. died before giving testimony in this matter.

Further the Appellant adds that Herman Mckinney, (next door neighbor and eyewitness to incident), knew who was the primary caretaker of the children, and would have been able to substantiate the claims of the Appellant now states as true, that the Appellant stayed at home, as the (4) childrens guardian from the end of 1991-1993, (full time) as shown by the medical records from the child development center, and up to march of 1994, as the main caregiver, for the children at night, while the mother worked the 7:00 P.M. to 7:00 A.M. shift, also the Appellant states that He watched the children as much aa needed up to and including July of 1994. Further the Appellant contends that in conjunction with what the children say about daycare, and a baby-sitter, (Jessica), was the only one enrolled in a daycare facility, & that the next door neighbor was the babysitter (Pam Foreman), only when school let out in 1994, and occassionally on evenings in 1994, because she was a minor herself (14). Therefore, the Appellant states he was the primary caregiver of the minor children.

4.

13. - 14. That States witness was impeached during the preliminary
hearing, in this matter, (See: exhibit "A" pg. 6., for miranda issue,
& See; cross-exam of same issue on pg. 10.) because, he knew that he
failed to secure waiver, and that appellant had requested the assistance
of an attorney, and tried to make a "co-erced, custodial interrogation"
into a "voluntary spontaneous statement" in order to prevent the defense
from having an accurate version of the states (3) minor eyewitness, to
prejudice the defendant from having discovery, and prepare the children
to support the states argument for FIRST DEGREE MURDER.

Further, as pointed out in Habeas corpus petition exhibit "C".
the state was allowed to advance their case based upon the illegally
obtained confession, in violation of the Tenn. R. Crim. P. Rule 5,
Waugh v. State, supra, and said evidence was printed in the local
and surrounding counties newspaper, on Aug. 23, 1994, before the Grand
Jury convened in this matter on Oct. 6, 1994, in violation of the
the Appellants Fourth, Fifth, Sixth, and Fourteenth U.S. Const. Due
Process, and Equal Protection rights.

15. The Appellant was prejudiced by several things that should
have, and could have been eliminated had he had the services of a
competent attorney at a critical stage. Two witnesses in this matter
Jeff Hall 1/29/56 - 7/4/95, and Herman mckinney, D.O.B. and passing are
unknown, died before giving testimony in this matter.

Further the Appellant adds that Herman McKinney, (next door neighbor
and eyewitness to incident), knew who was the primary caretaker of
the children, and would have been able to substantiate the claims of
the Appellant now states as true, that the Appellant stayed at home,
as the (4) childrens guardian from the end of 1991-1993, (full time)
as shown by the medical records from the child development center, and
up to march of 1994, as the main caregiver, for the children at
night, while the mother worked the 7:00 P.M. to 7:00 A.M. shift, also
the Appellant states that He watched the children as much as needed
up to and including July of 1994. Further the Appellant contends that
in conjunction with what the children say about daycare, and a baby-
sitter, (Jessica), was the only one enrolled in a daycare facility, &
that the next door neighbor was the babysitter (Pam Foreman), only
when school let out in 1994, and occassionally on evenings in 1994,
because she was a minor herself (14). Therefore, the Appellant states
he was the primary caregiver of the minor children.

4.

16. That He never consented to a change of venue to Madison County, and told His Attorneys that: If the trial judge was not going to permit a change of venue (approx. 100 miles minimum), from Henderson Co., (jackson sun and WBBJ) news area, hold the trial in Henderson County, as opposed to where the news was being transmitted.

17. That He did not commit the alleged act with premeditation, and there was not an attempt to steal anything, and the Appellant has a legal claim of right to the alleged stolen vehicle, because, it was purchased at His previous place of employment, He made payments on the vehicle, and was still married to the owner, He had and His own keys to the van, and was insured and listed as a driver, sx. by the state farm insurance agency in Mckenzie Tennessee. Further, the Appellant did not commit the ALLEGED first degree murder, during flight,/

Therefore, the appellant contends that Flight should not have been used as an aggravating circumstance, to which in reality, serves no aggravating circumstance to warrant the imposition of the death penalty, and does not believe that it was applied to this case properly, in which the legislatuzss intended to be used to warrant capitol punishment. 6

Wherefore, the affiant Jon Hall, contends that for the enclosed stated reasons, that this Honorable Court, should review these issues, in order to render a fair verdict, or at least, remand this case, back to the Circuit Court for new trial, and appoint a neutral defense attorney without any political affiation with the 26th Judicial District, in order for the Appellant to get a fair and impartial trial, in this matter, (as far from the false prejudicial publicity as legally possible) Further the affiant saith not:

Respectfully submitted,

_Jon Hall_

Affiant / Appellant Jon Hall

SWORN AND SUBSCRIBED BEFORE ME THIS THE 28ᵗʰ DAY OF Feb 1997.
NOTARY PUBLIC _Joan A. Brooks_
MY COMMISSION EXPIRES 23 Sep 2000

5.

IN THE CIRCUIT ~~FILED~~ OF MADISON COUNTY, TENNESSEE

STATE OF TENNESSEE,

VS.                                              No. 96-589

JON HALL,

_____

MOTION TO ALLOW COUNSEL AND CO-COUNSEL TO WITHDRAW

_____

Comes now Jesse H. Ford, III and Clayton F. Mayo and move the Court to allow them to withdraw as attorneys of record in the above matter and would state in support of said motion as follows:

1. Attached hereto and incorporated herein as Exhibit 1 to the motion is a recent correspondence from Jon Hall.

2. The correspondence indicates that he does not want co-counsel to continue with his representation and that he is highly dissatisfied with counsel's representation.

3. Based on the foregoing counsel and co-counsel request an order of this Court allowing them to withdraw as attorneys of record in the above styled matter.

Dated, this the 6th day of March, 1997.

Respectfully submitted,


JESSE H. FORD, III    009775


CLAYTON F. MAYO    014138

Attorneys for Defendant
P. O. Box 1625
Jackson, TN 38302-1625
(901) 422-1375

CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was served on Mr. Al Earls, Assistant District Attorney, P. O. Box 2825, Jackson, Tennessee 38302 and Mr. Jon Hall, R.M.S.I. U-2-A-110, 7475 Cockrill Bend Ind. Rd., Nashville, Tennessee 37209-1010 by mailing the same with sufficient postage to insure proper delivery this the 6th day of March, 1997.

JON  HALL

R.M.S.I.  U-2-A-110

7475  Cockrill  Behd  Ind.  Rd.

Nash.  Tenn.  37209-1010


Clayton  Mayo

618  N.  Highland

P.O.  Box  1625

Jackson  Tenn.  38302


To  Clayton  Mayo;

Dear  Sir,  enclosed  you  will  find  six  motions  that  I  want  filed
in  my  behalf;  (1)  Notice  of  Appeal  (2)  Motion  for  preservation  of
records / evidence  (3)  Motion  for  transcript  of  prior  trial  (4)  Motion
for  Judgement  of  Acquittal  (5)  Motion  in  Arrest  of  Judgement  (6)  The
Pro-Se  Amendment / Motion  for  New  Trial.  I  will  be  sending  them  to
the  addresses  listed  on  the  certificate  service,  on  the  same  day  I
send  you  these  six  motions  and  this  letter.  Please  sign  them  and
file  them  on  record.

