ORIGINAL

IN THE CRIMINAL COURT OF APPEALS
AT JACKSON

FILED
MAR 22 1999
Clerk of the Courts
Rec'd By _____

| | |
|---|---|
| STATE OF TENNESSEE, | ) |
| Appellee, | ) |
| v. | ) Cause No. 02S01-9805-CC-00048 |
| JON DOUGLAS HALL, | ) |
| Appellant. | ) |

---

## SUPPLEMENTAL REPLY BRIEF OF THE APPELLANT, JON DOUGLAS HALL

---

C. MARK DONAHOE
SPRAGINS, BARNETT, COBB & BUTLER, PLC
ATTORNEY FOR APPELLANT
312 E. LAFAYETTE STREET
P.O. BOX 2004
JACKSON, TENNESSEE, 38302-2004
(901) 424-0461

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF THE CASE AND FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT ON ASSIGNMENT OF ERROR NO. 1 . . . . . . . . . . . . . . . . . . . . . . . 2, 3

    **1.    THE EVIDENCE FAILS TO SUPPORT THE FINDING OF THE JURY THAT JON DOUGLAS HALL COMMITTED FIRST DEGREE PREMEDITATED MURDER.**

ARGUMENT ON ASSIGNMENT OF ERROR NOS. 2 and 3 . . . . . . . . . . . . . . . . . . 4, 5, 6

    **2.    THE TRIAL COURT COMMITTED IRREVERSIBLE ERROR WHEN IT ALLOWED HORRIFYING AND GRUESOME PHOTOGRAPHS TO BE INTRODUCED INTO EVIDENCE AT THE PUNISHMENT PHASE.**

    **3.    THE EVIDENCE PRESENTED DURING THE PENALTY PHASE WAS INSUFFICIENT TO SUPPORT THE AGGRAVATING CIRCUMSTANCE THAT THE MURDER WAS HEINOUS, ATROCIOUS, OR CRUEL WITHIN THE MEANING OF TENNESSEE CODE ANNOTATED §39-13-204(i)(5).**

ARGUMENT ON ASSIGNMENT OF ERROR NO. 4 . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

    **4.    THE SENTENCE OF DEATH WAS EXCESSIVE AND DISPROPORTIONATE TO THE PENALTY IMPOSED IN SIMILAR CASES, CONSIDERING BOTH THE NATURE OF THE CRIME AND THE DEFENDANT.**

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

**CASES**

State v. Banks
    564 S.W.2d 947 ................................................. 4

State v. Brown
    836 S.W.2d 542 ................................................. 5

State v. Cooper
    718 S.W. 2d 256 (Tenn. 1986) .................................. 7

State v. Duncan
    698 S.W. 2d 63, 69 (Tenn. 1985) ............................... 5

State v. Hall
    958 S.W.2d 693 (Tenn. 1997) ................................... 7

State v. Johnson
    743 S.W.2d 154 ................................................. 7

State v. Odom
    928 S.W.2d 18 (Tenn. 1996) ................................... 7, 8

State v. O'Guinn
    709 S.W. 2d 561 ................................................. 7

State v. Smith
    868 S.W.2d 579 ................................................. 5

**STATUTES**

Tennessee Code Annotated §39-13-204(i)(5) ............................ 4

## STATEMENT OF THE ISSUES TO BE PRESENTED

The Appellant stands on his previously submitted Statement of the Issues, Statement of the Case and Statement of the Facts.

1

## ARGUMENT ON ASSIGNMENT OF ERROR NO. 1

1.  **THE EVIDENCE FAILS TO SUPPORT THE FINDING OF THE JURY THAT JON DOUGLAS HALL COMMITTED FIRST DEGREE PREMEDITATED MURDER.**

As previously argued, Hall takes the position that the State failed to prove beyond a reasonable doubt all the essential elements of the crime. Primarily, the proof lacks the requisite premeditation and deliberation necessary to support a first degree murder conviction.

The State, attempting to rely on something other than circumstantial evidence which cannot alone establish the mental state of first degree murder, relies heavily upon testimony of prisoner, John Dutton. It is interesting to note that although Dutton supposedly describes Hall's statements and state of mind prior to going to his wife's house, there is never a mention that he intended to kill his wife, that he would strangle her or drown her or anything else. These circumstantial statements introduced by the State from inmate Dutton can also be easily interpreted that he did not intend to kill his wife but would legally take steps to take away her home and children as she had from him.

