IN THE SUPREME COURT OF APPEALS
AT JACKSON

STATE OF TENNESSEE, )
 )
    Appellee, )
 )
v. ) Cause No. W1997-00023-SC-DDT-DD
 )
JON DOUGLAS HALL, )
 )
    Appellant. )

FILED
NOV 24 1999
Clerk of the Courts
Rec'd By

## PETITION TO REHEAR

    Comes now the Defendant, through counsel, and would Petition the Court for a rehearing of this case. In support of his Petition for Rehearing, Defendant would state as follows:

I.

    The Court indicates in footnote 1 that the issue regarding the use of the mannequin as demonstrative evidence was raised for the first time in oral argument. Defendant would submit to the Court that use of the mannequin was objected to and noted in Defendant's Brief involving the Assignment of Error concerning gruesome photographs which were introduced into evidence after the mannequin. Defendant indicated within his argument that the introduction of both the photographs and the mannequin were unnecessarily cumulative. Whereas all Courts have relied upon the fact that the beating supposedly inflicted upon the victim by the Defendant was the basis for the heinous, atrocious, and cruel aggravating factor and for an element to establish premeditation on behalf of the Defendant, it would be appropriate for this Court to entertain the objection as to whether or not the mannequin should have been admitted as demonstrative evidence in the trial court.

    Defendant urges the Court to re-examine this issue and to render a substantive ruling with regard to said issue. The fact that this is the ultimate penalty and that the ultimate penalty has

been prescribed in this case would entitle the Defendant to the Court's review of every single arguable point and to issue a ruling thereon.

Additionally in footnote 1, the Court deemed as waived counsel's argument that the Court had erred during the guilt phase in giving the wrong jury instruction on the intoxication defense. The issue surrounding this incorrect instruction by the Court on what was an essential element of the defense of the case would give rise to an error which lies at the fundamental nature of our jury trial system. What the judge essentially has done is to instruct the jury that the defense presented by the Defendant was irrelevant. This denied the Defendant the ability to properly have his case heard and compromised the fundamental basis of our jury trial system. Defendant would urge the Court to re-examine, fully address, and rule upon the issue raised involving the erroneous instruction with regard to the Defendant's culpable mental state.

Next, in the Court's holding on page 14 regarding the evidence underlying the (i)(5) aggravating circumstance, the Court held that the extent and severity of the beating in this case supported a finding of physical torture or serious physical abuse beyond that necessary to produce death due to the pain that Ms. Hall suffered before she finally died. Defendant would respectfully urge the Court to reconsider this finding in that there was significant testimony in the record from the State's witnesses, particularly the doctor conducting the autopsy, wherein it was stated very clearly that the blows inflicted upon the victim did not cause death. Defendant would respectfully submit that the beating referenced in the Court's opinion according to the State's own witnesses would not support a finding of physical torture or serious physical abuse beyond that necessary to produce death. Defendant would urge the Court to reconsider this very important issue.

The Defendant requests that the Court re-examine the denial of the right to testify issue, based on the Court's recent Opinion in <u>Momon v. State</u>, filed November 15, 1999, requiring examination of a Defendant by his counsel on the record (copy of the Opinion is attached).

2

Additionally, Defendant requests that the Court re-examine this issue based on the fact that on page 18 of the Court's Opinion, the Court expresses the Opinion that the Defendant did not file any motion during the guilt or sentencing phase expressly requesting removal of the flag so that he could exercise his right to testify. The Defendant would submit that he did file a motion requesting the removal of the flag at the guilt phase and pretrial phase and is reflected in the transcript at p. 348, lines 18 through 24 and p. 435, line 1 through 25. Defendant would respectfully urge the Court to allow a rehearing on this issue based on the above.

Based on the foregoing, Defendant would request that the Court rehear the issues presented in the Defendant's Brief and at oral argument, particularly the issues cited herein.

Respectfully submitted,

SPRAGINS, BARNETT, COBB & BUTLER, PLC

By C. Mark Donahoe by KB
C. MARK DONAHOE, BPR#14049
Attorney for Appellant, Jon Hall
P.O. Box 2004
Jackson, TN 38302-2004
(901) 424-0461

3

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true copy of the foregoing has been served on:

Mr. Paul G. Summers
Attorney General
Criminal Justice Division
425 5th Avenue North
Cordell Hull Building - 2nd Floor
Nashville, TN 37243-0493

by depositing same in the U.S. Mail, postage prepaid, addressed as shown above on the 24TH day of NOVEMBER, 1999.

C. MARK DONAHOE

4