As  you  know  I  was  displeased  on  how  Jesse  Ford,  presented  a
defense  for  me.  It  does  not  take  a  genius  to  figure  out  that  Jesse
Ford  was  not  acting  in  my  best  interests.  I  know  you  said  that  you
were  not  able  to  present  motions  etc.  on  my  behalf,  because  he  was
the  lead  counsel.  Well  I  do  not  intend  on  having  Jesse  Ford  represent
me  on  a  public  drunk  charge,  much  less  my  appeal.  He  failed  to  ask
important  questions  like,  to  Byrd,  Whose  maps  were  they  in  the  car ?
A.  THE  SMITH'S;  2.  Why  didn't  he  question  byrd  more  about  my  shoes ?
Byrd  stated  at  the  preliminary  hearing  that  he  took  shoes  into  evidence
Byrds  memory  sucked  at  the  pre-lim,  and  I  believe  it  was  selectively
bad  when  anything  we  needed  to  get  in.  (I  Know),  he  had  also  told
me  he  was  going  to  get  the  deputy  from  Bell  Co.  Texas  to  testify,
Where's  them  records ?  3.  Why  didn't  he  ask  Randy  anymore  questions ?
Randy  could  have  cleared  up  the  van  pymt.  issue,  He  also  knew  that
I  picked  up  a  clutch  on  tues.  and  borrowed  a  floor  jack,  to  install
it,  to  which  he  went  out  later  and  pulled  it  out  from  under  the
car  proving  that  I  was  out  at  the  house  several  days  that  week  to
to  work  on  the  white  lebaron.  He  could've  asked  the  girls  that  also.
He  could've  asked  brenda / dawn  who  watched  the  girls  almost  all  the
time,  even  when  we  lived  in  Hunt.  & when  they  visited  me  at  lexington.

I could go on & on, esspecially not digging deeper into why
cindy said I pushed my way in when he knew that I called before I
went out, he could have proved that Jerry Woodal, was soliciting known
false testimony, I wonder if its because he threw my case, and didn't
want anything pertaining to the truth come out. I KNOW, that was the
sorryest trial advocacy litigation that I have ever seen. I could've
represented myself better on august 23, 1994, after my preliminary, and
before being treated for depression. If you really care, you will
show me by getting me my records that I have requested several times,
along with a copy of this trial transcript, motion hearings transcripts,
(which have to be included into the record for appellate review)...
So I can point out the errors, that Jesse Ford, enjoyed inserting
into this case. If not I do not feel that you are going to represent
me effectively, pertaining to the truth. I'm hesitant to even allow
you to represent me because you and chara and didn't make Jay act
right. Although for some reason, I don't feel that; Jay did the right
thing, in presenting a purported defense, without its reality. But if
you don't want the obligation, I don't blame you, just let me know.
Just please sign my six motions, and make sure Jesse Ford Stays out
of my case, I can't deal with BENEDICT ARNOLD, anymore... I'll just
keep on filing my motions pro-se, & complain to the B.O.P.R. until
I get an atty. to present a proper defense, and waste every tax payer
dollar I can, until someone listens to the truth...

Well this isn't very professional, but it explains to you why I
feel the way I do, not to mention, not mentioning anything to me
about Chris Ducton, until he testified, thats like him failing to
impeach Byrd with the pre-lim transcript, or giving me records to make
a defense, since I've been here in Nash., Clay I gotta go before I
start really expressing my discontent with Ford, for not presenting my
case, and holding Jerry Woodal's hand to give me the DEATH SENTENCE,
I hope he feels as good as I do about Billie, not being here, and
my girls not having parents, and brainwashing my kids to lie against
me for your political cause. MAY GOD HAVE MERCY ON THE DECEIVERS,
WHEN THEIR TIME HAS COME. Psalm 31, in Jesus name I Pray, Amen.

                                              Jon Hall
                                     Jon Hall

Sworn before me this the 24 day of Feb, 1997.
Notary Public Howard Wayne Brandon
My Commission expires _____ My Commission Expires JULY 24, 1999

IN THE CIRCUIT **FILED** F MADISON COUNTY, TENNESSEE

STATE OF TENNESSEE,

VS.                    MAR 07 1997             No. 96-589

JON HALL,        JOE GAFFNEY CIRCUIT COURT CLERK

                      DEPUTY CLERK

A.M.

MOTION FOR NEW TRIAL OR VERDICT OF ACQUITTAL

---

Comes now the Defendant, by and through his attorneys of record, and moves the Court for a verdict of acquittal or a new trial be granted and says as follows:

1. That the evidence is insufficient to support the verdict.

2. That the verdict is against the weight of the evidence.

3. That the Court erred when it allowed the Attorney General to question Cindy Conner regarding a statement which she made in that she was only questioned about the facts on the first page of the statement and was not questioned upon cross-examination about any other facts. The court allowed the State to ask questions on redirect which were outside the scope of cross-examination all to Defendant's prejudice.

4. That the Court erred in failing to allow Cheryl Abergast to testify regarding Defendant's state of mind prior to the date of the alleged incident herein and the Defendant was not allowed to make an offer of proof on that issue.

5. That photographs were introduced during the sentencing phase which were highly prejudicial over Defendant's objection. These photographs were gruesome and inflammatory and their prejudicial effect outweighed the probative value. They were also cumulative and unnecessary and they tended to prove what has already been admitted into evidence, this is the autopsy report of the victim.

6. That it was error to charge the jury that "the murder was committed while engaging in or committing or was an accomplice in the commission of or was attempting to commit, or was fleeing after committing or attempting to commit, any first degree murder, rape, burglary or kidnapping" and these aggravating circumstances were improperly presented to the jury and were a necessary part of the offenses charged. See also Middlebrooks vs. State, 840 S.W.2d 317, (Tenn.1992).

7.    That the aggravating circumstances fail to properly narrow the class of defendants subject to the death penalty.

8.    That the heinous, atrocious and cruel aggravator is unconstitutionally vague.

9. .    That the evidence was insufficient to support the findings of the aggravating circumstances.

10.    That the aggravating circumstances did not outweigh the mitigating circumstances and the death sentence should be reduced to life without parole.

11.    That the Court erred in allowing cameras in the courtroom for the trial.

12.    That the electric chair constitutes cruel and unusual punishment under the Tennessee and U. S. Constitutions.

13.    That the State failed to prove the required mental state necessary to form the specific intent to commit first degree murder.

14.    The Court erred in failing to grant Defendant's motion to declare the death penalty unconstitutional in that it violates the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Sections Eight, Nine, Ten and Sixteen of the Tennessee Constitution.

Based on the foregoing your Defendant Jon Hall would seek an order of this Court granting a new trial.

Dated, this the ___4th___ day of March, 1997.

Respectfully submitted,

_____
JESSE H. FORD, III    009775

_____
CLAYTON F. MAYO

Attorneys for Defendant
P. O. Box 1625
Jackson, TN  38302-1625
(901) 422-1375

CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was served on Mr. Al Earls, Assistant District Attorney, P. O. Box 2825, Jackson, Tennessee 38302 by mailing the same with sufficient postage to insure proper delivery this the ___4th___ day of March, 1997.

_____
JESSE H. FORD, III

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

STATE OF TENNESSEE,       )
                          )
        Appellee,         )       C. C. A. NO. 02C01-9703-CC-00095
                          )
vs.                       )       MADISON COUNTY
                          )       96-589
JON HALL,                 )
                          )
        Appellant.        )

**FILED**
MAR 13 1997
JOE GAFFNEY, CIRCUIT COURT CLERK
BY _____ DEPUTY CLERK
A.M.

**FILED**
MAR 1 2 1997
Clerk of the Courts
Rec'd By _____

ORDER

        This matter is before the Court upon the appellant's pro se notice of

appeal, motion for preservation of the record, motion for transcript of prior trial, motion

for judgment of acquittal, motion in arrest of judgment, and motion for new trial. It

appears final judgment was entered in the trial court on or about February 5, 1997.

The record on appeal, however, has not yet been transmitted to this Court. Moreover,

this Court does not have jurisdiction to respond to these type of motions the appellant

has filed in this Court. Accordingly, it is hereby ORDERED that the appellant's above-

listed motions are denied.

        Enter, this the 2th day of March, 1997.