Since proof in a circumstantial evidence situation requires the exclusion of no other reasonable hypothesis in the dependence on Dutton's testimony cannot support the requisite premeditation and deliberation necessary to support the conviction. The statements supposedly made to Dutton were made after the crime, in incarceration, in an environment in which it sometimes becomes necessary to make unfounded claims for survival sake.

No evidence exists that statements of the type which Dutton claims Hall made to him were made to anyone prior to the crime. The fact that no evidence exists of any prior intent to kill and no evidence of any weapon being taken to the home or purchased by Hall indicates clearly that this was not a planned, dispassionate intent to kill and that no "careful weighing" of the event occurred. It is interesting to note that the State wants to use the part of Dutton's testimony where he claims

2

that Hall told him that if his wife was not receptive to reconciliation he "wanted to make her feel as he did, wanted her to suffer as he did, feel the helplessness that he was feeling because she took his world away from him," but make light of the fact that Hall went with his child support money and carried no weapon. If the statements to Dutton are to be believed about what Hall said about making his wife suffer, they are also to be believed that he did not go there intending to kill his wife and did not take any weapons. The State is not allowed to pick and choose the parts of Dutton's testimony that they believe helps them and disregard the rest of the testimony.

Additionally, along this same vein, the State wants us to believe Dutton when he says that Hall told him he wanted to make his wife feel as he did but they want to disregard the statements Hall made about being intoxicated at the time. Once again, if Dutton is to be believed about what Hall told him about reconciliation and that he wanted to make her feel as he did, then he must also be believed that Hall was intoxicated at the time of the crime. Once again, Dutton makes no mention that Hall told him that he would strangle his wife or drown his wife or that he even knew that there was a pool on the premises. Voluntary intoxication, which is the only direct evidence in the record along with Dr. Zager's testimony, establish that Hall did not have or could not form a culpable mental state to support a first degree murder conviction.

3

## ARGUMENT ON ASSIGNMENT OF ERROR NO. 2 and 3

2. **THE TRIAL COURT COMMITTED IRREVERSIBLE ERROR WHEN IT ALLOWED HORRIFYING AND GRUESOME PHOTOGRAPHS TO BE INTRODUCED INTO EVIDENCE AT THE PUNISHMENT PHASE.**

3. **THE EVIDENCE PRESENTED DURING THE PENALTY PHASE WAS INSUFFICIENT TO SUPPORT THE AGGRAVATING CIRCUMSTANCE THAT THE MURDER WAS HEINOUS, ATROCIOUS, OR CRUEL WITHIN THE MEANING OF TENNESSEE CODE ANNOTATED §39-13-204(i)(5).**

The State relied on the heinous, atrocious and cruel aggravating factor to support the death penalty in the sentencing phase of this case. The heinous, atrocious and cruel aggravator requires "torture or serious physical abuse beyond that necessary to cause death." There is no issue here that the blows supposedly sustained by Ms. Hall during the incident did not and would not have caused her death.

The State in the guilt phase at the trial had painstakingly established all the blows purportedly sustained by the victim by having the medical examiner illustrate on a mannequin with a magic marker to the point that the mannequin was almost completely covered. The admission of additional autopsy photos were not only not relevant but were redundant after the testimony of the medical examiner with regard to the mannequin illustration.

In State v. Banks, 564 S.W. 2d 947, the Court required the State to exclude any photos which would be redundant. In the incident situation, the photos, not of the body at the crime scene, but gruesome autopsy photographs, were redundant based on the prior testimony and their prejudice clearly outweighed any probative value the photos had. Where medical testimony

4

adequately describes the degree or the extent of any injury, graphic photographs should not be admitted. State v. Duncan, 698 S.W. 2d 63, 69 (Tenn. 1985).

The State argues in State v. Smith, 868 S.W. 2d 579, that the Smith court allowed gruesome photographs which illustrated the mistreatment suffered by the victim.

The State is misplaced in its argument that the Smith case is similar to the case at hand. In Smith, the Court allowed the admission of two photographs during the guilt phase of trial because they illustrated the testimony of the medical examiner. There had been no prior illustrations for the jury by the medical examiner as we have in this case. Further in Smith, that was not a beating case but was knife wounds and stab wounds which were relevant to show the heinous, atrocious and cruel aggravating factor of torture. As we have previously argued here, the photographs of the supposed blows to Ms. Hall were not the cause of death nor would they have caused death. The only reason for the admission of these photos at this time could be for the inflammation of the jury.