                                        _____
                                        PAUL G. SUMMERS, JUDGE

I, Cecil Crowson, Jr., Clerk hereby certify that
this is a true and exact copy of the original
file in the cause
_____ Order _____
this 2th day of March 97
CLERK OF COURT
By _____

IN THE CIRCUIT COURT OF THE TWENTY-SIXTH JUDICIAL DISTRICT
AND THE CRIMINAL COURT OF APPEALS, AT JACKSON TENNESSEE

JON HALL                                                )
    APPELLANT                                           )
                                                        )
                                                        ) MADISON COUNTY NUMBER 96-589
V.                                                      ) C.C.A. NO. 02C01-9703-CC-00095
                                                        )
                                                        )
STATE OF TENNESSE                                       )
    APPELLEE                                            )

_____

              MOTION TO CURE OR WAIVER OF DEFECT
_____

        Comes now the Appellant Jon Hall, and moves these Honorable Courts
to waive the defects of the six post trial motions filed in the
Criminal Court of Appeals, that were meant for the Circuit Court of
Madison County. In support of this motion, the Appellant will show
these Honorable Courts the following;

        1. That; from the Appellants interpretation of Tennessee Practice
Raybin Series Vol. 9 § 7.16, and Vol. 11 § 33.0 - 34.0, required
that, pursuant to an erroneous judgement, the post trial motions had
to be filed in the Office of the Clerk of Criminal Appeals, as well
as the Clerks Office of the Twenty-Sixth District.

        2. That; the Appellant intends on pursuing ineffective assistance
of counsel claims on direct appellate review, and has received a copy
from the Attorneys of record, requesting that Counsel requests to be
allowed to withdraw, and included priveledged Attorney / Client Legal
mail to support their motion.

        3. That; the Appellant wishes to amend His PRO SE motion for
arrest of judgement, to support the original motion filed in this
matter. (included with this motion / correspondence).

                                    1.

Wherefore, the Appellant requests that the Twenty-Sixth Judicial District Court in Madison County, accept the (6) six previously filed post trial motions sent to the Office of the Clerk on March 5, 1997 by certified return receipt, U.S. Mail # P-360-921-321, signed for by Sherry Carter, of the Twenty-Sixth Judicial District Court in Madison County; Also received by Al Earls on 3/5/97 cert. mail # P-360-921-319; Jesse Ford on 3/5/97 cert. mail # P-360-921-320; for an appropriate review of the Appellant's claim of error in this matter.

Respectfully submitted,

_____
Jon Hall / Appellant

Sworn and subscribed before me this the 14th day of March 1997.
Notary Public _Dorena Danner_
My Commission Expires _September 18, 1999_

## CERTIFICATE OF SERVICE

I _____, hereby certify that I have mailed a true and exact copy of the foregoing motion to cure waiver of defect, to Office of the Clerk for the Twenty Sixth District in Madison Co.; at 100 East Main Street, Jackson Tenn. 38302; Twenty-Sixth Dist. Atty. at P.O. Box 2825 Jackson Tennessee 38302; and The Office of the Clerk, for The Criminal Court of Appeals, P.O. Box 909 Jackson Tenn. 38302; on this the _____ day of _____ 1997.

APPROVED BY COUNSEL ?

_____

2.

IN THE CIRCUIT COURT FOR THE TWENTY-SIXTH JUDICIAL DISTRICT IN MADISON COUNTY

JON HALL                   )

    Movant / Petitioner    )

                       )  TWENTY-SIXTH DIST. IN MADISON CO.

V.                   )  DOCKET NO.  96-589

                       )  C.C.A. NO.  02C01-9703-CC-00095

STATE OF TENNESSEE      )

    Respondent / Appellee   )

---

AMENDMENT / MOTION IN ARREST OF JUDGEMENT / POINTS AND AUTHORITIES

---

Comes now the Movant / Petitioner ____ Jon Hall ____ , ____ by ____ and through counsel ? To amend His motion in arrest of judgement. In support of the previously filed motion in arrest of judgement, Movant moves this Honorable Court to include the following argument / points of authority, for the Courts consideration in this matter.

### INTRODUCTION

The Movant ____ Jon Hall ____ , is a Citizen of the United States in the Kingdom of God of America. The American Flag of Peace represents the sovereign Jurisdiction of the Movant. The Courts Flag, in the County of Henderson & Madison ____ , is; The "Maratime", "Flag of War". Movant reserves all United States Constitutional Rights of His Country, and under the jurisdiction of His Flag.

Outside the Henderson & Madison ____ , County Courthouse, hangs the traditional United States "American Flag of Peace". The "Maratime," "Flag of War," has a GOLD BRAID, and / or ROPE, with a GOLD EAGLE on top and hangs in the Henderson & Madison ____ , County Courthouse. Under the jurisdiction of the "American Flag of Peace" of the United States, "No War Flag is allowed in the Court". (for e.g., See; title 4 U.S.C. Sec. 176 for specifications of the traditional American Flag), & See also; Army Regulations October 1979 Section 840).

1.

Because the Court exercised its authority under the Maritime Flag,
Movant was assumed guilty until proven innocent, under the "WARS POWER
ACT" of 1933, and violated Movant's Substantive, and Procedural Rights;
(1) Substantive Rights for the failure to advise, and secure a valid
contract for consent, that this Court was presiding in Admiralty; and
(2) Procedural Rights by exercising two (2) different jurisdictions,
under two (2) different flags at the same time.

By coercing Movant inside the sanctuary of the bar, under the
Maratime Flag of War, during prior stages in these proceedings, the
Court created collusion under 28 U.S.C. Chapter 85 Section 1359. There-
fore, the Court was without competent jurisdiction to try the Movant
in this matter, pursuant to Rule 12.02 (1), (2), & (3) of the Federal
Rules of Civil Procedure; (1) The Court lacks jurisdiction over the
subject matter of Movant, and (2) The Court lacks jurisdiction over
Movant's citizenship under the American Flag of Peace.

### THE POLICY AND / OR CUSTOM OF THE COURT AND THE INTENT TO CAUSE MOVANT A CONSTITUTIONAL INJURY:

The Judge is responsible for the set up of the Courtroom. He
brought the Flag and / or allowed the Maratime Flag to be brought
into the Courtroom before he had subject matter jurisdiction over the
Movant. The Maratime Flag represents the suspension of the Movant's
Fifth, Sixth, and Fourteenth United States Constitutional Rights; and
(1) The right to be deemed innocent until proven guilty; (2) The
right to a fair, and speedy trial.

The Judges of this Court have a sworn oath (if not expired, to
which is unconstitutional) to administer justice under the Constitution
and Laws of the United States. See; 28 U.S.C. Sec. 453 which states;
Each Justice or Judge of the United States shall take the following
oath or affirmation before performing the duties of His Office:

I. _____, do solemnly swear that I will administer justice
without respect to persons, and do equal right to the poor and to
the rich, and that I will faithfully and impartially discharge and
perform all the duties incumbent upon me as _____ under the
Constitutions and the Laws of the United States. So help Me God."

2.

Since the Judge was acting under two (2) jurisdictions, under two (2) different flags, the Court has lost competent jurisdiction over the Movant. (See; e.g., actors acting in disguise, The Monroe Doctrine of 1871).

The intent to cause the movant a deprivation of His United States Constitutional Rights to His Fifth, Sixth, and Fourteenth Amendment Rights, can be mirrored under 42 U.S.C. title 1986, for knowledge of the law pursuant to T.C.A. § 17-1-106 (a), when the Judge brought the Maratime Flag of War, into the Courtroom, before having subject-matter jurisdiction over the movant, which shows and establishes intent under 42 U.S.C. 1986; and (2) Policy and / or custom of exercising Maratime Law under a judicial setting (See; e.g. title 42 U.S.C. 1983, chapter 21 notes 333, 349, 350, 351, 352, and 355). This custom and or policy constitutes "Perjury of Oath" Under title 18 U.S.C. Section 1621.

<u>POINTS AND AUTHORITY IN SUPPORT</u>

Maratime Law is that which congress has enacted to the Federal Courts, sitting in admiralty of the United States, during the exercise of their Maratime Jurisdiction, which would have to have been declared and made known to the Movant to apply. <u>J.B. Jefferson Co. v. Three Bays Corp.</u>, C.A. Fla. 238 F.2d 611, 615; See also e.g. <u>O'Donnel v. Great Lakes Dredge & Dock Co.</u>, 318 U.S. 35, 63 S.Ct. 488, 87 L.Ed 596.