The State is once again misplaced when it says that Hall did not contend that the photographs were irrelevant to the (i)(5) aggravating circumstance. That is exactly the basis of the argument here in addition to the evidence being cumulative and unfairly prejudicial. The Court in State v. Brown, 836 S.W. 2d 542 held that repeated blows inflicted on the victim is not sufficient, by itself, to establish premeditation and deliberation for a first degree murder conviction. Blows themselves when not the cause of death, are not only not relevant to the (i)(5) aggravating circumstance, but cannot be used to support the aggravating factor for the death penalty.

The State makes several references to what they believe are factors to support the (i)(5) aggravater. They make several references and inferences but cannot point to any proof in the record. The State makes reference to signs of drowning. However, Dr. Smith could only say that drowning may have contributed to Ms. Hall's death by asphyxiation. (R.289-290, 307). (emphasis

5

added). No evidence was introduced by the State that the strangulation occurred inside the pool and no evidence exists to prove whether or not Ms. Hall was conscious at the time. No evidence exists that she was conscious when some or all of the blows were inflicted and whether or not she was conscious at the time she was supposedly strangled. Even an unconscious person will breath involuntarily and it is just as reasonable to believe that Mr. Hall may have stopped his attack on his wife prior to her death and left, believing that she would be able to recover. The record does not support the jury's determination that the State proved aggravating circumstance (i)(5) beyond a reasonable doubt.

## ARGUMENT ON ASSIGNMENT OF ERROR NO. 4

4. **THE SENTENCE OF DEATH WAS EXCESSIVE AND DISPROPORTIONATE TO THE PENALTY IMPOSED IN SIMILAR CASES, CONSIDERING BOTH THE NATURE OF THE CRIME AND THE DEFENDANT.**

The State in its proportionality review argument cites several cases as being similar. The State is misplaced in its argument. The State cites, State v. Hall, 958 S.W. 2d 693 (Tenn. 1997). In the Hall case, the defendant had harassed the victim for weeks, set the victim's vehicle on fire twice, and the murder was actually committed by the defendant throwing a gasoline bomb on the victim. No weapon was used in the instant case.

In State v. Johnson, 743 S.W. 2d 154, there was a co-defendant who potentially participated in the murder and the defendant assisted in the removal of the body and in an elaborate cover-up. There was also testimony that the victim was conscious during the terrifying ordeal and from one to four minutes would have elapsed before she expired. There is no such testimony in the instant case.

The State goes on to cite State v. Cooper, 718 S.W. 2d 256 (Tenn. 1986), but in Cooper, the defendant during the several weeks preceding the homicide, harassed, threatened, and intimated his wife, threatened his wife's life prior to the incident and purchased a weapon, a shotgun, and proceeded to shoot the victim four times in the back with the shotgun. Again, Jon Hall at no time ever used a weapon, armed himself with a weapon, or purchased a weapon. Hall never threatened his wife prior to the incident.

The State then cites State v. O'Guinn, 709 S.W. 2d 561. In O'Guinn, however, the victim had additional injuries from a weapon, that being a tire tool.

In State v. Odom, 928 S.W. 2d 18 (Tenn. 1996), the Court held that although Odham was committing a rape of the victim and stabbed the victim multiple times, including penetrating wounds

7

to the heart, lung and liver, that this did not constitute enough to support (i)(5).  The Odom Court held that "the aggravating circumstance under review must be reserved for application only to those cases, which ... can be articulately determined to be the very worst of the worst."  Odom at 27-28.

8

## CONCLUSION

For these reasons and the reasons argued in the Appellant's original Brief, the Court should reverse the trial court and the Court of Criminal Appeals.

                              Respectfully submitted,

                              SPRAGINS, BARNETT, COBB & BUTLER, PLC

                              By _C Mark Donahoe_
                              C. MARK DONAHOE, BPR#14049
                              Attorney for Appellant, Jon Hall
                              P.O. Box 2004
                              Jackson, TN 38302-2004
                              (901) 424-0461

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing has been served on:

Mr. Paul G. Summers
Attorney General
Criminal Justice Division
425 5th Avenue North
Cordell Hull Building - 2nd Floor
Nashville, TN 37243-0493

by depositing same in the U.S. Mail, postage prepaid, addressed as shown above on the 22nd day of March, 1999.

_C. Mark Donahoe_
C. MARK DONAHOE

10