Because this Court was exercising its jurisdiction under Maratime Law, it had no authority to sentence Movant relating to the subject matter of His case - without His consent to contract with the Court to be sentenced under said Maratime Jurisdiction; Therefore, the Court had no power, and / or authority to hear the criminal proceeding before it. See; e.g. <u>Davis v. Davis</u>, 9 Ill. App. 3d 922, 213 N.E.2d 399, 405).

It cannot be acquired or implied (through constructive knowledge and consent) that Movant knowingly consented to said Maratime and personal jurisdiction of this Court at the time He was sentenced. See; e.g. <u>Hess v. Pawloski</u>, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091.

3.

The purpose of Statutes enacted by Congress pursuant to the courts presiding in Admiralty was reserved for the Federal Courts to hear Maritime claims.

By this Court exercising an ancillary jurisdiction under Maritime Law, it violated both Movant's Substantive, and Procedural Rights, by replacing the "American Flag of Peace," (undr the "WARS POWER ACT" of 1933) with the "Maritime Flag of War". Therefore, the act of this Court trying, and sentencing the Movant under Maritime Law, constitutes:

(1). PERJURY OF OATH; Title 18 U.S.C. Section 1621; T.C.A. § 39-16‑703
   Title 28 Section 1745; for e.g., See; <u>Henry v. Dean</u>, 310 N.C. 75, 310 S.E.2d 326-335.

(2) INTENT with KNOWLEDGE to DEFRAUD the CONSTITUTION; Title 18 U.S.C. 872; and / or OBSTRUCTION OF JUSTICE, See; T.C.A. § 39-14-112 (EXTORTION).

[ARGUMENT / POINTS AND AUTHORITIES, PURSUANT TO:]

THE INTENT TO DEPRIVE MOVANT OF HIS PROTECTED
UNITED STATES CONSTITUTIONAL RIGHTS

The Judge is responsible for the set up of the Courtroom; He brought the "Maritime Flag of War," and / or allowed the Maritime Flag to be placed into the Courtroom, before He had valid subject-matter jurisdiction under the Movants citizenship under the "American Flag of Peace". Further, Movant did not have a contract with the officers of this Court, under the Uniform Commercial Code 3, Section 501, in an agreement, knowingly consenting with the Court, to be tried and / or sentenced under the Maritime jurisdiction, in an Admiralty Court.

By coercing / forcing the Movant inside the sanctuary of the Courts Bar, under Maritime jurisdiction, sitting in admiralty, and without a contract with the movant. The Judge, __Whit S. Lafon__, the District Attorney __Jerry Woodal__, His Assistant __Al Earls__, and the Movant's Attorney of Record __Jesse Ford__, __Clayton Mayo__, created and engaged in collusion in violation of Title 28 Chapter 85, Section 1359.

4.

The intent to deprive the Movant of His Constitutional Rights, relevant to this cause, can be shown by policy and / or custom of the Officers of the Court. (See; e.g., 42 U.S.C. § 1983 notes: 319-337). Further, the Officers of the Court also committed perjury of oath, to uphold the Movant's United States Constitutional Rights, contrary and in conflict with the Maritime jurisdiction of the "WARS POWERS ACT" of 1933 (See; e.g., 28 U.S.C. § 453, revision notes applying to the phrases of the Judges Oath of Office).

In the United States, the Office of the Attorney General is one which is provided by the Constitutional and Statutory Provisions of the various states, and where the powers and the duties of the Atty. General are fixed by the Constitution, a statute interfering with the Constitution is invalid. Murphy v. Yates, 348 A.2d 837, Md. 475, 34 A.L.R.3d 1.

Pursuant to the high standards of the Attorney General's Knowledge of the Law, He knew that this Court was sitting in Admiralty at the time Movant was tried and sentenced. (See; 42 U.S.C. 1986 note 8, for Knowledge of the Law). See also; State v. Fields, 7 Tenn. 140, 145-146 (virtue of the District Attorneys commission and Oath of Office).

Whereas, sentencing the Movant under the Maritime Law, constitutes and triggers the following:

The Movant had no contract with the Court to be sentenced under the Maritime Jurisdiction, which had to be declared and made known to the Movant, if the Court was legally to retain subject-matter over the case. Otherwise, a Maritime contract relates to business of navigation. Massman Const. Co. v. Bassett, D.C. Mo. 30 F. Supp. 813, 815.

A Maritime contract is that of which the subject matter has a relation to the navigation of the seas or to the trade or commerce, to be conducted by navigation or to be done upon the Seas or the Ports. Marubeni V. Iida, Inc. v. Nippon Yusen Kaisha, 207 F. Supp. 418-419.

5.

This constitute false impersonation in exercising under an illegal jurisdiction which the Court had no legal authority over the subject-matter. People v. Horkans, 109 Colo. 177, 123 P.2d 824, 826. (See: also; for e.g., Monroe Doctrine of 1871 - Actors acting in disguise).

This constitutes a bad faith motive, and intent, by the Court, and / or the Officer's of the Court, when they brought the "Maritime Flag of War" into the courtroom, before the Court had subject-matter jurisdiction over the Movant. See; Lunchmann v. Schaefer, Mo. App., 142 S.W.2d 1088, 1090; Davis v. Nash Central Motors, Mo. App. 332 S.W.2d 475, 480. (the act of intentionally doing a wrongful act, and knowing at the time that it was wrongful).

Because Movant did not legally consent to a Maritime contract with the Court, it constituted a voidable contract, to which is void as to the wrongdoer, but not void as to the wronged party. Depner v. Joseph Zukin - Blouses, 13 Cal. App. 2d 124, 56 P.2d 574, 575.

A contract which is void, which never had any legal effect, can not in any manner have life breathed into it. National Union Indemnity Co. v. Bruce Bros., 44 Ariz. 454, 38 P.2d 648, 652.

It cannot be acquired or implied, through constructive knowledge or consent, that; when Movant stated His name for the record, inside the sanctuary of the Courts Bar, (at the Courts request in the prior proceedings) that; Movant knowingly consented to a Maritime contract with the Court. Consent connotes a concurrence of wills; voluntarily yielding the will to the proposition of another; acquiesce or compliance there-with. The act or result of coming into harmony or accord. Consent is an act of reason, accompanied with deliberation, the mind weighing as in a balance, the good or the evil of both sides. It means voluntary agreement by a person in the possession and exercise of a sufficient mental capacity to make an intelligent choice to do something proposed by another. It supposes a physical power to act, a moral power of acting, and a serious, and determined, free use of these powers. The act of consent is implied in every agreement. It is to be an act unclouded by fraud, duress, or sometimes even mistake. Willingness in in fact that an act or an invasion of an interest shall take place. Restatement, Second, Tort, § 10 (a).

6.

As a result of the Movants ignorance of the law, constituted void
for vagueness, and a void judgement. A law which is so obscure in
its promulgation that a reasonable person could not determine from a
reading what the law purports to command or prohibit is void, as
violative of Due Process. (one which has no legal force or effect, to
which the invalidity of which may be asserted by any person whose
rights are affected at anytime at any place, directly, or collaterally).
See; e.g., Reynolds v. Volunteer State Life Ins. Co., Tex. Civ. App. 80
S.W.2d 1087, 1092. One which, from its inception is & forever continues
to be absolutely null, without legal efficacy, ineffectual to bind the
parties or support a right, of no legal force and effect whatsoever,
and incapable of confirmation, ratification, or enforcement in any manner
or to any degree.

By the Court replacing the "American Flag of Peace" with the
"Maritime Flag of War", under the WARS POWER ACT of 1933, i.e., to
deprive the Movant of His United States Constitutional Rights, "The
Officer of this Court was acting in bad faith. "Bad Faith" generally
implies or involves actual or constructive fraud, or a design to mis-
lead or deceive another, or a neglect or refusal to fulfill some
contractual obligation not prompted by an honest mistake as to ones
rights, or duties, but by some interested or sinister motive. The term
"Bad Faith" is not simply bad judgement or negligence, but rather it
implies the conscious doing of a wrong because of a dishonest purpose
or moral obliquity; it is different from the negative idea of negligence
in that it contemplates a state of mind affirmatively operating with
furtive design or ill will. (See; e.g., State v. Williams, Ind. App.,
367 N.E.2d 1120, 1124).

                    CONCLUSION IN SUPPORT

Jurisdiction exists when a Court has cognizance of class of cases
involved, proper parties are present and point to be decided is with-
in the power of the Court. United Cemeteries Co. v. Strother, 342 Mo.
1155, 119 S.W.2d 762, 765; Harder v. Johnson, 147 Kan. 440, 76 P.2d
763, 764. (See e.g., The right and power of a court to adjudicate
concerning the subject-matter in a given case. Biddinger v. Fletcher,
224 Ga. 501, 162 S.E.2d 414, 416.

                            7.

Now that the Court has used its policy and / or custom to try Movant under the Maritime Law, Movant declares his sovereign immunity from prosecution, under His American Flag of Peace of the United States and under His sovereign belief under the Kingdom of His God, to which Movant is an ambassador under His Flag of Peace of the United States of America. So help Me God, Amen.

Wherefore, Movant moves this Honorable Court to vacate, and dismiss this action pursuant to T.C.A. § 40-30-203; which provides; (grounds for relief), Sec. (a), Relief under this chapter shall be granted when the conviction or the sentence is void, or voidable, because of the abridgement of any right guaranteed by the constitution of this State or the Constitution of the United States.

Respectfully submitted,

APPROVED BY COUNSEL ?

_____

COUNSEL OF RECORD

_____
Movant / Petitioner / Jon Hall

Sworn and subscribed before me this the _14th_ day of _March_ 1997.
Notary Public _Norma Tanner_
My Commission Expires _September 18, 1999_

CERTIFICATE OF SERVICE

I _Jon Hall_ , hereby certify that I have mailed a true and exact copy of the foregoing amendment for an arrest of judgement to the Twenty-Sixth District Attorney, Jerry Woodal, P.O. Box 2825 Jackson Tennessee 38302; The Office of the State Attorney General, at 450 James Robertson Parkway Nashville Tennessee 37243-0485; Office of the Circuit Court Clerk, of Madison County, 100 East Main Street in Jackson Tennessee 38302; Office of the Clerk, for the Criminal Court of Appeals, P.O. Box 909 Jackson Tennessee 38302-0909, by U.S. First class mail on this the _16th_ day of _March_ 1997.

Note; On March 10, 1997, I received a motion / request for the Court to allow Jesse Ford, and Clayton Mayo, to withdrawal, filed on March 4, 1997.

8.

IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE

STATE OF TENNESSEE,                    )
                                       )
VS.                                    )        No. 96-589
                                       )
JON HALL,                              )        NOTICE OF ENTRY REQUESTED

FILED
MAR 27 1997
JOE GAFFNEY, CIRCUIT COURT CLERK
DEPUTY CLERK
A.M.

_____

ORDER OVERRULING MOTION FOR NEW TRIAL

_____

        This matter came on for hearing on this the 20th day of March,

1997, before the Honorable Whit S. LaFon, Judge, on the Defendant's

Motion for New Trial or Verdict of Acquittal.    The Court finds

after hearing argument of counsel that the motion is not well taken

and is hereby overruled.

        IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that the

Defendant's Motion to New Trial or Verdict of Acquittal is hereby

overruled.

        ENTER, this the ___27___ day of ___March___, 1997.


                                    _____
                                    WHIT S. LAFON, Judge


APPROVED FOR ENTRY:


_____
AL EARLS
Assistant District Attorney
P. O. Box 2825
Jackson, TN  38302



_____
CLAYTON F. MAYO
Attorney for Defendant
P. O. Box 1625
Jackson, TN  38302



_____
JESSE H. FORD, III    009775
Attorney for Defendant
P. O. Box 1625
Jackson, TN  38302

IN THE CIRCUIT ~~FILED~~ OF MADISON COUNTY, TENNESSEE

STATE OF TENNESSEE,

VS.                    MAR 27 1997                    No. 96-589

JON HALL,           JOE GAFFNEY, CIRCUIT COURT CLERK
                         DEPUTY CLERK

                              A.M.

ORDER OVERRULING MOTION FOR COUNSEL TO WITHDRAW

This matter came on for hearing on this the 20th day of March, 1997, before the Honorable Whit S. LaFon, Judge, on the motion of Jesse H. Ford, III and Clayton F. Mayo that they be allowed to withdraw as counsel of record in the above matter. The Court finds that the motion is not well taken and overrules the same.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that the motion to withdraw as counsel of record is hereby overruled and denied.

ENTER, this the 27 day of March, 1997.

_____
WHIT S. LAFON, Judge

APPROVED FOR ENTRY:

_____
AL EARLS
Assistant District Attorney
P. O. Box 2825
Jackson, TN  38302

_____
CLAYTON F. MAYO
Attorney for Defendant
P. O. Box 1625
Jackson, TN  38302

_____
JESSE H. FORD, III    009775
Attorney for Defendant
P. O. Box 1625
Jackson, TN  38302

IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE
DIVISION I

**FILED**

MAR 27 1997

~~JOE GAFFNEY~~ CIRCUIT COURT CLERK

_____ A.M     DEPUTY CLERK

STATE OF TENNESSEE )
)
v. )
)
JON HALL )

No. 96-589

### STATE'S NOTICE OF APPEAL

Comes now the State of Tennessee by and through the office of the District Attorney General and gives notice of its intent to appeal the trial courts decision to not permit counsel for the defense to withdraw.

Respectfully Submitted:

AL EARLS
ASSISTANT DISTRICT ATTORNEY

### CERTIFICATE OF SERVICE

This is to certify that a true and exact copy of the foregoing has been mailed to Mr. Clay Mayo, and Jay Ford, Attorneys at Law, 618 N. Highland, Jackson, TN 38302, Mr. Charles Burson, Attorney General, 450 James Robertson Parkway, Nashville, TN 37243-0485, and Court of Criminal Appeals, P.O. Box 909, Jackson, TN 38301 this the 27 day of March, 1997.

AL EARLS
ASSISTANT DISTRICT ATTORNEY

IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE **FILED**

| STATE OF TENNESSEE, | ) | |
| | ) | APR 21 1997 |
| VS. | ) | JOE CAFFNEY, CIRCUIT COURT CLERK |
| | ) | No. 96-589 |
| | ) | DEPUTY CLERK |
| | ) | A.M. |
| | ) | Sentence of Death (X) |
| JON HALL, | ) | Life Without Parole ( ) |
| | ) | Life Imprisonment ( ) |

---

### REPORT OF TRIAL JUDGE IN FIRST-DEGREE MURDER CASES

---

#### A. DATA CONCERNING THE TRIAL OF THE OFFENSE

1. Brief summary of the facts of the homicide, including the means used to cause death:
Mr. Hall beat his wife, the victim Billie Hall. She received serious trauma to various parts of her body including her neck. She was then placed in a swimming pool face down. Cause of death was a combination of strangulation and/or drowning according to Dr. O. C. Smith.

2. How did the defendant plead?  Guilty ( )  Not guilty (X)

3. Was guilt determined with or without a jury?  With (X)  Without ( )

4. Separate Offenses:
    a. Were other offenses tried in the same trial?
       Yes ( )  No (X)
    b. If yes, list those offenses, disposition, and punishment:
    _____

5. Did you as "thirteenth juror" find that the defendant was guilty beyond a reasonable doubt?  Yes (X)  No ( )

6. Did the defendant waive jury determination of punishment?
   Yes ( )  No (X)

7. a. Did the State file a notice of intent to seek the death penalty?  Yes (X)  No ( )
   b. Did the State file a notice of intent to seek life imprisonment without parole?  Yes ( )  No ( )
   c. Did the State withdraw its notice of intent to seek the death penalty either formally or informally?
      Yes ( )  No (X)
   d. What sentence was imposed? Death (X) Life Without Parole ( )  Life Imprisonment ( )
   e. If life imprisonment, was it imposed as a result of a hung jury?  Yes ( )  No ( )

8. Aggravating Circumstances, T.C.A. §39-13-204(i):
   a. Were statutory aggravating circumstances found?
      Yes (X)  No ( )
   b. Which of the following statutory aggravating circumstances
      were instructed and which were found?  (Note: Please note
      the version of the statutory aggravating circumstance
      instructed in the blanks provided when applicable, i.e.,
      the 1989 version or the 1995 version)

|  |  | Instructed | Found |
|---|---|:---:|:---:|
| (1) | Age of the victim | ( ) | ( ) |
| (2) | Prior convictions | ( ) | ( ) |
| (3) | Risk of death to others | ( ) | ( ) |
| (4) | Murder for remuneration | ( ) | ( ) |
| (5) | Heinous, atrocious, or cruel | (X) | (X) |
| (6) | To avoid arrest or prosecution | (X) | (X) |
| (7) | Committed in conjunction with another felony | (X) | (X) |
| (8) | Committed while in custody | ( ) | ( ) |
| (9) | Victim was member of law enforcement, etc. | ( ) | ( ) |
| (10) | Victim was a judge, district attorney, etc. | ( ) | ( ) |
| (11) | Victim was elected official, etc. | ( ) | ( ) |
| (12) | Mass murder | ( ) | ( ) |
| (13) | Mutilation of the body | ( ) | ( ) |
| (14) | Other |  |  |

Relate any significant aspects of the aggravating
circumstance(s) that influence the punishment.  Number of
blows as evidenced by photographs and autopsy report,
specifically the testimony of Dr. O. C. Smith.

   c. Were the aggravating circumstances found supported by the
      evidence? Yes (X) No ( )

9. Mitigating Circumstances, T.C.A. §39-13-204(j):
   a. Were mitigating circumstances raised by the evidence?
      Yes (X) No ( )

8.   Aggravating Circumstances, T.C.A. §39-13-204(i):
     a.   Were statutory aggravating circumstances found?
          Yes (X)  No ( )
     b.   Which of the following statutory aggravating circumstances
          were instructed and which were found?  (Note:  Please note
          the version of the statutory aggravating circumstance
          instructed in the blanks provided when applicable, i.e.,
          the 1989 version or the 1995 version)

|  |  | Instructed | Found |
|---|---|---|---|
| (1) | Age of the victim | ( ) | ( ) |
| (2) | Prior convictions | ( ) | ( ) |
| (3) | Risk of death to others | ( ) | ( ) |
| (4) | Murder for remuneration | ( ) | ( ) |
| (5) | Heinous, atrocious, or cruel | (X) | (X) |
| (6) | To avoid arrest or prosecution | (X) | (X) |
| (7) | Committed in conjunction with another felony | (X) | (X) |
| (8) | Committed while | | |
| (9) | Victim was membe | *no* | *No.* |
| (10) | Victim was a jud | | |
| (11) | Victim was electe | | |
| (12) | Mass murder | | |
| (13) | Mutilation of the | | |
| (14) | Other | | |

— (i)(7) was not instructed

          Relate  any  significant  aspects  of  the  aggravating
          circumstance(s) that influence the punishment.  Number of
          blows  as  evidenced  by  photographs  and  autopsy  report,
          specifically the testimony of Dr. O. C. Smith.

     c.   Were the aggravating circumstances found supported by the
          evidence? Yes (X) No ( )

9.   Mitigating Circumstances, T.C.A. §39-13-204(j):
     a.   Were mitigating circumstances raised by the evidence?
          Yes (X)  No ( )

   b.  If so, what mitigating circumstances were raised by the evidence?

|  | Yes | No |
|---|---|---|
| (1) No significant prior criminal history | (X) | ( ) |
| (2) Extreme mental or emotional disturbance | (X) | ( ) |
| (3) Participation or consent by victim | ( ) | ( ) |
| (4) Belief that conduct justified | ( ) | ( ) |
| (5) Minor accomplice | ( ) | ( ) |
| (6) Extreme duress or substantial domination | ( ) | ( ) |
| (7) Youth/advanced age of defendant | ( ) | ( ) |
| (8) Mental disease or defect or intoxication | (X) | ( ) |
| (9) Other (explain): <u>See attached copy of mitigating factors which were instructed</u> | | |

   c.  Relate any significant facts about the mitigating circumstances that influence the punishment.
      <u>None</u>

   d.  If tried with a jury, was the jury instructed regarding all the circumstances indicated in 11(b) as mitigating circumstances?  Yes (X) No ( )
If no, list which circumstances were not included as mitigating circumstances and explain why such circumstances were omitted:
_____

10.  If the sentence was death, does the evidence show that the defendant killed, attempted to kill, or intended that a killing take place or that lethal force by employed?
Yes (X) No ( )               δℓ

11.  Was there evidence that at the time of the offense the defendant was under the influence of narcotics, dangerous drugs or alcohol which actually contributed to the offense?  Yes (X) No ( )

     If yes, explain: <u>possibly under the influence of alcohol, but jury rejected that defense</u>

12.  General comments of the trial judge concerning the sentence imposed in this case (e.g. whether this sentence is consistent with those imposed in similar cases the judge has tried, etc.):
<u>The evidence fully supported the imposition of the death penalty. The defendant had several opportunities to withdraw from the situation, but followed the victim out of the house. Also defendant's children were present and witnessed part of the beating inflicted upon the victim.</u>

13.  Brief impression of the trial judge as to conduct and/or affect of the defendant at trial and sentencing: <u>The defendant showed little of any remorse during entire proceeding.</u>

## B. DATA CONCERNING DEFENDANT

1. Name  Hall, Jon D.                2. Birth Date 08/05/64

3. Sex  Male              4. Marital Status:    Never Married ___
                                                Married        X
5. Race  Caucasian                              Divorced      ___
                                                Spouse Dec'd  ___

6. Children:    Number  2
                Ages  6 & 9
        Other Dependents:  _____

7. Parents:    Father-living? Yes ( )  No (X)
               Mother-living? Yes (X)  No ( )

8. Education:  Highest Grade or Level Completed: _____

9. Intelligence Level        Low (IQ below 70)      ___
                             Medium (IQ 70 to 100)   X
                             High (IQ above 100)    ___
                             Unknown                ___

10. a.  Was the issue of defendant's mental retardation under
        T.C.A. §39-13-203 raised?  Yes ( )  No (X)
    b.  If so, did the court find that the defendant was mentally
        retarded as defined in T.C.A. §39-13-203(a)?
        Yes ( )  No ( )

11. a.  Was a psychiatric or psychological evaluation performed?
        Yes (X)  No ( )
    b.  If yes, summarize pertinent psychiatric or psychological
        information and/or diagnoses revealed by such evaluation.
        omitted _____

12. Prior Work Record of Defendant:

        Type of Job    Pay    Dates Held    Reason for Termination
    a.  mechanic       N/A    1993-1994     N/A / Quit
    b.  _____
    c.  _____

13. Defendant's Military History:
    None _____

14. a.  Does the defendant have a record of prior convictions?
        Yes ( )  No ( )  Omitted (X)
    b.  If yes, list the offenses, the dates of the offenses and
        the sentences imposed:

        Offense          Date              Sentence
    1.  Omitted as prejudicial _____
    2.  _____
    3.  _____

15. Was the defendant a resident of the community where the homicide occurred? Yes (X) No ( )

16. Noteworthy physical or mental characteristics or disabilities of defendant:
    intermittent explosive disorder, depression (severe)

17. Other significant data about the defendant:
    _____
    _____

    C. DATA CONCERNING VICTIM, CO-DEFENDANTS AND ACCOMPLICES

1. Age of victim  30

2. Race of victim  Caucasian

3. Sex of victim  female

4. Describe the relationship between the defendant and the victim (e.g. family member, employer, friend, etc.):
   estranged wife

5. Was the victim a resident of the community where the homicide occurred? Yes (X) No ( )

6. Was the victim held hostage during the crime?
   ____  Yes - Less than one (1) hour
   ____  Yes - More than one (1) hour
    X    No

   If yes, give details: _____

7. a. Describe the physical harm and/or injuries inflicted on the victim:
      severe beating (at least 83 individual blows possible weapons); the victim was also strangled and thrown into a pool to drown.
   b. If the victim was tortured, state the nature of the torture:  methodical beating to selected targets on the body, strangled and part of the purpose of the drowning was to terrorize the victim according to statements of the defendant.

8. Co-Defendants:
   a. Were there any co-defendants in the trial?
      Yes ( ) No (X)
   b. If yes, what conviction and sentence were imposed on the co-defendants?

   c. Nature of the co-defendants role in offense: _____

   d. Any further comments concerning co-defendants: _____

9. Other Accomplices:
   a. Were there any persons not tried as co-defendants who the evidence showed participated in the commission of the offense with the defendant? Yes ( ) No (X)

   b. If yes, state the nature of their participation, whether any criminal charges have been filed against such persons as a result of their participation and the disposition of such charges, if known: _____

   c. Did the accomplice(s) testify at the defendant's trial? Yes ( ) No ( )

### D.  REPRESENTATION OF DEFENDANT

1. How many attorneys represented defendant? __2__
   [If more than one counsel served, answer the following questions as to each counsel and attached a copy for each to this report.]

2. Name of counsel: Jesse H. Ford, III and Clayton F. Mayo

3. Date counsel secured: 02/09/96

4. How was counsel secured: A. Retained by defendant  ( )
                            B. Appointed by court     (X)
                            C. Public defender        ( )

5. If counsel was appointed by court, was it because:
   A. Defendant was unable to afford counsel?  ( )
   B. Defendant refused to secure counsel?     ( )
   C. Other (explain) Defendant had "fired" two (2) previous set of attorneys.

6. How many years has counsel practiced law?  A. 0 to 5    ( )
                                              B. 5 to 10   (X) CFM
                                              C. over 10   (X) JHF

7. What is the nature of counsel's practice?
   A. Mostly civil    ( )
   B. General         (X) JHF
   C. Mostly criminal (X) CFM

8. Did counsel serve throughout the trial? Yes (X) No ( )

9. If not, explain in detail. _____

10. Other significant data about defense representation. Mr. Mayo had been counsel of record in other death penalty cases.  Mr. Ford is an experienced criminal trial attorney and has been counsel of record on one death penalty case.

E. GENERAL CONSIDERATIONS

1. What percentage of the population of the county where the trial was held in the same race as the defendant?
   a.   Under 10%       ( )
   b.   10% to 25%      ( )
   c.   25% to 50%      ( )
   d.   50% to 75%      (X)
   e.   75% to 90%      ( )
   f.   Over 90%        ( )

2. Were members of the defendant's race represented on the jury? Yes (X)  No ( )

   How many of the defendant's race were jurors?   11

3. a. Was a change of venue requested?  Yes (X)  No ( )
   b. If yes, was it granted?  Yes (X)  No ( )

   Reasons for change if granted:
   publicity and size of town (Lexington, Tennessee) where offense occurred.

F. CHRONOLOGY OF CASE

1. Date of offense 07/29/94

2. Date of arrest 07/30/94

3. Date trial began 02/03/97

4. Date sentence imposed 02/05/97

5. Date post-trial motions ruled on 03/20/97

6. Date trial judge's report completed _____

*7. Date received by Supreme Court _____

*8. Date sentence review completed _____

*9. Total elapsed days _____

10. Other _____

*To be completed by Supreme Court.

This report was submitted to the defendant's counsel and to the attorney for the state for such comments as either desired to make concerning its factual accuracy.

|  | | D.A. | Defense Counsel |
|---|---|---|---|
| 1. | Comments are attached | ( ) | ( ) |
| 2. | Had no comments | (X) | (X) |
| 3. | Has not responded | ( ) | ( ) |

I hereby certify that I have completed this report to the best of my ability and that the information herein is accurate and complete.

April 21, 1997
Date

Judge, Whit S. LaFon
Court of Madison County
Judicial District 26th

IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE

STATE OF TENNESSEE,      )
                         )
VS.                      )        No. 96-589
                         )
JON HALL,                )

— mistake —

DEFENDANT'S MITIGATING CIRCUMSTANCES

Tennessee law provides that in arriving at the punishment, the jury shall consider as previously indicated, any mitigating circumstances which shall include, but are not limited to, the following:

(1)  The murder was committed while the defendant was under the influence of extreme mental or emotional disturbance.

(2)  The capacity of the defendant to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law was substantially impaired as a result of mental disease or defect or intoxication which was insufficient to establish a defense to the crime but which substantially affected his judgment.

(3)  The defendant was a good worker and employee.

(4)  The defendant surrendered to the authorities peacefully and without resistance.

(5)  The defendant cooperated fully with police investigators.

(6)  The defendant has acknowledged and never denied his responsibility for this crime.

(7)  The crimes committed were out of character for this defendant.

(8)  The defendant has no significant history of prior criminal activity.

(9)  That the defendant's judgment was substantially impaired due to the extreme violence he witnesses his father commit upon his mother.

(10) That defendant was a caring and nurturing father who loves his children and took special care of defendant's youngest daughter, who has cerebral palsy.

(11) That defendant ~~showed~~ showed remorse over the crime.

(12) Any other mitigating factor which is raised by the
evidence produced by either the prosecution or defense at
either the guilt or sentencing hearing; that is, you
shall consider any aspect of the defendant's character or
record, or any aspect of the circumstances of the offense
favorable to the defendant which is supported by the
evidence.

The defendant does not have the burden of proving a mitigating
circumstance.    If there is some evidence that a mitigating
circumstance exists, then the burden of proof is upon the state to
prove, beyond a reasonable doubt, that the mitigating circumstance
does not exist.

There is no requirement of jury unanimity as to any particular
mitigating circumstance, or that you agree on the same mitigating
circumstance.

Dated, this the ___4th___ day of February, 1997.

                              Respectfully submitted,


                              _____
                              JESSE H. FORD, III   009775


                              _____
                              CLAYTON F. MAYO

                              Attorneys for Defendant
                              P. O. Box 1625
                              Jackson, TN  38302-1625
                              (901) 422-1375

                       CERTIFICATE OF SERVICE

     I hereby certify that a true and exact copy of the foregoing
was served on Mr. Al Earls, Assistant District Attorney, P. O. Box
2825, Jackson, Tennessee 38302 by mailing the same with sufficient
postage to insure proper delivery this the ___7th___ day of February,
1997.


                              _____
                              JESSE H. FORD, III

IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE

STATE OF TENNESSEE, )

VS. )                                    No. 96-589

JON HALL, )

NOTICE OF APPEAL

Notice is hereby given that JON HALL, Petitioner in the above cause, hereby appeals to the Court of Criminal Appeals from the final judgement entered in this action on the 27th day of March, 1997.

Dated, this the 25th day of April, 1997.

Respectfully submitted,

JESSE H. FORD, III   009775

CLAYTON F. MAYO

Attorneys for Defendant
P. O. Box 1625
Jackson, TN  38302-1625
(901) 422-1375

CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was served on Mr. Al Earls, Assistant District Attorney, P. O. Box 2825, Jackson, Tennessee 38302 by mailing the same with sufficient postage to insure proper delivery this the 25th day of April, 1997.

JESSE H. FORD, III

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

STATE OF TENNESSEE,              )       96-589
                                 )
        Appellee,                )    C. C. A. NO. 02C01-9703-CC-00095
                                 )
vs.                              )    MADISON COUNTY
                                 )
JON HALL,                        )
                                 )
        Appellant.               )

**FILED**
APR 29 1997
JOE JEFFREY, CIRCUIT COURT CLERK
BY ___ DEPUTY CLERK
A.M. ___

**FILED**
APR 28 1997
Clerk of the Courts
Rec'd By___

O R D E R

This matter is before the Court upon the appellant's pro se application for
an extraordinary appeal pursuant to T.R.A.P. 10. Specifically, the appellant contends
that the trial court improperly denied trial counsel's motion to withdraw from further
representation following the conclusion of the proceedings below. The appellant,
however, has failed to include a copy of the motion filed by trial counsel or any order
entered by the trial court.

Having reviewed the appellant's application, we find that the appellant
has failed to satisfy the requirements for consideration under T.R.A.P. 10. IT IS,
THEREFORE, ORDERED that the appellant's application for an extraordinary appeal is
denied.

Enter, this the 28 day of April, 1997.

_____
PAUL G. SUMMERS, JUDGE

_____
DAVID G. HAYES, JUDGE

_____
JOE G. RILEY, JUDGE

I, Cecil Crowson, Jr., Clerk hereby certify that
this is a true and exact copy of the original
Order
file in the cause.
This ___ day of April, 1997.
___ CLERK OF COURT
By ___ D.C.

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

STATE OF TENNESSEE,                     )
                                        )
        Appellee,     **FILED**         )    C. C. A. NO. 02C01-9703-CC-00095
                                        )
vs.                   MAY 21 1997       )    MADISON COUNTY    96-589
                                        )
JON HALL,        JOE GAFFNEY, CIRCUIT COURT CLERK    )
                      DEPUTY CLERK      )    ┌──────────────────────┐
        Appellant.                      )    │  **FILED**           │
                                        )    │  MAY 20 1997         │
                  O R D E R             │  Clerk of the Courts │
                                        │  Rec'd By_____ │
                                        └──────────────────────┘

        On April 28, 1997, this Court entered an order denying the appellant's pro

se application for an extraordinary appeal. The appellant has now filed a petition

requesting the Court to reconsider its previous order. Having reviewed the petition,

and finding that the same is not well-taken, it is hereby ORDERED that the appellant's

pro se petition to rehear is denied.


        The appellant also seeks the appointment of counsel. The appellate

record, however, has not yet been filed with the Court. Accordingly, there is nothing

before this Court indicating that the appellant has been declared indigent. Finding that

the appellate record has not been filed with the Clerk of this Court and finding that

determinations as to whether the appellant should be allowed to proceed as a poor

person and receive appointment of counsel should be made by the trial court, see

T.R.A.P. 18, it is, FURTHER ORDERED that the appellant's request for appointment of

counsel is also denied.


        Enter, this the 20 day of May, 1997.


                                    _____
                                    PAUL G. SUMMERS, JUDGE


                                    _____
                                    DAVID G. HAYES, JUDGE


                                    _____
                                    JOE G. RILEY, JUDGE

I, Cecil Crowson, Jr., Clerk ___
this is a true and exact copy of the original
file in the cause.
This ___ day of ___ 19 ___
      CLERK OF COURT
By _____ D.C.

IN THE CIRCUIT COURT OF ~~Hardeman~~ Madison COUNTY, TENNESSEE
DIVISION I

STATE OF TENNESSEE,                )
                                   )
        Plaintiff,                 )                    **FILED**
                                   )
VS.                                )   NO. 96-589       MAY 2 9 1997
                                   )
JON HALL,                          )                    JOE GAFFNEY, CIRCUIT COURT CLERK
                                   )                    _____ DEPUTY CLERK
        Defendant.                 )                    _____ A.M.

MOTION TO DECLARE DEFENDANT INDIGENT
AS TO FINES AND COURT COSTS

Comes your Defendant, JON HALL, by and through his attorneys of record, Jesse H. Ford, III, and Clayton F. Mayo, and hereby moves this Honorable Court to declare him indigent as to the court costs and fines in this cause for the following reasons:

1.    That the Court make a finding that Defendant was indigent and appointed our office to represent Defendant;

2.    That Defendant was convicted of First Degree Murder on February 3, 1997;

3.    That Defendant was sentenced to death on this First Degree Murder conviction;

4.    That Defendant will never be released and does not posses the ability to pay the court costs and fines in this cause.

BASED UPON THE FOREGOING, Defendant respectfully requests this Court grant an Order declaring him indigent as to any court costs and fines in this matter.

DATED this the 29th day of May, 1997.

Respectfully submitted,

JESSE H. FORD, III
Attorney for Defendant
618 N. Highland Avenue
P.O. Box 1625
Jackson, TN  38302-1625
(901) 422-1375


CLAYTON F. MAYO
Attorney for Defendant
618 N. Highland Avenue
P.O. Box 1625
Jackson, TN  38302-1625
(901) 422-1375

CERTIFICATE OF SERVICE

I hereby certify that I have either mailed or personally delivered a true copy of the foregoing to Mr. Al Earls, Assistant District Attorney, P.O. Box 2825, Jackson, TN  38302, this the ___ day of _____, 1997.

_____
JESSE H. FORD, III

IN THE CIRCUIT COURT OF ~~HENDERSON~~ Madison COUNTY, TENNESSEE
DIVISION I

FILED

MAY 30 1997

JOE ~~~~, CIRCUIT COURT CLERK

_____ DEPUTY CLERK
A.M.

STATE OF TENNESSEE,    )
                       )
    Plaintiff,         )
                       )
VS.                    )    NO. 96-589
                       )
JON HALL,              )
                       )
    Defendant.         )

ORDER TO DECLARE DEFENDANT INDIGENT
AS TO FINES AND COURT COSTS

This cause came to be heard this the _____ day of _____, 1997, before the Honorable Whit LaFon, upon Defendant's Motion to Declare Defendant Indigent as to Fines and Court Costs, and it appearing to the Court that Motion is well taken, and,

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that Defendant is declared indigent as to all fines and court costs in this matter.

ENTER this the 30 day of _____May_____, 1997.

_____
HONORABLE WHIT LAFON
Circuit Court Judge

APPROVED FOR ENTRY:

_____
JESSE H. FORD, III
Attorney for Defendant

_____
CLAYTON F. MAYO
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that I have either mailed or personally delivered a true copy of the foregoing to Mr. Al Earls, Assistant District Attorney, P.O. Box 2825, Jackson, TN 38302, this the 27 day of _____M_____, 1997.

_____
JESSE H. FORD, III

IN THE CIRCUIT COURT ~~FILED~~ MADISON COUNTY, TENNESSEE

STATE OF TENNESSEE,          )

VS.                          JUN 18 1997          No. 96-589

JON HALL,                    JOE GAFFNEY, CIRCUIT COURT CLERK
                             DEPUTY CLERK

ORDER GRANTING STAY OF EXECUTION

Upon motion of the Defendant, and for good cause shown;

IT IS ORDERED that the sentence in this cause be stayed pending disposition of the sentence review as provided by law.

ENTER, this the ___13___ day of _____ , 1997.

_____
WHIT S. LAFON, Circuit Judge

APPROVE FOR ENTRY:

_____
AL EARLS
Assistant District Attorney
P. O. Box 2825
Jackson, TN  38302

_____
CLAYTON F. MAYO
Attorney for Defendant
P. O. Box 1625
Jackson, TN  38302

_____
JESSE H. FORD, III     009775
Attorney for Defendant
P. O. Box 1625
Jackson, TN  38302

CERTIFICATE AND SEAL

STATE OF TENNESSEE

COUNTY OF MADISON

      I, Joe Gaffney, Clerk of the Circuit Court for the County of Madison, in the State aforesaid, do certify that the foregoing is a correct transcript of the record and proceedings had in said Court in the case heretofore prosecuted and determined therein between STATE OF TENNESSEE, APPELLEE/APPELLANT, and JON DOUGLAS HALL, APPELLEE/ APPELLANT, as same remains of record in said Court.

      IN TESTIMONY WHEREOF, I hereunto subscribe my name and affix the seal of said office, in Jackson, the 6th day of August in the year of One Thousand Nine Hundred Ninety-Seven in the 221st year of American Independence.

JOE GAFFNEY, CIRCUIT COURT CLERK